IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MUROLET, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>SCHINDLER GROUP, AG,<br><br>                    Defendant. | Case No. 6:20-cv-01011<br><br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Murolet, LLC ("Murolet"), by and through its undersigned counsel, files this Complaint against Defendant Schindler Group, AG ("Schindler") for patent infringement of United States Patent Nos. 8,162,109; 8,172,044; 8,196,711; 8,286,755; and 8,316,997 (the "patents-in-suit") and alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2.       Plaintiff Murolet is a corporation organized under laws of the Commonwealth of Pennsylvania.

3.      On information and belief, Defendant Schindler is a foreign corporation duly organized and incorporated under the laws of Switzerland, with its principal place of business at Zugerstrasse 13 6030 Ebikon Switzerland.

4.      Upon information and belief, Schindler designs, manufactures, sells, offers for sale, imports, distributes, advertises, and/or otherwise promotes the accused infringing products in the United States, the State of Texas, and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      Schindler is subject to this Court's personal jurisdiction, in accordance with due process and/or the Texas Long Arm Statute because, in part, the Defendant "commits a tort in whole or in part in this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

7.      This Court has personal jurisdiction over Schindler because, *inter alia*, Schindler (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a). In particular, on information and belief, Schindler uses, sells, offers for sale, imports, advertises, and/or otherwise promotes infringing products in the United States, the State of Texas, and this judicial district.

8.      On information and belief, Schindler is subject to the Court's jurisdiction because Schindler has sufficient minimum contacts with this forum as a result of

business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over Schindler because, *inter alia*, Schindler, on information and belief, has substantial, continuous, and systematic business contacts in this judicial district, and derives substantial revenue from goods provided to individuals in this judicial district.

9.      Schindler has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

10.      Venue is proper as to Defendant Schindler, which is organized under the laws of Switzerland. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

### THE ASSERTED PATENTS

### United States Patent No. 8,162,109

11.      On April 24, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,162,109 ("the '109 patent") entitled "Elevator system which limits the number of destination call registrations to be allocated to the single car" to inventor Masaaki Amano.

3

12.     The '109 patent is presumed valid under 35 U.S.C. § 282.

13.     Murolet owns all rights, title, and interest in the '109 patent.

14.     Murolet has not granted Schindler a license to the rights under the '109 patent.

## United States Patent No. 8,172,044

15.     On May 8, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,172,044 ("the '044 patent") entitled "Elevator system" to inventor Sakurako Tokura.

16.     The '044 patent is presumed valid under 35 U.S.C. § 282.

17.     Murolet owns all rights, title, and interest in the '044 patent.

18.     Murolet has not granted Schindler a license to the rights under the '044 patent.

## United States Patent No. 8,196,711

19.     On June 12, 2012, the USPTO duly and legally issued United States Patent No. 8,196,711 ("the '711 patent") entitled "Elevator system" to inventor Sakurako Tokura.

20.     The '711 patent is presumed valid under 35 U.S.C. § 282.

21.     Murolet owns all rights, title, and interest in the '711 patent.

22.     Murolet has not granted the Defendants a license to the rights under the '711 patent.

<u>**United States Patent No. 8,286,755**</u>

23.     On October 16, 2012, the USPTO duly and legally issued United States Patent No. 8,286,755 ("the '755 patent") entitled "Group management controller of elevator including limit value setting means for setting a limit value for limiting a count of car calls" to inventors Masaharu Eto, et al.

24.     The '755 patent is presumed valid under 35 U.S.C. § 282.

25.     Murolet owns all rights, title, and interest in the '755 patent.

26.     Murolet has not granted the Defendants a license to the rights under the '755 patent.

<u>**United States Patent No. 8,316,997**</u>

27.     On November 27, 2012, the USPTO duly and legally issued United States Patent No. 8,316,997 ("the '997 patent") entitled "Elevator group control system" to inventors Masayuki Mitsuda, et al.

28.     The '997 patent is presumed valid under 35 U.S.C. § 282.

29.     Murolet owns all rights, title, and interest in the '997 patent.

30.     Murolet has not granted the Defendants a license to the rights under the '997 patent.

<u>**CLAIMS FOR RELIEF**</u>

<u>**Count I – Infringement of United States Patent No. 8,162,109**</u>

31.     Murolet repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

32.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '109 patent.

33.     On information and belief, Schindler provides an elevator system comprising a plurality of elevator cars.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators/schindler-7000/_jcr_content/contentPar/downloadlist/downloadList/35_1367592516058.download.asset.35_1367592516058/schindler-7000-high-rise-solutions.pdf.

34.     On information and belief, Schindler's elevator systems use the PORT destination control system to provide a plurality of landing destination operating panels on a plurality of stop floors for enabling call registration:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/24_1512491175537.download.asset.24_1512491175537/schindler-modernization-brochure.pdf; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology-key-features.htm.

    35.    On information and belief, the PORT destination operating system is a group supervisory control apparatus for selecting the car responding to the destination call registration. Schindler's PORT technology creates a seamless link to destination-dispatch technology, allowing passengers to select their desired floor number before entering the elevator. Schindler's PORT technology main controller, selects the elevator cars that respond to destination calls that it receives from each PORT pedestal and PORT wall-mounted devices, which are located on each landing floor:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_1512491303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

36.     On information and belief, the PORT destination operating system is a group supervisory device that can limit and organize the number of destination call registrations by grouping both passengers and stops existing in the same direction:



**The PORT Technology**

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147128 7019098.download.asset.8_1471287019098/schindler-port-brochure.pdf. *See also* https://youtu.be/pEjVKK2V3Rw.

37.     On information and belief, Schindler's PORT destination operating system

acts a group supervisory control apparatus, which can count the number

of destination call registrations for the stop floors existing in the same direction that was

made from the several PORT pedestal or PORT wall-mounted devices on the hall floors

of the building. The PORT system groups the destination call registrations to a single

car based on the request that it receives, reducing the number of stops the elevator car

has to make.

38.     On information and belief, Schindler directly infringes at least claims 1 and 3 of the '109 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

39.     On information and belief, Schindler has been on notice of the '109 patent at least as early as the filing and service of the Complaint in this action.

40.     On information and belief, at least since its post-filing knowledge of the '109 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '109 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

41.     On information and belief, at least since its post-filing knowledge of the '109 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

42.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

43.     On information and belief, Schindler's customers directly infringe at least claims 1 and 3 of the '109 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

44.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '109 patent, indirectly infringing and continues to indirectly infringe at least claims 1 and 3 of the '109 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

45.      Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

## Count II – Infringement of United States Patent No. 8,172,044

46.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

47.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '044 patent

48.     On information and belief, Schindler provides elevators equipped with the PORT destination control system that performs group supervisory control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

49.     On information and belief, Schindler's PORT system acts as car call registration devices (using PORT pedestals and PORT wall-mounted devices) which are

used by passengers that are entering the elevator area to register their request on the unit:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147128 7019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

50.     On information and belief, the PORT destination operating system has a building specification data storage section in which building specification data is stored.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_151249 1303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

51.     On information and belief, the PORT destination operating system has

a floor judgment section that makes a judgment as to whether or not a departure floor is

a specially-assigned floor:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

52.     On information and belief, Schindler's PORT system has a

traffic condition judgment section that constantly tracks traffic flow and intensity,

identifying journey patterns and peak periods, to respond to passenger demand.

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

53.     On information and belief, Schindler's PORT system has an assignment control section that performs assignment of the car on the basis of results of the traffic condition judgment section.

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

54.     On information and belief, Schindler directly infringes at least claim 1 of the '044 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Schindler 7000 and PORT destination selection system and technology.

55.     On information and belief, Schindler has been on notice of the '044 patent at least as early as the filing and service of the Complaint in this action.

56.     On information and belief, at least since its post-filing knowledge of the '044 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '044 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-technology.html.

57.     On information and belief, at least since its post-filing knowledge of the

'044 patent, Schindler knows that the acts it induced customers to take constitute patent

infringement and Schindler's encouraging acts result in direct infringement by

customers.

58.     On information and belief, Schindler instructs and continues to instruct

customers to use the PORT system including, without limitation, through Schindler's

placement of the elevator systems using the PORT technology in buildings throughout

this judicial district.

59.     On information and belief, Schindler's customers directly infringe at least

claim 1 of the '044 patent, in violation of 35 U.S.C. § 271(a), through their use of the

Schindler elevator and PORT systems.

60.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '044 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '044 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

61.      Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

### Count III – Infringement of United States Patent No. 8,196,711

62.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

63.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '711 patent.

64.     On information and belief, Schindler's PORT technology that performs group management control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

65.     On information and belief, Schindler's elevator systems use the PORT

system allows a change in the maximum speed or acceleration of the elevator cars

according to car load or moving distance of the cars:



*See*
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *see also*
https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also*
https://youtu.be/pEjVKK2V3Rw.

66.     On information and belief, Schindler's elevator systems use the PORT system which has destination floor registration units that register destination floors according to a call into the call registration device:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

67.     On information and belief, Schindler's elevator systems use the PORT system which has an assignment control unit which includes a prediction time calculation unit:




With The PORT Technology by Schindler, the Personal Transit Management system, the travelers' only requirement is to simply communicate their identity and required destination at a PORT Terminal. The PORT Technology takes care of the rest by planning and executing a seamless journey using an optimal route designed to take the shortest possible time to complete. To achieve this, Schindler has developed unique ways of communicating with building occupants, which take the human interface to an entirely new level.

The PORT Technology can even anticipate needs before they are communicated, the ultimate skill of the experienced personal assistant. And ultimately, that's the key to the service that the PORT Technology provides. During day-to-day business and even during emergencies, the PORT Technology is there to make the complex business of moving from one location to another in a modern building hassle-free for the individual and – in doing so – extremely efficient for everyone.

*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ;
https://youtu.be/pEjVKK2V3Rw;
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf;
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ.

68.    On information and belief, the PORT destination operating system

uses estimated time of dispatch and calculates a change of the moving distance of each

elevator car after the call assignment based on the destination floor and calculates each

floors arrival prediction time and uses speed or acceleration according to a calculated

value of the change of the moving distance:

When a request for service is made to even a comparatively small elevator group of, say 4 elevators serving 15 floors, there are over 7 trillion possible ways of serving that call while fully considering all the other calls currently in the system. In order to find the best one we need to consider them all, and do it in a fraction of a second so we can respond to the user. A seemingly impossible task which is why no-one has ever attempted it.

Except Schindler
We found the secret 10 years ago and have been refining it ever since.
It's reached a whole new level in The PORT Technology.

❯ The PORT Technology is how Schindler does Traffic Management.
❯ The PORT Technology has the most advanced elevator control ever conceived.
❯ The PORT Technology will find the 1 in 7 trillion ride that's right for each user.

Just to put this in perspective, it's like finding one star out of 27 galaxies, every time a call is put into the system. Tough mathematics indeed and producing it has taken Schindler over 30 years of research effort. But it's because every passenger using a PORT-based system knows that the ride they are having is the very best that can be provided by the elevators available in the prevailing traffic. And that means that at all times you can be assured that your elevator system is running at its pinnacle of performance.

*See*

https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *see also* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

69.     On information and belief, Schindler directly infringes at least claim 1 of the '711 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Schindler 7000 and PORT destination selection technology.

70.     On information and belief, Schindler has been on notice of the '711 patent at least as early as the filing and service of the Complaint in this action.

71.     On information and belief, at least since its post-filing knowledge of the '711 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '711 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

72.     On information and belief, at least since its post-filing knowledge of the '711 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

73.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

74.     On information and belief, Schindler's customers directly infringe at least claim 1 of the '711 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

75.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '711 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '711 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

76.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

## Count IV – Infringement of United States Patent No. 8,286,755

77.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

78.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '755 patent.

79.     On information and belief, Schindler provides an elevator system using the PORT destination system and technology that performs group management control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-

technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf.

80.     On information and belief, Schindler's elevators use the PORT system

which has destination floor registration units that register destination floors according

to a call into the call registration device:



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

81.     On information and belief, Schindler's elevator use the PORT system

and have a display device that displays the car that has been assigned the plurality of

car calls. The PORT system consists of inside car door jamb indicators.



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also*
https://youtu.be/pEjVKK2V3Rw.

82.     On information and belief, the PORT destination operating system has a limit value setting means for individually setting, for each of the plurality of floors, a limit value for limiting a count of the plurality of car calls that can be assigned to the same car. The Schindler PORT system and technology collects passenger information, analyzes their requests, gauges traffic demand:

When a request for service is made to even a comparatively small elevator group of, say 4 elevators serving 15 floors, there are over 7 trillion possible ways of serving that call while fully considering all the other calls currently in the system. In order to find the best one we need to consider them all, and do it in a fraction of a second so we can respond to the user. A seemingly impossible task which is why no-one has ever attempted it.

Except Schindler

We found the secret 10 years ago and have been refining it ever since.
It's reached a whole new level in The PORT Technology.

> The PORT Technology is how Schindler does Traffic Management.
> The PORT Technology has the most advanced elevator control ever conceived.
> The PORT Technology will find the 1 in 7 trillion ride that's right for each user.

Just to put this in perspective, it's like finding one star out of 27 galaxies, every time a call is put into the system. Tough mathematics indeed and producing it has taken Schindler over 30 years of research effort. But it's worth it because every passenger using a PORT-based system knows that the ride they are having is the very best that can be provided by the elevators available in the prevailing traffic. And that means that at all times you can be assured that your elevator system is running at its pinnacle of performance.

*See* https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YTU2ODY1OQ; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_154239378024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf https://www.theporttechnology.com/page/systemoperation.html

83.     On information and belief, the PORT destination operating system has a limit value setting means for individually setting, for each of the plurality of floors, a limit value for limiting a count of the plurality of car calls that can be assigned to the same car. The Schindler PORT system and technology main controller software

analyzes all the calls assigned to each car. The new car call is assigned based on the

direction of the existing calls:



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also*
https://www.youtube.com/watch?v=pEjVKK2V3Rw

84.     On information and belief, the PORT destination operating system main

controller software has a candidate car selecting means for comparing the limit value

set to a floor where the new car call is made and the call count of the each car, to

thereby select, as a candidate car, the car to which the new car call can be assigned from

among the car:



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ ; *see also*
https://www.theporttechnology.com/page/theporttechnology.html

85.     On information and belief, Schindler directly infringes at least claim 1 of

the '755 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell,

and selling the Schindler 7000 and PORT destination selection technology.

86.     On information and belief, Schindler has been on notice of the '755 patent at least as early as the filing and service of the Complaint in this action.

87.     On information and belief, at least since its post-filing knowledge of the '755 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '755 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT system and technology.



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-technology.html.

88.     On information and belief, at least since its post-filing knowledge of the '755 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

89.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

90.     On information and belief, Schindler's customers directly infringe at least claim 1 of the '755 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevators and PORT systems.

91.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '755 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '755 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

92.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

### Count V – Infringement of United States Patent No. 8,316,997

93.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

94.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States

that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the

'997 patent

95.     On information and belief, Schindler provides the PORT system, which is

an elevator group control system that controls of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/elevators.html#button.

96.     On information and belief, Schindler's elevators use the PORT technology

which provides destination operating panels (PORT pedestal and PORT wall-mounted

devices) which are used by passengers that are entering the elevator area to register

their request on the unit:



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-

technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *See also*
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-technology.html.

97.     On information and belief, the PORT destination operating system acts as

a group boarding device for registering users that will use an elevator as a group.

**Access and individualization**

Schindler ID allows the building to be subdivided
into different zones with clearly defined access
restrictions. The building manager can configure
the access zones directly on-site by using the
system software that is accessible on a central
control station. The access restrictions are
defined by individual rights, authorizations and
requirements.

The terminals allow the configuration of individual
needs for passengers and trips that require more
room in the car, for instance, when transporting
baggage or goods, shopping carts, hospital beds
or hotel service carts.



**PORT for hospitals**

– Improved elevator efficiency helps staff, patients and visitors
  move quickly and seamlessly
– The PORT system can allocate more elevator space or
  extend the time elevator doors remain open for the transfer
  of patients and equipment
– PORT helps ensure only approved staff and visitors can
  access secure floors
– Individual elevators can be assigned for gurney transport
  for discreet, direct floor-to-floor accommodation to promote
  patient dignity and privacy
– PORT has the ability to designate elevators to separate the
  transport of clean and soiled equipment, supplies, food,
  linens or waste

*See* https://youtu.be/pEjVKK2V3Rw ; *see also*
https://www.youtube.com/watch?v=7yy2lvHLqiQ ;
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

98.     On information and belief, the PORT destination operating system has a head count storage section. The PORT system estimates the number of people behind each hall call and gives the call an appropriate weighting and each passenger is equally important in the evaluation.  The estimate of the number of people behind a hall call is continually updated. The management system and the software algorithms can analyze real-time data and update the information in the system:



See https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; See also https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_1512491303700.download.asset.25_1512491303700/schindler-destination-interface.pdf

99.     On information and belief, Schindler's PORT technology software has an assigned car determination section, which determines a car to be assigned to a hall car call on the basis of the number of users stored in the user head-count storage section.



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

100.    On information and belief, Schindler directly infringes at least claim 1 of the '997 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

101.    On information and belief, Schindler has been on notice of the '997 patent at least as early as the filing and service of the Complaint in this action.

102.    On information and belief, at least since its post-filing knowledge of the '997 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '997 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT system and technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

103.    On information and belief, at least since its post-filing knowledge of the '997 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

104.    On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

105.    On information and belief, Schindler's customers directly infringe at least claim 1 of the '997 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

106.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '997 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '997 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

107.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

## JURY DEMANDED

108.     Pursuant to Federal Rule of Civil Procedure 38(b), Murolet hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Murolet respectfully requests this Court to enter judgment in Murolet's favor and against Schindler as follows:

a.  finding that Schindler has infringed one or more claims of the '109 patent under 35 U.S.C. §§ 271(a) and/or (b);

b.  finding that Schindler has infringed one or more claims of the '044 patent under 35 U.S.C. §§ 271(a) and/or (b);

c.  finding that Schindler has infringed one or more claims of the '711 patent under 35 U.S.C. §§ 271(a) and/or (b);

d.   finding that Schindler has infringed one or more claims of the '755 patent under 35 U.S.C. §§ 271(a) and/or (b);

e.   finding that Schindler has infringed one or more claims of the '997 patent under 35 U.S.C. §§ 271(a) and/or (b);

f.   awarding Murolet damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

g.   awarding Murolet pre-judgment and post-judgment interest on the damages award and costs;

h.   awarding cost of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

i.   awarding such other costs and further relief that the Court determines to be just and equitable.

Dated: October 30, 2020                    Respectfully submitted,

                                           */s/Raymond W. Mort, III*
                                           Raymond W. Mort, III
                                           Texas State Bar No. 00791308
                                           raymort@austinlaw.com

                                           THE MORT LAW FIRM, PLLC
                                           100 Congress Avenue, Suite 2000
                                           Austin, Texas 78701
                                           Tel/Fax: 512-865-7950

                                           *Of Counsel:*
                                           Ronald M. Daignault (*pro hac vice* to be filed)

Chandran B. Iyer (*pro hac vice* to be filed)
Jason Charkow (*pro hac vice* to be filed)
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
jcharkow@ goldbergsegalla.com
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700

Attorneys for *Murolet LLC*