

| KANTON NIDWALDEN | GERICHTE | KANTONSGERICHT | Rathausplatz 1, Postfach 1244, 6371 Stans Telefon 041 618 79 50, www.nw.ch |

CH-6371 Stans, Postfach 1244

**Einschreiben**
Zachary H. Ellis
Texas State Bar No. 24122606
Daignault Iyer LLP
8618 Westwood Center Drive, Suite 150
Vienna VA 22182
USA

Beatrice Abry
Verwaltungsangestellte
Telefon direkt 041 618 79 97
Fax 041 618 79 63

Stans, 8. November 2022

Rechtshilfeverfahren **- ZER 22 62 -** (bitte stets anführen)
des Zachary H. Ellis Texas State Bar No. 24122606, Vienna VA 22182 in Sachen
**Murolet IP LLC / Schindler Holding LTD.a/k/a Schindler Group AG**
betreffend Zivilklage
**Aktenzustellung auf dem Rechtshilfeweg**
(6:20-CV-01011-ADA)

Sehr geehrte Damen und Herren

Bezugnehmend auf Ihr Rechtshilfe-Ersuchen vom 25. Juli 2022 (Postaufgabe: 25. Juli 2022)
in oben erwähnter Angelegenheit, welches beim Kantonsgericht Nidwalden am 27. Juli 2022
eingegangen ist, erhalten Sie in Erledigung Ihres Auftrages als Beilage **die Empfangsbe-
scheinigung** vom 26. Oktober 2022 von:
**S c h i n d l e r  H o l d i n g  L T D . a / k / a  S c h i n d l e r  G r o u p  A G,**
Seestrasse 55, 6052 Hergiswil NW.

Die Akten wurden von Gilbert Zimmermann, Bevollmächtiger, in Empfang genommen.

Zusätzlich erhalten Sie die Schreiben vom 31. Oktober / 2. November 2022 sowie die aus-
gehändigten Akten gemäss Schreiben vom 31. Oktober 2022 zurück.

Mit freundlichen Grüssen

**KANTONSGERICHT NIDWALDEN**
Kanzlei

Beatrice Abry

# EMPFANGSBESCHEINIGUNG

### Récépissé                    Ricevuta

ZER 22 62

| | |
|---|---|
| Bezeichnung der zuzustellenden Aktenstücke<br><br>Désignation des actes à notifier<br><br>Atti da notificarsi | - Summons<br>- Complaint<br>- Civil Cover Sheet<br>- Translations<br><br>in Sachen<br><br>Murolet IP LLC / Schindler Holding LTD.a/k/a Schindler Group AG<br><br>betreffend Zivilklage |
| Ersuchende Behörde<br><br>Autorité de laquelle émanent les actes<br><br>Autoritá dalla quale emanano gli atti | Zachary H. Ellis<br>Texas State Bar No. 24122606<br>Daignault Iyer LLP<br>8618 Westwood Center Drive, Suite 150<br>Vienna VA 22182<br><br>**(Zivilklage-Nr. 6:20-CV-01011-ADA)** |
| **Name und Wohnort der Person, an welche Zustellung erfolgen soll**<br><br>*Nom et domicile de la personne à laquelle la notification doit être faite*<br><br>Nome e domicilio della persona, alla quale la notifica deve avere luogo | **S c h i n d l e r   H o l d i n g   L T D.   a / k / a   S c h i n d l e r   G r o u p   A G**<br>c/o Thomas Oetterli<br>Seestrasse 55<br>6052 Hergiswil NW |
| **Unterschrift des Empfängers und Datum der Zustellung**<br><br>*Signature du destinataire et date de la notification*<br><br>Firma del destinatario e data della notifica. | Stans, 26.10.2022        Unterschrift:<br><br><br>Name: Gilbert Zimmermann   Funktion: Bevollmächtigter |

Einzelvollmacht

Hiermit ermächtigen wir

**Herrn Gilbert Zimmermann, 09.12.1971, von Glarus Süd/GL**

in der Sache

Rechtshilfeverfahren - **ZER 22 62** - in Sachen Murolet IP LLC / Schindler Holding LTD
betreffend Zivilklage

die in der Kanzlei des Kantonsgerichtes Nidwalden eingegangenen Unterlagen im Namen
der **Schindler Holding Ltd** entgegenzunehmen.

Hergiswil, 12.10.2022

Schindler Holding AG

Urs Scheidegger
Chief Risk Officer

Adrian Boutellier
Head Global Treasury

ZER 22 62

**walderwyss** rechtsanwälte

Walder Wyss AG
Seefeldstrasse 123
Postfach
8034 Zürich
Schweiz

Telefon +41 58 658 58 58
Telefax +41 58 658 59 59
www.walderwyss.com

**Einschreiben**
Kantonsgericht Nidwalden
Rathausplatz 1
Postfach 1244
6371 Stans

Andrea Meier
Partnerin
Dr. iur., LL.M.
Rechtsanwältin
Direkt +41 58 658 58 66
andrea.meier@walderwyss.com

Francesca Borio
MLaw
Rechtsanwältin
Direkt +41 58 658 57 61
francesca.borio@walderwyss.com

Kantonsgericht Nidwalden
Postaufgabe: 2.11.2022
Eingang: 03. Nov. 2022
Zustellung: 8.11.2022

Zürich, 2. November 2022
AME / FBO / AME

**Rechtshilfeverfahren ZER 22 62; Murolet IP LLC**

Sehr geehrte Damen und Herren

Wir beziehen uns auf unser Schreiben vom 31. Oktober 2022, mit welchem wir Ihnen angezeigt haben, dass wir die Interessen der Schindler Holding AG vertreten. Anbei reichen wir wie angekündigt die Vollmacht nach.

Wie erwähnt wird Ihnen die Schindler Holding AG die ihr fälschlicherweise zugestellten Unterlagen im Laufe dieser Woche retournieren.

Mit freundlichen Grüssen

Andrea Meier         Francesca Borio
PETER STRAUB        STEFANIE MÜHLEBACH

Beilagen:

-   Vollmacht vom 31. Oktober 2022

In der Schweiz oder einem EU/EFTA Staat zugelassene Rechtsanwälte sind im Anwaltsregister eingetragen

# walder**wyss** rechtsanwälte

Walder Wyss AG
Seefeldstrasse 123
Postfach
8034 Zürich
Schweiz

**Vollmacht**

**Andrea Meier**          **Francesca Borio**

und alle im Zeitpunkt der jeweiligen Handlung gemäss Art. 6 oder Art. 28 des Anwaltsgesetzes (BGFA) unter einer Geschäftsadresse von Walder Wyss AG in einem kantonalen Anwaltsregister bzw. bei einer kantonalen Aufsichtsbehörde eingetragenen Anwältinnen und Anwälte sowie – unter Vorbehalt der gesetzlichen Bestimmungen – die Walder Wyss AG selbst werden

**in Sachen**          The Mort Law Firm, PLLC / Murolet IP, LLC
**betreffend**          rechtshilfeweise Zustellung

je einzeln zu allen Handlungen eines Generalbevollmächtigten mit dem Recht, Stellvertreter zu ernennen, ermächtigt. Sie können insbesondere:

– die Klientschaft aussergerichtlich und vor allen Behörden, Gerichten und Schiedsgerichten vertreten;
– Gerichtsstandsvereinbarungen und Schiedsverträge abschliessen;
– Verfahren einleiten und Schiedsgerichte bestellen, Rechtsmittel einlegen und zurückziehen;
– Vergleiche abschliessen, Klagen anerkennen und zurückziehen;

– Forderungen durchsetzen, Leistungen erbringen oder entgegennehmen;
– die Klientschaft in Strafsachen vertreten, insbesondere Strafanträge einreichen und zurückziehen;
– die Klientschaft bei öffentlichen Beurkundungen und bei Grundbuchgeschäften vertreten.

Diese Vollmacht erlischt nicht mit dem Tod, der Verschollenerklärung, dem Verlust der Handlungsfähigkeit oder dem Konkurs der Klientschaft.

Das Rechtsverhältnis der Klientschaft mit Walder Wyss AG (wie auch diese Vollmacht) unterstehen materiellem schweizerischem Recht. Alle Streitigkeiten aus oder im Zusammenhang mit diesem Rechtsverhältnis sind durch ein Schiedsverfahren gemäss der Internationalen Schweizerischen Schiedsordnung des Swiss Arbitration Centre zu entscheiden. Das Schiedsgericht soll aus einem (1) Mitglied bestehen. Der Sitz des Schiedsverfahrens ist Zürich, Schweiz.

**Die Klientschaft**

**Schindler Holding AG**

**Seestrasse 55**

**6052 Hergiswil**

| Unterschrift | Unterschrift |
|---|---|

Hergiswil, 31.10.2022        P. A. *[signature]*        M. *[signature]*

Ort, Datum        Petra A. Winkler        Melanie Ludescher

In der Schweiz oder einem EU/EFTA Staat zugelassene Rechtsanwälte sind im Anwaltsregister eingetragen

**walder**wyss rechtsanwälte

Walder Wyss AG
Seefeldstrasse 123
Postfach
8034 Zürich
Schweiz

Telefon +41 58 658 58 58
Telefax +41 58 658 59 59
www.walderwyss.com

Einschreiben
Kantonsgericht Nidwalden
Rathausplatz 1
Postfach 1244
6371 Stans

Andrea Meier
Partnerin
Dr. iur., LL.M.
Rechtsanwältin
Direkt +41 58 658 58 66
andrea.meier@walderwyss.com

Francesca Borio
MLaw
Rechtsanwältin
Direkt +41 58 658 57 61
francesca.borio@walderwyss.com

Kantonsgericht Nidwalden
Postaufgabe: 31.10.2022
Eingang: 02. Nov. 2022
Zustellung: 8.11.2022

Zürich, 31. Oktober 2022
AME / FBO / AME

**Rechtshilfeverfahren ZER 22 62; Murolet IP LLC**

Sehr geehrte Damen und Herren

Wir beziehen uns auf Ihr Schreiben vom 11. Oktober 2022, mit welchem Sie im Rahmen
der internationalen Rechtshilfe die Schindler Holding AG, Seestrasse 55, 6052 Hergiswil,
aufgefordert haben, Akten bei Ihnen abzuholen. Die Abholung erfolgte in Absprache mit
dem Gericht am 26. Oktober 2022 durch Gilbert Zimmermann. Die Schindler Holding AG
hat uns beauftragt, in der genannten Angelegenheit ihre Interessen zu vertreten. Eine
Vollmacht reichen wir noch im laufe dieser Woche nach.

Gemäss Ihrem Schreiben vom 11. Oktober 2022 wurden Sie von dem Zachary H. Ellis Texas
State Bar No. 24122606 ersucht, der Schindler Holding AG Akten betreffend die Zivilklage
Murolet IP LLC / Schindler Holding LTD. a/k/a Schindler Group AG auszuhändigen. Aus der
beigelegten Klage («*COMPLAINT FOR PATENT INFRINGEMENT*») vom 30. Oktober 2020
ergibt sich jedoch ohne Weiteres, dass im betreffenden Zivilverfahren als beklagte Partei
eine Gesellschaft namens «*SCHINDLER GROUP, AG*» erwähnt ist (vgl. Rubrum der Klage
vom 30. Oktober 2020). Die Schindler Holding AG ist somit offensichtlich weder Partei im
Verfahren, für welches rechtshilfeweise Zustellung beantragt wurde, noch ist sie bekannt
als oder gleichzusetzen mit einer Schindler Group AG. Eine Gesellschaft mit dem Namen
Schindler Group AG existiert an der Zustelladresse nicht und ist auch nicht im Handelsre-
gister des Kantons Nidwalden eingetragen.

**walderwyss**

Die Schindler Holding AG hat folglich mit der rechtshilfeweisen Zustellung nichts zu tun und es konnte entsprechend auch keine rechtshilfeweise Zustellung an sie erfolgen.

Die fälschlich an die Schindler Holding AG zugestellten Unterlagen wird Ihnen die Schindler Holding AG im Laufe dieser Woche retournieren. Wir ersuchen Sie höflich, die Zustellung gegenüber dem Gesuchsteller zu widerrufen. Sollte dem Ersuchen wider Erwarten nicht stattgegeben werden, beantragen wir den Erlass einer anfechtbaren Verfügung.

Mit freundlichen Grüssen

i.V. Gina Moll
Andrea Meier

Francesca Borio

Beilagen:

- Schreiben Kantonsgericht Nidwalden vom 11. Oktober 2022 mit folgenden Beilagen: COMPLAINT FOR PATENT INFRINGEMENT vom 30. Oktober 2020, CIVIL COVER SHEET vom 30. Oktober 2020 und SUMMONS IN A CIVIL ACTION vom 21. Juli 2022



# Handelsregisteramt des Kantons Nidwalden

| Firmennummer | Rechtsnatur | Eintragung | Löschung | Übertrag CH-150.3.001.483-0 von: CH-150.3.001.483-0/a auf: | 1 |
|---|---|---|---|---|---|
| **CHE-101.862.654** | **Aktiengesellschaft** | 02.02.1929 | | | |

 Alle Eintragungen

| Ei | Lö | Firma | | Ref | Sitz |
|---|---|---|---|---|---|
| 0 | 1 | ~~Pars Finanz AG~~ | | 1 | Hergiswil (NW) |
| 1 | | **Schindler Holding AG** | | | |
| 1 | 4 | ~~(Schindler Holding S.A.)~~ | | | |
| 4 | | (Schindler Holding SA) (Schindler Holding Ltd.) | | | |

| Ei | Lö | Aktienkapital (CHF) | Liberierung (CHF) | Aktien-Stückelung | Ei | Lö | Domiziladresse |
|---|---|---|---|---|---|---|---|
| 1 | 3 | ~~90'562'200.00~~ | ~~90'562'200.00~~ | ~~750'937 Namenaktien zu CHF 100.00 und 30'937 Inhaberaktien zu CHF 500.00~~ | 1 | 16 | ~~Seestrasse~~ ~~6052 Hergiswil NW~~ |
| 3 | 10 | ~~76'306'600.00~~ | ~~76'306'600.00~~ | ~~763'066 Namenaktien zu CHF 100.00~~ | 16 | | Seestrasse 55 |
| 10 | 11 | ~~63'993'610.00~~ | ~~63'993'610.00~~ | ~~752'866 Namenaktien zu CHF 85.00~~ | | | 6052 Hergiswil NW |
| 11 | 13 | ~~37'643'300.00~~ | ~~37'643'300.00~~ | ~~752'866 Namenaktien zu CHF 50.00~~ | | | |
| 13 | 21 | ~~7'356'820.00~~ | ~~7'356'820.00~~ | ~~7'356'820 Namenaktien zu CHF 1.00~~ | | | |
| 21 | 23 | | | ~~73'568'200 Namenaktien zu CHF 0.10~~ | | | |
| 23 | 25 | ~~7'245'120.00~~ | ~~7'245'120.00~~ | ~~72'451'200 Namenaktien zu CHF 0.10~~ | | | |
| 25 | 31 | ~~7'177'670.00~~ | ~~7'177'670.00~~ | ~~71'776'700 Namenaktien zu CHF 0.10~~ | | | |
| 31 | 33 | ~~7'144'005.60~~ | ~~7'144'005.60~~ | ~~71'440'056 Namenaktien zu CHF 0.10~~ | | | |
| 33 | 36 | ~~7'088'764.50~~ | ~~7'088'764.50~~ | ~~70'887'645 Namenaktien zu CHF 0.10~~ | | | |
| 36 | 40 | ~~6'818'035.20~~ | ~~6'818'035.20~~ | ~~68'180'352 Namenaktien zu CHF 0.10~~ | | | |
| 40 | 43 | ~~6'806'180.20~~ | ~~6'806'180.20~~ | ~~68'061'802 Namenaktien zu CHF 0.10~~ | | | |
| 43 | | 6'707'745.20 | 6'707'745.20 | 67'077'452 Namenaktien zu CHF 0.10 | | | |

| Ei | Lö | PS-Kapital (CHF) | Liberierung (CHF) | Partizipationsscheine |
|---|---|---|---|---|
| 3 | 10 | ~~60'542'500.00~~ | ~~60'542'500.00~~ | ~~605'425 Inhaber-Partizipationsscheine zu CHF 100.--~~ |
| 10 | 11 | ~~50'356'040.00~~ | ~~50'356'040.00~~ | ~~592'424 Inhaber-Partizipationsscheine zu CHF 85.--~~ |
| 11 | 13 | ~~29'621'200.00~~ | ~~29'621'200.00~~ | ~~592'424 Inhaber-Partizipationsscheine zu CHF 50.--~~ |
| 13 | 16 | ~~5'506'990.00~~ | ~~5'506'990.00~~ | ~~5'506'990 Inhaber-Partizipationsscheine zu CHF 1.--~~ |
| 16 | | ~~5'141'640.00~~ | ~~5'141'640.00~~ | ~~5'141'640 Inhaber-Partizipationsscheine zu CHF 1.--~~ |
| 21 | 22 | | | ~~51'416'400 Inhaber-Partizipationsscheine zu CHF 0.10~~ |
| 22 | 23 | ~~5'093'640.00~~ | ~~5'093'640.00~~ | ~~50'936'400 Inhaber-Partizipationsscheine zu CHF 0.10~~ |
| 23 | 25 | ~~4'925'690.00~~ | ~~4'925'690.00~~ | ~~49'256'900 Inhaber-Partizipationsscheine zu CHF 0.10~~ |
| 25 | 31 | ~~4'860'940.00~~ | ~~4'860'940.00~~ | ~~48'609'400 Inhaber-Partizipationsscheine zu CHF 0.10~~ |
| 31 | 33 | ~~4'689'480.00~~ | ~~4'689'480.00~~ | ~~46'894'800 Inhaberpartizipationsscheine zu CHF 0.10~~ |
| 33 | 36 | ~~4'617'190.90~~ | ~~4'617'190.90~~ | ~~46'171'909 Inhaberpartizipationsscheine zu CHF 0.10~~ |
| 36 | 40 | ~~4'461'853.30~~ | ~~4'461'853.30~~ | ~~44'618'533 Inhaberpartizipationsscheine zu CHF 0.10~~ |
| 40 | 43 | ~~4'423'631.10~~ | ~~4'423'631.10~~ | ~~44'236'311 Inhaberpartizipationsscheine zu CHF 0.10~~ |
| 43 | | 4'071'683.10 | 4'071'683.10 | 40'716'831 Inhaber-Partizipationsscheine zu CHF 0.10 |

| Ei | Lö | Zweck | Ei | Lö | weitere Adressen |
|---|---|---|---|---|---|
| 1 | 4 | ~~Beteiligung an und Finanzierung von andern Unternehmungen sowie Durchführung aller damit zusammenhängenden Geschäfte.~~ | | | |

Fortsetzung auf der folgenden Seite



# Handelsregisteramt des Kantons Nidwalden

| CHE-101.862.654 | Schindler Holding AG | Hergiswil (NW) | 3 |
|---|---|---|---|

| Ei | Lö | Bemerkungen | Ref | Statutendatum |
|---|---|---|---|---|
| 25 | | Bei der Kapitalherabsetzung vom 16.03.2009 werden 674'500 im Rahmen des Aktienrückkaufprogramms 2007 erworbene, eigene Namenaktien zu CHF 0.10 und 647'500 erworbene, eigene Inhaber-Partizipationsscheine zu CHF 0.10 vernichtet. Die Beachtung der gesetzlichen Vorschriften gemäss Art. 734 OR wird durch öffentliche Urkunde vom 25.05.2009 festgestellt. | | |
| 31 | | Bei der Kapitalherabsetzung vom 19.03.2012 werden im Rahmen des Aktienrückkaufprogramms 2010 336'644 erworbene, eigene Namenaktien zu CHF 0.10 und 1'714'600 erworbene, eigene Inhaber-Partizipationsscheine zu CHF 0.10 vernichtet. Die Beachtung der gesetzlichen Vorschriften gemäss Art. 734 OR wird durch öffentliche Urkunde vom 29.05.2012 festgestellt. | | |
| 33 | | Bei der Kapitalherabsetzung vom 26.03.2013 werden im Rahmen des im Jahr 2010 begonnenen und per Ende Dezember 2012 beendeten Rückkaufprogramms 552'411 eigene Namenaktien zu CHF 0.10 und 722'891 eigene Inhaber-Partizipationsscheine zu CHF 0.10 vernichtet. Die Beachtung der gesetzlichen Vorschriften von Art. 734 OR wird mit öffentlicher Urkunde vom 06.06.2013 festgestellt. | | |
| 35 | | Die Mitteilungen an die Namenaktionäre erfolgen durch nichteingeschriebenen Brief an die im Aktienbuch eingetragene Adresse des Namenaktionärs oder - auf Wunsch des Aktionärs - elektronisch. Die Mitteilungen an die Inhaber von Partizipationsscheinen erfolgen durch Veröffentlichung im SHAB. | | |
| 36 | | Bei der Kapitalherabsetzung vom 17.03.2014 werden im Rahmen des Aktienrückkaufprogramms 2013  2'707'293 eigene Namenaktien zu CHF 0.10 und 1'553'376 eigene Inhaberpartizipationsscheine zu CHF 0.10 vernichtet; die Beachtung der gesetzlichen Vorschriften von Art. 734 OR wird mit öffentlicher Urkunde vom 26.05.2014 festgestellt. | | |
| 40 | | Bei der Kapitalherabsetzung vom 20.03.2015 werden im Rahmen des Aktienrückkaufprogramms 2014 118'550 eigene Namenaktien zu CHF 0.10 und 382'222 eigene Inhaberpartizipationsscheine zu CHF 0.10 vernichtet; die Beachtung der gesetzlichen Vorschriften von Art. 734 OR wird mit öffentlicher Urkunde vom 27.05.2015 festgestellt. | | |
| 43 | | Bei der Kapitalherabsetzung vom 22.03.2016 werden im Rahmen des Aktienrückkaufprogramms 2015 984'350 eigene Namenaktien zu CHF 0.10 und 3'519'480 eigene Inhaber-Partizipationsscheine zu CHF 0.10 vernichtet; die Beachtung der gesetzlichen Vorschriften von Art. 734 OR wird mit öffentlicher Urkunde vom 03.06.2016 festgestellt. | | |
| 53 | | Da die Gesellschaft Beteiligungsrechte an einer Börse kotiert hat, ist sie befugt, Inhaber-Partizipationsscheine zu halten. | | |

| Ei | Lö | Besondere Tatbestände | Ref | Publikationsorgan |
|---|---|---|---|---|
| 19 | | Fusion: Übernahme der Aktiven und Passiven der Orgama AG, in Thal (CH-320.3.003.542-1), gemäss Fusionsvertrag vom 13.06.2005 und Bilanz per 01.01.2005. Aktiven von CHF 46'190'692.70 und Passiven (Fremdkapital) von CHF 36'050'613.10 gehen auf die übernehmende Gesellschaft über. Da die übernehmende Gesellschaft sämtliche Aktien der übertragenden Gesellschaft hält, findet weder eine Kapitalerhöhung noch eine Aktienzuteilung statt. | 1 | SHAB |
| 1 | 4 | ~~Die Gesellschaft beabsichtigte, von den Aktionären und Genussscheininhabern der Inventio AG, Hergiswil NW, 55'000 Namenaktien der Inventio AG von je CHF 200.-- und 55'000 Inhabergenussscheine der Inventio AG ohne Nennwert zum Preise von CHF 37'950'000.-- zu übernehmen.~~ ~~Aktienkapital-Erhöhung um CHF 10'062'200.-- = Liberierung durch Entnahme aus freien Reserven.~~ | | |
| 1 | 3 | ~~462'869 Inhabergenussscheine (Partizipationsscheine) zu CHF 100.--.~~ | | |
| 26 | | Fusion: Übernahme der Aktiven und Passiven der Schindler Technik AG (CH-280.3.000.616-8), in Pratteln, gemäss Fusionsvertrag vom 24.09.2009 und Bilanz per 31.08.2009 Aktiven von CHF 5'719'173.80 und Passiven (Fremdkapital) von CHF 3'994'279.-- gehen auf die übernehmende Gesellschaft über. Da die übernehmende Gesellschaft sämtliche Aktien der übertragenden Gesellschaft hält, findet weder eine Kapitalerhöhung noch eine Aktienzuteilung statt. | | |

Fortsetzung auf der folgenden Seite



# Handelsregisteramt des Kantons Nidwalden

| CHE-101.862.654 | Schindler Holding AG | Hergiswil (NW) | 5 |

| Ei | Ae | Lö | Personalangaben | Funktion | Zeichnungsart |
|----|----|----|-----------------|----------|---------------|
| 1 | | 12 | Waser, Dr. Hugo, von Stansstad und Wolfenschiessen, in Stanstad | | Kollektivprokura zu zweien |
| 1 | | 9 | Neutra Treuhand AG, in Bern | Revisionsstelle | |
| | 2 | 45m | Schindler, Alfred N., von Arth, in Hergiswil NW | Präsident | Kollektivunterschrift zu zweien |
| | 2 | 45m | Bonnard, Luc, von Nyon und Arnex-sur-Nyon, in Hergiswil NW | Vizepräsident | Kollektivunterschrift zu zweien |
| | 2 | 23 | Spörri, Alfred, von Hinwil ZH, in Zug | Mitglied | Kollektivunterschrift zu zweien |
| | 4 | 7m | Staehelin-Schindler, Dr. Jenö C.A., von Basel, in Tokyo (Japan) | Mitglied | ohne Zeichnungsberechtigung |
| 5 | | 21m | Hofstetter, Dr. Karl, von Luzern, in Wilen, Gemeinde Sarnen | Direktor | Kollektivunterschrift zu zweien |
| 6 | | 32 | Fraefel, Peter, von Uzwil, in Stans | Vizedirektor | Kollektivunterschrift zu zweien |
| | 7 | 18m | Staehelin-Schindler, Dr. Jenö C.A., von Basel, in New York (USA) | Mitglied | ohne Zeichnungsberechtigung |
| 7 | | 12 | Cunningham, Jeffrey M., Bürger der USA, in Greenwich, Connecticut (USA) | Mitglied | ohne Zeichnungsberechtigung |
| 8 | | 29m | Zheng, Ruiheng genannt Henry, chinesischer Staatsangehöriger, in Shanghai (China) | Vizedirektor | Kollektivunterschrift zu zweien |
| 9 | | 39 | von Grünberg, Dr. Hubertus, deutscher Staatsangehöriger, in Hannover (D) | Mitglied | ohne Zeichnungsberechtigung |
| 9 | | 36m | Ernst & Young AG, in Basel | Revisionsstelle | |
| 13 | | 18m | Miller, Scott D., Bürger der USA, in Chicago (USA) | Mitglied | ohne Zeichnungsberechtigung |
| 14 | | 48m | Ammann, Erich, von Ermatingen, in Neuheim | Direktor | Kollektivunterschrift zu zweien |
| 15 | | 35 | Powell, Charles, britischer Staatsangehöriger, in London (GB) | Mitglied | ohne Zeichnungsberechtigung |
| 15 | | 53 | Meier-Wismer, Priska, von Dietwil, Honau und Meierskappel, in Udligenswil | | Kollektivprokura zu zweien |
| 17 | | 18m | Baschera, Dr. Pius, von Zürich, in Schaan (FL) | Mitglied | ohne Zeichnungsberechtigung |
| 17 | | 41m | Amgwerd, Robert, von Schwyz und Luzern, in Meggen | | Kollektivprokura zu zweien |
| | 18 | 25m | Staehelin-Schindler, Dr. Jenö C.A., von Basel, in Hergiswil NW | Mitglied | ohne Zeichnungsberechtigung |
| | 18 | 21 | Miller, Scott D., Bürger der USA, in Snowmass (Colorado, USA) | Mitglied | ohne Zeichnungsberechtigung |
| | 18 | 45m | Baschera, Dr. Pius, von Zürich, in Zürich | Mitglied | ohne Zeichnungsberechtigung |
| | 20 | 53 | Walker, Joachim, von Gurtnellen, in Ebikon | stellvertretender Direktor | Kollektivunterschrift zu zweien |
| 20 | | | Graf, Walter, von Emmen, in Buchrain | | Kollektivprokura zu zweien |
| | 21 | 26m | Hofstetter, Prof. Dr. Karl, von Luzern, in Wilen (Sarnen) | Mitglied | Kollektivunterschrift zu zweien |
| 22 | | 30 | Schaub, Dr. Alexander, deutscher Staatsangehöriger, in Duisburg (DE) | Mitglied | ohne Zeichnungsberechtigung |
| 24 | | 25 | Spörri, Alfred, von Hinwil, in Zug | Direktor | Kollektivunterschrift zu zweien |
| 25 | | 45 | Schweiger, Rolf, von Baar, in Baar | Mitglied | ohne Zeichnungsberechtigung |
| 25 | | 45 | Wellershoff, Dr. Klaus, deutscher Staatsangehöriger, in Zürich | Mitglied | ohne Zeichnungsberechtigung |
| | 25 | 27 | Staehelin-Schindler, Dr. Jenö C.A., von Basel, in Basel | Mitglied | ohne Zeichnungsberechtigung |
| | 26 | 42m | Hofstetter, Prof. Dr. Karl, von Luzern, in Zug | Mitglied | Kollektivunterschrift zu zweien |
| 27 | | 45m | Schäuble, Günter Klaus, deutscher Staatsangehöriger, in Hergiswil NW | stellvertretender Direktor | Kollektivunterschrift zu zweien |
| 28 | | 32m | Athanasoglou, Prof. Dr. Peter, von Möriken-Wildegg, in Baden | Mitglied | Kollektivunterschrift zu zweien |
| | 29 | | Zheng, Ruiheng genannt Henry, chinesischer Staatsangehöriger, in Shanghai (CN) | stellvertretender Direktor | Kollektivunterschrift zu zweien |
| 29 | | | Murer, Erich, von Beckenried, in Beckenried | stellvertretender Direktor | Kollektivunterschrift zu zweien |
| 30 | | 47m | Fischer, Dr. Rudolf W., von Schlieren, in Walchwil | Mitglied des Verwaltungsrates | Kollektivunterschrift zu zweien |
| 30 | | 42m | Bergsma, Dr. Peter, von Zürich, in Hergiswil NW | stellvertretender Direktor | Kollektivunterschrift zu zweien |
| 32 | | | Bütler, Prof. Dr. Monika, von Steinmaur und Auw, in Zürich | Mitglied des Verwaltungsrates | ohne Zeichnungsberechtigung |
| 32 | | 53 | Nightingale, Anthony, britischer Staatsangehöriger, in Hong Kong (HK) | Mitglied des Verwaltungsrates | ohne Zeichnungsberechtigung |

Stans, 11.10.2022 13:27

Fortsetzung auf der folgenden Seite



# Handelsregisteramt des Kantons Nidwalden

| CHE-101.862.654 | Schindler Holding AG | Hergiswil (NW) | 7 |

| Ei | Ae | Lö | Personalangaben | Funktion | Zeichnungsart |
|----|----|----|-----------------|----------|---------------|
|    | 53 |    | Napoli, Silvio, italienischer Staatsangehöriger, in Zürich | Präsident des Verwaltungsrates | Kollektivunterschrift zu zweien |
| 53 |    |    | Gadiesh, Orit, deutsche Staatsangehörige, in London (GB) | Mitglied des Verwaltungsrates | ohne Zeichnungsberechtigung |
|    | 53 | 55m | ~~Stähelin, Tobias, von Basel, in Berlin (DE)~~ | ~~Mitglied des Verwaltungsrates~~ | ~~ohne Zeichnungsberechtigung~~ |
| 53 |    |    | PricewaterhouseCoopers AG (CHE-106.839.438), in Zürich | Revisionsstelle | |
|    | 54 |    | Schäuble, Günter Klaus, von Hergiswil (NW), in Hergiswil (NW) | Mitglied des Verwaltungsrates | Kollektivunterschrift zu zweien |
| 54 |    |    | Keswick, Adam, britischer Staatsangehöriger, in London (GB) | Mitglied des Verwaltungsrates | ohne Zeichnungsberechtigung |
|    | 55 |    | Bula, Patrice, von Galmiz, in Val de Bagnes | Mitglied des Verwaltungsrates | ohne Zeichnungsberechtigung |
|    | 55 |    | Stähelin, Tobias, von Basel, in Zürich | Mitglied des Verwaltungsrates | ohne Zeichnungsberechtigung |
| 56 |    |    | Compagna, Paolo, italienischer Staatsangehöriger, in Küssnacht (SZ) | | Kollektivunterschrift zu zweien |
| 56 |    |    | Hunkeler, Simon, von Pfaffnau, in Sursee | | Kollektivprokura zu zweien |

Stans, 11.10.2022 13:27

Diese Internet Information aus dem kantonalen Handelsregister hat mangels Originalbeglaubigung keinerlei Rechtswirkung und erfolgt ohne Gewähr.

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR
# EXTRAJUDICIAL DOCUMENTS
DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ÉTRANGER
D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en
matière civile ou commerciale, signée à La Haye le 15 novembre 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| Identité et adresse du requérant | Adresse de l'autorité destinataire |
| Zachary H. Ellis | Kantonsgericht Nidwalden |
| Texas State Bar No. 24122606 | Rathausplatz 1 |
| zellis@daignaultiyer.com | 6371 Stans |
| | |
| Daignault Iyer LLP | |
| 8618 Westwood Center Drive, Suite 150 | |
| Vienna, VA 22182 | |
| Tel/Fax: 512-829-7992 | |

The undersigned applicant has the honour to transmit – in duplicate – the documents listed
below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt
service of one copy thereof on the addressee, i.e.:
Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les
documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire
remettre sans retard un exemplaire au destinataire, à savoir :

*Kantonsgericht Nidwalden*
*Postaufgabe: 25.7.2022 FedEx*
*Eingang: 27. Juli 2022*
*Zustellung: 8.11.2022*

| (identity and address) |
|---|
| (identité et adresse) |
| Schindler Holding LTD. a/k/a Schindler Group, AG |
| c/o Thomas Oetterli |
| Seestrasse 55 |
| 6052 Hergiswil NW, Switzerland |
| Tel. +41 41 445 32 32 |

| | | |
|---|---|---|
| ☒ | a) | in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention* |
| | | selon les formes légales (article 5, alinéa premier, lettre a))* |
| ☐ | b) | in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)*: |
| | | selon la forme particulière suivante (article 5, alinéa premier, lettre b)* : |
| | | _____ |
| ☐ | c) | by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)* |
| | | le cas échéant, par remise simple (article 5, alinéa 2)* |

The authority is requested to return or to have returned to the applicant a copy of the documents -
and of the annexes* - with the attached certificate.
Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes* -
avec l'attestation ci-jointe.

*List of documents* / Énumération des pièces

- Summons
- Complaint
- Civil Cover Sheet
- Translations

* if appropriate / s'il y a lieu

| Done at / Fait à Austin, Texas, USA, | Signature and/or stamp |
|---|---|
| | Signature et / ou cachet |
| The / le  July 25, 2022 | |

Permanent Bureau July 2017

# CERTIFICATE
## ATTESTATION

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

☒ **1. that the document has been served\***
   *que la demande a été exécutée\**

| — the (date) / le (date): | 26.10.2022 |
|---|---|
| — at (place, street, number):<br>*à (localité, rue, numéro) :* | Kantonsgericht Nidwalden<br>Rathausplatz 1<br>6371 Stans |

— in one of the following methods authorised by Article 5:
*dans une des formes suivantes prévues à l'article 5 :*

☒ **a)  in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\***
   *selon les formes légales (article 5, alinéa premier, lettre a))\**

☐ **b)  in accordance with the following particular method\*:**
   *selon la forme particulière suivante\* :*
   _____

☐ **c)  by delivery to the addressee, if he accepts it voluntarily\***
   *par remise simple\**

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à :*

| Identity and description of person:<br>*Identité et qualité de la personne :* | Gilbert Zimmermann |
|---|---|
| Relationship to the addressee (family, business or other):<br>*Liens de parenté, de subordination ou autres, avec le destinataire de l'acte :* | Bevollmächtigter |

☐ **2. that the document has not been served, by reason of the following facts\*:**
   *que la demande n'a pas été exécutée, en raison des faits suivants\* :*

| |
|---|

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.*

*Annexes / Annexes*

| Documents returned:<br>*Pièces renvoyées :* | gemäss Schreiben vom 8.11.2022 |
|---|---|
| In appropriate cases, documents establishing the service:<br>*Le cas échéant, les documents justificatifs de l'exécution :*<br>\* if appropriate / s'il y a lieu | |

| Done at / Fait à  Stans | Signature and/or stamp<br>*Signature et / ou cachet* |
|---|---|
| The / le  8.11.2022 | |

# WARNING
## AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire

### IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

### TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :



It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

## SUMMARY OF THE DOCUMENT TO BE SERVED
### ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**

Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | Zachary H. Ellis<br>Texas State Bar No. 24122606<br>zellis@daignaultiyer.com<br><br>Daignault Iyer LLP<br>8618 Westwood Center Drive, Suite 150<br>Vienna, VA 22182<br>Tel/Fax: 512-829-7992 |
| **Particulars of the parties*:**<br>Identité des parties* : | Murolet IP, LLC<br>c/o Business Filings Incorporated<br>600 N 2ⁿᵈ St, Suite 401<br>Harrisburg, PA 17101<br><br>Schindler Holding LTD. a/k/a Schindler Group, AG<br>c/o Thomas Oetterli<br>Seestrasse 55<br>6052 Hergiswil NW, Switzerland<br>Tel. +41 41 445 32 32 |

\* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☒ **JUDICIAL DOCUMENT****
ACTE JUDICIAIRE**

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | Complaint for Patent Infringement and Summons in a Civil Action |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | Claim for Patent Infringement under 35 U.S.C. § 271 and relief for alleged infringement under 35 U.S.C. § 284 |
| **Date and Place for entering appearance**:**<br>Date et lieu de la comparution** : | Within 21 days after service on you:<br>Enter appearance in Civil Action No. 6:20-cv-01011-ADA, in the United States District Court for the Western District of Texas - Waco Division |
| **Court which has given judgment**:**<br>Juridiction qui a rendu la décision** : | Not Applicable |
| **Date of judgment**:**<br>Date de la décision** : | Not Applicable |
| **Time limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | Deadline to answer or otherwise respond to the complaint: 21 days after service of summons on you. |

** if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT****
ACTE EXTRAJUDICIAIRE**

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | |
| **Time-limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | |

** if appropriate / s'il y a lieu

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

**MUROLET IP LLC,**
*Plaintiff*

V.                                          Civil Action No. **6:20−CV−01011−ADA**

**SCHINDLER HOLDING LTD.,**
*Defendant*

### SUMMONS IN A CIVIL ACTION

TO:  **Schindler Holding Ltd.**
**a/k/a Schindler Group, AG**
**Seestrasse 55**
**6052 Hergiswil NW**
**Switzerland**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**Zachary H. Ellis**
**Daignault Iyer LLP**
**8618 Westwood Center Drive**
**Suite 150**
**Vienna, VA 22182**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



**PHILIP J. DEVLIN**

CLERK OF COURT

**s/SHINITA VELASQUEZ**

DEPUTY CLERK

**ISSUED ON 2022−07−21 12:57:06**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 6:20−CV−01011−ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for*(name of individual and title, if any)*_____
was received by me on*(date)*_____.

☐  I personally served the summons on the individual at *(place)*_____
_____ on *(date)*_____ ; or

☐  I left the summons at the individual's resident or usual place of abode with*(name)*_____
_____, a person of suitable age and discretion who resides there,
on *(date)*_____, and mailed a copy to the individual's last known address; or

☐  I served the summons on*(name of individual)*_____, who is
designated by law to accept service of process on behalf of*(name of organization)*_____
_____ on*(date)*_____ ; or

☐  I returned the summons unexecuted because _____ ; or

☐  Other (specify):_____
_____
_____

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's Address*

Additional information regarding attempted sevice, etc:
_____
_____

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Murolet, LLC

## DEFENDANTS

Schindler Group, AG

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Mort Law Firm, PLLC
100 Congress Ave, Suite 2000, Austin, TX 78701
(512) 865-7950

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 1 et seq.
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
October 30, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Raymond W. Mort, III

**FOR OFFICE USE ONLY**

RECEIPT #_____     AMOUNT_____     APPLYING IFP_____     JUDGE_____     MAG. JUDGE_____

GFK ZZ 62

walder**wyss** rechtsanwälte

Seefeldstrasse 123
Postfach
8034 Zürich
Schweiz

Telefon +41 58 658 58 58
Telefax +41 58 658 59 59
www.walderwyss.com

**Einschreiben**
Kantonsgericht Nidwalden
Rathausplatz 1
Postfach 1244
6371 Stans

Kantonsgericht Nidwalden
Postaufgabe: 2.11.2022
Eingang: 04. Nov. 2022
Zustellung: 8.11.2022

Andrea Meier
Partnerin
Dr. iur., LL.M.
Rechtsanwältin
Direkt +41 58 658 58 66
andrea.meier@walderwyss.com

Francesca Borio
MLaw
Rechtsanwältin
Direkt +41 58 658 57 61
francesca.borio@walderwyss.com

Zürich, 31. Oktober 2022
AME / FBO / AME

Siehe Rückseite

Hergiswil, 2.11.2022

G. Zimmermann

**Rechtshilfeverfahren ZER 22 62; Murolet IP LLC**

Sehr geehrte Damen und Herren

Wir beziehen uns auf Ihr Schreiben vom 11. Oktober 2022, mit welchem Sie im Rahmen
der internationalen Rechtshilfe die Schindler Holding AG, Seestrasse 55, 6052 Hergiswil,
aufgefordert haben, Akten bei Ihnen abzuholen. Die Abholung erfolgte in Absprache mit
dem Gericht am 26. Oktober 2022 durch Gilbert Zimmermann. Die Schindler Holding AG
hat uns beauftragt, in der genannten Angelegenheit ihre Interessen zu vertreten. Eine
Vollmacht reichen wir noch im laufe dieser Woche nach.

Gemäss Ihrem Schreiben vom 11. Oktober 2022 wurden Sie von dem Zachary H. Ellis Texas
State Bar No. 24122606 ersucht, der Schindler Holding AG Akten betreffend die Zivilklage
Murolet IP LLC / Schindler Holding LTD. a/k/a Schindler Group AG auszuhändigen. Aus der
beigelegten Klage («COMPLAINT FOR PATENT INFRINGEMENT») vom 30. Oktober 2020
ergibt sich jedoch ohne Weiteres, dass im betreffenden Zivilverfahren als beklagte Partei
eine Gesellschaft namens «SCHINDLER GROUP, AG» erwähnt ist (vgl. Rubrum der Klage
vom 30. Oktober 2020). Die Schindler Holding AG ist somit offensichtlich weder Partei im
Verfahren, für welches rechtshilfeweise Zustellung beantragt wurde, noch ist sie bekannt
als oder gleichzusetzen mit einer Schindler Group AG. Eine Gesellschaft mit dem Namen
Schindler Group AG existiert an der Zustelladresse nicht und ist auch nicht im Handelsre-
gister des Kantons Nidwalden eingetragen.

Case 6:20-cv-01011   Document 1-1   Filed 10/30/20   Page 1 of 1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Murolet, LLC

## DEFENDANTS

Schindler Group, AG

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Mort Law Firm, PLLC
100 Congress Ave, Suite 2000, Austin, TX 78701
(512) 865-7950

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 1 et seq.

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
October 30, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Raymond W. Mort, III

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

**MUROLET IP LLC,**
*Plaintiff*

V.

Civil Action No. **6:20−CV−01011−ADA**

**SCHINDLER HOLDING LTD.,**
*Defendant*

### SUMMONS IN A CIVIL ACTION

TO:  **Schindler Holding Ltd.**
**a/k/a Schindler Group, AG**
**Seestrasse 55**
**6052 Hergiswil NW**
**Switzerland**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **Zachary H. Ellis**
> **Daignault Iyer LLP**
> **8618 Westwood Center Drive**
> **Suite 150**
> **Vienna, VA 22182**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**PHILIP J. DEVLIN**

CLERK OF COURT

**s/SHINITA VELASQUEZ**

DEPUTY CLERK



ISSUED ON 2022−07−21 12:57:06

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 6:20−CV−01011−ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)*_____
was received by me on *(date)*_____.

☐ I personally served the summons on the individual at *(place)*_____
_____ on *(date)*_____; or

☐ I left the summons at the individual's resident or usual place of abode with *(name)*_____
_____, a person of suitable age and discretion who resides there,
on *(date)*_____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*_____, who is
designated by law to accept service of process on behalf of *(name of organization)*_____
_____ on *(date)*_____; or

☐ I returned the summons unexecuted because _____; or

☐ Other (specify):_____
_____
_____

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's Address*

Additional information regarding attempted sevice, etc:
_____
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MUROLET, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>SCHINDLER GROUP, AG,<br><br>              Defendant. | Case No. 6:20-cv-01011<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Murolet, LLC ("Murolet"), by and through its undersigned counsel, files this Complaint against Defendant Schindler Group, AG ("Schindler") for patent infringement of United States Patent Nos. 8,162,109; 8,172,044; 8,196,711; 8,286,755; and 8,316,997 (the "patents-in-suit") and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2.     Plaintiff Murolet is a corporation organized under laws of the Commonwealth of Pennsylvania.

3.      On information and belief, Defendant Schindler is a foreign corporation duly organized and incorporated under the laws of Switzerland, with its principal place of business at Zugerstrasse 13 6030 Ebikon Switzerland.

4.      Upon information and belief, Schindler designs, manufactures, sells, offers for sale, imports, distributes, advertises, and/or otherwise promotes the accused infringing products in the United States, the State of Texas, and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      Schindler is subject to this Court's personal jurisdiction, in accordance with due process and/or the Texas Long Arm Statute because, in part, the Defendant "commits a tort in whole or in part in this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

7.      This Court has personal jurisdiction over Schindler because, *inter alia*, Schindler (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a). In particular, on information and belief, Schindler uses, sells, offers for sale, imports, advertises, and/or otherwise promotes infringing products in the United States, the State of Texas, and this judicial district.

8.      On information and belief, Schindler is subject to the Court's jurisdiction because Schindler has sufficient minimum contacts with this forum as a result of

business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over Schindler because, *inter alia*, Schindler, on information and belief, has substantial, continuous, and systematic business contacts in this judicial district, and derives substantial revenue from goods provided to individuals in this judicial district.

9.     Schindler has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

10.     Venue is proper as to Defendant Schindler, which is organized under the laws of Switzerland. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

## THE ASSERTED PATENTS

### United States Patent No. 8,162,109

11.     On April 24, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,162,109 ("the '109 patent") entitled "Elevator system which limits the number of destination call registrations to be allocated to the single car" to inventor Masaaki Amano.

3

12.     The '109 patent is presumed valid under 35 U.S.C. § 282.

13.     Murolet owns all rights, title, and interest in the '109 patent.

14.     Murolet has not granted Schindler a license to the rights under the '109

patent.

### United States Patent No. 8,172,044

15.     On May 8, 2012, the United States Patent and Trademark Office

("USPTO") duly and legally issued United States Patent No. 8,172,044 ("the '044

patent") entitled "Elevator system" to inventor Sakurako Tokura.

16.     The '044 patent is presumed valid under 35 U.S.C. § 282.

17.     Murolet owns all rights, title, and interest in the '044 patent.

18.     Murolet has not granted Schindler a license to the rights under the '044

patent.

### United States Patent No. 8,196,711

19.     On June 12, 2012, the USPTO duly and legally issued United States Patent

No. 8,196,711 ("the '711 patent") entitled "Elevator system" to inventor Sakurako

Tokura.

20.     The '711 patent is presumed valid under 35 U.S.C. § 282.

21.     Murolet owns all rights, title, and interest in the '711 patent.

22.     Murolet has not granted the Defendants a license to the rights under the

'711 patent.

4

### United States Patent No. 8,286,755

23.     On October 16, 2012, the USPTO duly and legally issued United States Patent No. 8,286,755 ("the '755 patent") entitled "Group management controller of elevator including limit value setting means for setting a limit value for limiting a count of car calls" to inventors Masaharu Eto, et al.

24.     The '755 patent is presumed valid under 35 U.S.C. § 282.

25.     Murolet owns all rights, title, and interest in the '755 patent.

26.     Murolet has not granted the Defendants a license to the rights under the '755 patent.

### United States Patent No. 8,316,997

27.     On November 27, 2012, the USPTO duly and legally issued United States Patent No. 8,316,997 ("the '997 patent") entitled "Elevator group control system" to inventors Masayuki Mitsuda, et al.

28.     The '997 patent is presumed valid under 35 U.S.C. § 282.

29.     Murolet owns all rights, title, and interest in the '997 patent.

30.     Murolet has not granted the Defendants a license to the rights under the '997 patent.

### CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 8,162,109

31.     Murolet repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

5

32.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '109 patent.

33.     On information and belief, Schindler provides an elevator system comprising a plurality of elevator cars.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators/schindler-7000/_jcr_content/contentPar/downloadlist/downloadList/35_1367592516058.download.asset.35_1367592516058/schindler-7000-high-rise-solutions.pdf.

34.     On information and belief, Schindler's elevator systems use the PORT destination control system to provide a plurality of landing destination operating panels on a plurality of stop floors for enabling call registration:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/24_151249 1175537.download.asset.24_1512491175537/schindler-modernization-brochure.pdf; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology-key-features.htm.

35.      On information and belief, the PORT destination operating system is a group supervisory control apparatus for selecting the car responding to the destination call registration. Schindler's PORT technology creates a seamless link to destination-dispatch technology, allowing passengers to select their desired floor number before entering the elevator. Schindler's PORT technology main controller, selects the elevator cars that respond to destination calls that it receives from each PORT pedestal and PORT wall-mounted devices, which are located on each landing floor:



A Schindler Destination Interface modernization

Machine room

Lobby and intermediate floors

Building management system

Elevator cars

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_151249 1303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

36.    On information and belief, the PORT destination operating system is a group supervisory device that can limit and organize the number of destination call registrations by grouping both passengers and stops existing in the same direction:

8



Floor 5

Floor 4

Floor 3

Floor 2

Floor 1

Lobby

6 passengers    6 passengers    6 passengers    6 passengers
1 stop    1 stop    2 stops    3 stops

**The PORT Technology**

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadList_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf. *See also* https://youtu.be/pEjVKK2V3Rw.

37.     On information and belief, Schindler's PORT destination operating system acts a group supervisory control apparatus, which can count the number of destination call registrations for the stop floors existing in the same direction that was made from the several PORT pedestal or PORT wall-mounted devices on the hall floors of the building. The PORT system groups the destination call registrations to a single car based on the request that it receives, reducing the number of stops the elevator car has to make.

38.     On information and belief, Schindler directly infringes at least claims 1 and 3 of the '109 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

39.     On information and belief, Schindler has been on notice of the '109 patent at least as early as the filing and service of the Complaint in this action.

40.     On information and belief, at least since its post-filing knowledge of the '109 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '109 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

41.     On information and belief, at least since its post-filing knowledge of the '109 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

42.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

43.     On information and belief, Schindler's customers directly infringe at least claims 1 and 3 of the '109 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

44.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '109 patent, indirectly infringing and continues to indirectly infringe at least claims 1 and 3 of the '109 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

45.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

11

**Count II – Infringement of United States Patent No. 8,172,044**

46.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

47.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '044 patent

48.     On information and belief, Schindler provides elevators equipped with the PORT destination control system that performs group supervisory control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

49.     On information and belief, Schindler's PORT system acts as car call registration devices (using PORT pedestals and PORT wall-mounted devices) which are

used by passengers that are entering the elevator area to register their request on the

unit:



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *See also*
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-technology.html.

50.    On information and belief, the PORT destination operating system has a

building specification data storage section in which building specification data is stored.



13

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_1512491303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

51.     On information and belief, the PORT destination operating system has

a floor judgment section that makes a judgment as to whether or not a departure floor is

a specially-assigned floor:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

52.     On information and belief, Schindler's PORT system has a

traffic condition judgment section that constantly tracks traffic flow and intensity,

identifying journey patterns and peak periods, to respond to passenger demand.

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

14

53. On information and belief, Schindler's PORT system has an assignment control section that performs assignment of the car on the basis of results of the traffic condition judgment section.

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

54. On information and belief, Schindler directly infringes at least claim 1 of the '044 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Schindler 7000 and PORT destination selection system and technology.

55. On information and belief, Schindler has been on notice of the '044 patent at least as early as the filing and service of the Complaint in this action.

56. On information and belief, at least since its post-filing knowledge of the '044 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '044 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

57. On information and belief, at least since its post-filing knowledge of the '044 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

58. On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

59. On information and belief, Schindler's customers directly infringe at least claim 1 of the '044 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

16

60.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '044 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '044 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

61.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

## Count III – Infringement of United States Patent No. 8,196,711

62.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

63.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '711 patent.

64.     On information and belief, Schindler's PORT technology that performs group management control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

65.     On information and belief, Schindler's elevator systems use the PORT system allows a change in the maximum speed or acceleration of the elevator cars according to car load or moving distance of the cars:



*See* technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *see also* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also* https://youtu.be/pEjVKK2V3Rw.

66.     On information and belief, Schindler's elevator systems use the PORT system which has destination floor registration units that register destination floors according to a call into the call registration device:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

67.     On information and belief, Schindler's elevator systems use the PORT system which has an assignment control unit which includes a prediction time calculation unit:




With The PORT Technology by Schindler, the Personal Transit Management system, the travelers' only requirement is to simply communicate their identity and required destination at a PORT Terminal. The PORT Technology takes care of the rest by planning and executing a seamless journey using an optimal route designed to take the shortest possible time to complete. To achieve this, Schindler has developed unique ways of communicating with building occupants, which take the human interface to an entirely new level.

The PORT Technology can even anticipate needs before they are communicated, the ultimate skill of the experienced personal assistant. And ultimately, that's the key to the service that the PORT Technology provides. During day-to-day business and even during emergencies, the PORT Technology is there to make the complex business of moving from one location to another in a modern building hassle-free for the individual and – in doing so – extremely efficient for everyone.

See https://www.youtube.com/watch?v=7yy2lvHLqiQ;
https://youtu.be/pEjVKK2V3Rw;
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf;
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ.

68.     On information and belief, the PORT destination operating system

uses estimated time of dispatch and calculates a change of the moving distance of each

elevator car after the call assignment based on the destination floor and calculates each

floors arrival prediction time and uses speed or acceleration according to a calculated

value of the change of the moving distance:



See
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; see also https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

69.     On information and belief, Schindler directly infringes at least claim 1 of the '711 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Schindler 7000 and PORT destination selection technology.

70.     On information and belief, Schindler has been on notice of the '711 patent at least as early as the filing and service of the Complaint in this action.

71.     On information and belief, at least since its post-filing knowledge of the '711 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '711 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

72.     On information and belief, at least since its post-filing knowledge of the
'711 patent, Schindler knows that the acts it induced customers to take constitute patent
infringement and Schindler's encouraging acts result in direct infringement by
customers.

73.     On information and belief, Schindler instructs and continues to instruct
customers to use the PORT system including, without limitation, through Schindler's
placement of the elevator systems using the PORT technology in buildings throughout
this judicial district.

74.     On information and belief, Schindler's customers directly infringe at least
claim 1 of the '711 patent, in violation of 35 U.S.C. § 271(a), through their use of the
Schindler elevator and PORT systems.

75.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b)
and has been, at least since its post-filing knowledge of the '711 patent, indirectly
infringing and continues to indirectly infringe at least claim 1 of the '711 patent by
knowingly and specifically intending to induce infringement by others (including,
without limitation, Schindler's users) and possessing specific intent to encourage
infringement by Schindler's users.

76.     Schindler's direct and/or indirect infringement has damaged Murolet and
caused it to suffer and continue to suffer irreparable harm and damages as a result of
Schindler's infringement.

## Count IV – Infringement of United States Patent No. 8,286,755

77.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

78.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '755 patent.

79.     On information and belief, Schindler provides an elevator system using the PORT destination system and technology that performs group management control of a plurality of elevators.



The PORT Technology

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-

technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf.

80.    On information and belief, Schindler's elevators use the PORT system

which has destination floor registration units that register destination floors according

to a call into the call registration device:



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadList/464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

81.    On information and belief, Schindler's elevator use the PORT system

and have a display device that displays the car that has been assigned the plurality of

car calls. The PORT system consists of inside car door jamb indicators.



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also*
https://youtu.be/pEjVKK2V3Rw.

82.     On information and belief, the PORT destination operating system has a limit value setting means for individually setting, for each of the plurality of floors, a limit value for limiting a count of the plurality of car calls that can be assigned to the same car. The Schindler PORT system and technology collects passenger information, analyzes their requests, gauges traffic demand:

> When a request for service is made to even a comparatively small elevator group of, say 4 elevators serving 15 floors, there are over 7 trillion possible ways of serving that call while fully considering all the other calls currently in the system. In order to find the best one we need to consider them all, and do it in a fraction of a second so we can respond to the user. A seemingly impossible task which is why no-one has ever attempted it.
>
> Except Schindler
> We found the secret 10 years ago and have been refining it ever since.
> It's reached a whole new level in The PORT Technology.
>
> › The PORT Technology is how Schindler does Traffic Management.
> › The PORT Technology has the most advanced elevator control ever conceived.
> › The PORT Technology will find the 1 in 7 trillion ride that's right for each user.
>
> Just to put this in perspective, it's like finding one star out of 27 galaxies, every time a call is put into the system. Tough mathematics indeed and producing it has taken Schindler over 30 years of research effort. But it's worth it because every passenger using a PORT-based system knows that the ride they are having is the very best that can be provided by the elevators available in the prevailing traffic. And that means that at all times you can be assured that your elevator system is running at its pinnacle of performance.

*See*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YTU2ODY1OQ; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_1542393788024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

83.     On information and belief, the PORT destination operating system has a limit value setting means for individually setting, for each of the plurality of floors, a limit value for limiting a count of the plurality of car calls that can be assigned to the same car. The Schindler PORT system and technology main controller software

analyzes all the calls assigned to each car. The new car call is assigned based on the direction of the existing calls:



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also* https://www.youtube.com/watch?v=pEjVKK2V3Rw

84.    On information and belief, the PORT destination operating system main controller software has a candidate car selecting means for comparing the limit value set to a floor where the new car call is made and the call count of the each car, to thereby select, as a candidate car, the car to which the new car call can be assigned from among the car:



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ ; *see also* https://www.theporttechnology.com/page/theporttechnology.html

85.    On information and belief, Schindler directly infringes at least claim 1 of the '755 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

26

86.     On information and belief, Schindler has been on notice of the '755 patent at least as early as the filing and service of the Complaint in this action.

87.     On information and belief, at least since its post-filing knowledge of the '755 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '755 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT system and technology.



See https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

88.     On information and belief, at least since its post-filing knowledge of the '755 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

89.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

90.     On information and belief, Schindler's customers directly infringe at least claim 1 of the '755 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevators and PORT systems.

91.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '755 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '755 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

92.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

### Count V – Infringement of United States Patent No. 8,316,997

93.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

94.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States

28

that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the
'997 patent

95.     On information and belief, Schindler provides the PORT system, which is
an elevator group control system that controls of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/elevators.html#button.

96.     On information and belief, Schindler's elevators use the PORT technology
which provides destination operating panels (PORT pedestal and PORT wall-mounted
devices) which are used by passengers that are entering the elevator area to register
their request on the unit:



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-

technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

97.    On information and belief, the PORT destination operating system acts as a group boarding device for registering users that will use an elevator as a group.

**Access and individualization**

Schindler ID allows the building to be subdivided into different zones with clearly defined access restrictions. The building manager can configure the access zones directly on-site by using the system software that is accessible on a central control station. The access restrictions are defined by individual rights, authorizations and requirements.



The terminals allow the configuration of individual needs for passengers and trips that require more room in the car, for instance, when transporting baggage or goods, shopping carts, hospital beds or hotel service carts.

**PORT for hospitals**

– Improved elevator efficiency helps staff, patients and visitors move quickly and seamlessly
– The PORT system can allocate more elevator space or extend the time elevator doors remain open for the transfer of patients and equipment
- PORT helps ensure only approved staff and visitors can access secure floors
– Individual elevators can be assigned for gurney transport for discreet, direct floor-to-floor accommodation to promote patient dignity and privacy
  PORT has the ability to designate elevators to separate the transport of clean and soiled equipment, supplies, food, linens or waste

*See* https://youtu.be/pEjVKK2V3Rw *; see also* https://www.youtube.com/watch?v=7yy2lvHLqiQ *;* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

Case 6:20-cv-01011   Document 44   Filed 03/29/22   Page 54 of 183

98.     On information and belief, the PORT destination operating system has a head count storage section. The PORT system estimates the number of people behind each hall call and gives the call an appropriate weighting and each passenger is equally important in the evaluation.  The estimate of the number of people behind a hall call is continually updated. The management system and the software algorithms can analyze real-time data and update the information in the system:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147128 7019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124 91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf

31

99.   On information and belief, Schindler's PORT technology software has an assigned car determination section, which determines a car to be assigned to a hall car call on the basis of the number of users stored in the user head-count storage section.



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_141287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

100.   On information and belief, Schindler directly infringes at least claim 1 of the '997 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

101.   On information and belief, Schindler has been on notice of the '997 patent at least as early as the filing and service of the Complaint in this action.

102.   On information and belief, at least since its post-filing knowledge of the '997 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '997 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT system and technology.

32



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-technology.html.

103.    On information and belief, at least since its post-filing knowledge of the
'997 patent, Schindler knows that the acts it induced customers to take constitute patent
infringement and Schindler's encouraging acts result in direct infringement by
customers.

104.    On information and belief, Schindler instructs and continues to instruct
customers to use the PORT system including, without limitation, through Schindler's
placement of the elevator systems using the PORT technology in buildings throughout
this judicial district.

105.    On information and belief, Schindler's customers directly infringe at least
claim 1 of the '997 patent, in violation of 35 U.S.C. § 271(a), through their use of the
Schindler elevator and PORT systems.

33

106.    On information and belief, Schindler is in violation of 35 U.S.C. § 271(b)
and has been, at least since its post-filing knowledge of the '997 patent, indirectly
infringing and continues to indirectly infringe at least claim 1 of the '997 patent by
knowingly and specifically intending to induce infringement by others (including,
without limitation, Schindler's users) and possessing specific intent to encourage
infringement by Schindler's users.

107.    Schindler's direct and/or indirect infringement has damaged Murolet and
caused it to suffer and continue to suffer irreparable harm and damages as a result of
Schindler's infringement.

## JURY DEMANDED

108.    Pursuant to Federal Rule of Civil Procedure 38(b), Murolet hereby
requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Murolet respectfully requests this Court to enter judgment in Murolet's favor and
against Schindler as follows:

a.  finding that Schindler has infringed one or more claims of the '109 patent under
    35 U.S.C. §§ 271(a) and/or (b);

b.  finding that Schindler has infringed one or more claims of the '044 patent under
    35 U.S.C. §§ 271(a) and/or (b);

c.  finding that Schindler has infringed one or more claims of the '711 patent under
    35 U.S.C. §§ 271(a) and/or (b);

d.  finding that Schindler has infringed one or more claims of the '755 patent under
    35 U.S.C. §§ 271(a) and/or (b);

e.  finding that Schindler has infringed one or more claims of the '997 patent under
    35 U.S.C. §§ 271(a) and/or (b);

f.  awarding Murolet damages under 35 U.S.C. § 284, or otherwise permitted by
    law, including supplemental damages for any continued post-verdict
    infringement;

g.  awarding Murolet pre-judgment and post-judgment interest on the damages
    award and costs;

h.  awarding cost of this action (including all disbursements) and attorney fees
    pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

i.  awarding such other costs and further relief that the Court determines to be just
    and equitable.


Dated: October 30, 2020                      Respectfully submitted,


                                             /s/Raymond W. Mort, III
                                             Raymond W. Mort, III
                                             Texas State Bar No. 00791308
                                             raymort@austinlaw.com

                                             THE MORT LAW FIRM, PLLC
                                             100 Congress Avenue, Suite 2000
                                             Austin, Texas 78701
                                             Tel/Fax: 512-865-7950

                                             *Of Counsel:*
                                             Ronald M. Daignault (*pro hac vice* to be filed)

                                             35

Chandran B. Iyer (*pro hac vice* to be filed)
Jason Charkow (*pro hac vice* to be filed)
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
jcharkow@ goldbergsegalla.com
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700

Attorneys for *Murolet LLC*

36

AO 440 (Rev. 06/12) Vorladung in einer Zivilklage

# BEZIRKSGERICHT DER VEREINIGTEN STAATEN
## WESTLICHER BEZIRK VON TEXAS

**MUROLET, LLC,**
*Kläger*

./. Zivilklage-Nr. **6:20-CV-01011-ADA**

**SCHINDLER GROUP, AG,**
*Beklagter*

### VORLADUNG IN EINER ZIVILKLAGE

AN: **Schindler Holding Ltd.**
    **a/k/a Schindler Group, AG**
    **Seestrasse 55**
    **6052 Hergiswil, NW**
    **Switzerland**

Es wurde eine Klage gegen Sie eingereicht.

Innert 21 Tagen ab Zustellung dieser Vorladung an Sie (der Tag, an dem Sie sie erhalten haben, wird nicht mitgezählt) - oder innert 60 Tagen, wenn Sie die Vereinigten Staaten oder eine US-Behörde oder ein Büro oder ein Angestellter der Vereinigten Staaten sind, wie in Fed. R. Civ. P. 12 (a)(2) oder (3) geregelt – müssen Sie dem Kläger eine Antwort auf die beigefügte Klage oder einen Antrag gemäss Regel 12 der «Federal Rules of Civil Procedure» (Bundesweite Regeln im Zivilprozess) zustellen. Die Antwort oder der Antrag muss dem Kläger oder dem Anwalt des Klägers zugestellt werden, dessen Name und Anschrift lautet:

    **Zachary H. Ellis**
    **Daignault Iyer LLP**
    **8618 Westwood Center Drive**
    **Suite 150**
    **Vienna, VA 22182**

Reagieren Sie nicht, wird gegen Sie ein Versäumnisurteil über die in der Klage geforderten Ansprüche erlassen. Sie müssen Ihre Antwort oder Ihren Antrag auch bei Gericht einreichen.

**PHILIP J. DEVLIN**
GERICHTSDIENERIN
**s/SHINITA VELASQUEZ**
STELLVERTRETENDER GERICHTSDIENER



**AUSGESTELLT AM 21.07.2022 UM 12:57:06 UHR**

AO 440 (Rev. 06/12) Vorladung in einer Zivilklage (Seite 2)

Zivilklage-Nr. 6:20-CV-01011-ADA

## NACHWEIS DER ZUSTELLUNG
### *(Dieser Abschnitt sollte nicht bei Gericht eingereicht werden, es sei denn, dies ist gemäss Fed. R. Civ. P. 4(l) erforderlich)*

Diese Vorladung für *(Name der Person und Titel, falls vorhanden)*_____
ist bei mir am *(Datum)* eingegangen_____.

☐ Ich habe der Person die Vorladung persönlich zugestellt am Ort *(Ort)*_____
_____am *(date)*_____; oder

☐ Ich habe die Vorladung am Wohnsitz oder gewöhnlichen Aufenthaltsort der Person bei *(Name)*___
_____, einer dort wohnhafte Person geeigneten Alters und
Einsichtsfähigkeit, am *(Datum)* hinterlegt_____, und eine Kopie an die letzte bekannte Anschrift
der Person geschickt; oder

☐ Ich habe die Vorladung an *(Name der Einzelperson)* zugestellt_____, die
gesetzlich befugt ist, Zustellungen im Namen von *(Name der Organisation)* entgegenzunehmen___
_____
_____und zwar am *(Datum)*_____; oder

☐ Ich habe die Vorladung unvollstreckt zurückgeschickt, weil_____;

☐ oder Sonstiges (angeben):_____
_____
_____

Mein Honorar beträgt USD __für Reisen und USD _____für Dienstleistungen, also insgesamt USD
_____. Ich erkläre unter Strafandrohung, dass diese Angaben der Wahrheit

entsprechen.

Datum: _____

_____
*Unterschrift des Zustellenden*


_____
*Gedruckter Name und Titel*


_____
*Adresse des Zustellenden*

Zusätzliche Informationen zu versuchter Zustellung usw:
_____
_____

JS 44 (Rev. 06/17)

# ZUSAMMENFASSUN

Die Zusammenfassung der Klageschrift (Formblatt JS 44) und die darin enthaltenen Informationen ersetzen oder ergänzen nicht die Einreichung und Zustallung von Schriftsätzen oder anderen Unterlagen, die gesetzlich vorgeschrieben sind, es sei denn, dies ist in den örtlichen Gerichtsvorschriften vorgesehen. Dieses von der »Judicial Conference of the United States, der Justizkonferenz der Vereinigten Staaten, im September 1974 genehmigte Formblatt ist erforderlich, damit durch das Gerichtsschreiber eine Erstellung der Zivilprozessliste erfolgt. (SIEHE ANLEITUNGEN AUF DER NÄCHSTEN SEITE DIESES FORMBLATTES.)

| I. (a) KLÄGER | BEKLAGTE |
|---|---|
| Murolet, LLC | Schindler Group, AG |

| (b) Bezirk, in dem der erstgenannte Kläger gemeldet ist | Bezirk, in dem der erstgenannte Beklagte gemeldet ist |
|---|---|
| (AUSSER IN FÄLLEN, IN DENEN DIE VEREINIGTEN STAATEN ALS KLÄGER AUFTRETEN) | (NUR IN FÄLLEN, IN DENEN DIE VEREINIGTEN STAATEN ALS KLÄGER AUFTRETEN) |
| | HINWEIS: IN FÄLLEN DER ENTEIGNUNG VON GRUNDSTÜCKEN DIE LAGE DES BETREFFENDEN GRUNDSTÜCKS. |
| (c) Anwälte (Name, Anschrift und Telefonnummer der Kanzlei) The Mort Law Firm, PLLC 100 Congress Ave, Suite 2000, Austin, TX 78701 (512) 865-7950 | Anwälte (soweit bekannt) |

## II. GRUNDLAGE DES GERICHTSSTANDES (Nur ein Kästchen mit einem »X« versehen)

☐ 1 U.S. Regierung Kläger AUFTRETEND)
☒ 3 Bundesfrage (US-REGIERUNG NICHT ALS PARTEI

☐ 2 U.S. Regierung Beklagter Parteien in Punkt III)
☐ 4 Diversität (Angabe der Staatsangehörigkeit der

## III. STAATSANGEHÖRIGKEIT DER HAUPTPARTEIEN (Kreuzen Sie ein Kästchen für den Kläger an (nur bei Diversitätssachen) und ein Kästchen für den Beklagten)

| | KLG. | BEKL. | | KLG. BEKL. |
|---|---|---|---|---|
| Bürger dieses Bundesstaates | 1 | 1 | Eingetragen oder Hauptort der Geschäftstätigkeit in diesem Bundesstaat | ☐ 4 ☐ 4 |
| Bürger eines anderen Bundesstaates | 2 | | Eingetragen und Hauptort | 5 |

## IV. ART DER KLAGE (Nur ein Kästchen mit »X« versehen)

Hier klicken für die: Codebeschreibungen zur Art der Klage.

| VERTRAGLICH | DELIKTISCH | | EINZIEHUNG/BESTRAFUNG | INSOLVENZ | SONSTIGE GESETZE |
|---|---|---|---|---|---|
| ☐ 110 Versicherung | PERSONENSCHÄDEN | PERSONENSCHÄDEN | ☐ 625 Drogenbezogene Beschlagnahme von Eigentum 21 USC 881 | ☐ 422 Rechtsbehelf 28 USC 158 | ☐ 375 Gesetz über falsche |
| ☐ 120 Marine | ☐ 310 Flugzeug | ☐ 365 Personenschäden 315 | ☐ 690 Sonstiges | ☐ 423 Rücknahme | Behauptungen 376 Qui Tam (31 |
| ☐ 130 Miller-Gesetz | ☐ Flugzeugprodukte | Produkthaftung 367 | | 28 USC 157 | USC |
| ☐ 140 Übertragbares Instrument 150 | ☐ 320 Körperverletzung, Verleumdung und | Gesundheitsfürsorge/ | | | 3729(a)) |
| ☐ 150 Rückforderung von Überzahlungen und Vollstreckung des Urteils 151 | Verleumdung | Pharmazie Personenschäden | | EIGENTUMSRECHTE | ☐ 400 Staatliche Neuaufteilung |
| ☐ Medicare-Gesetz | ☐ 330 Bundes-Arbeitgeber | Produkthaftung Haftung | | ☐ 820 Urheberrecht | ☐ 410 Kartellrecht |
| ☐ 152 Rückforderung säumiger Studentendarlehen (ausgenommen Veteranen) | ☐ 340 Marine | ☐ 368 Asbest Produkt aus Personenschäden | | ☒ 830 Patent | ☐ 430 Banken und Bankwesen 450 |
| ☐ 153 Rückforderung von zu viel gezahlten Veteranenleistungen | ☐ 345 Merkenprodukt-Haftung | Produkthaftung Haftung | | ☐ 835 Patente – abgekürzter Antrag auf Arzneimittel | ☐ Handel |
| ☐ 160 Aktionärsklagen | ☐ 350 Kraftfahrzeug | PERSÖNLICHES EIGENTUM | | | ☐ 460 Abschiebung |
| ☐ 190 Sonstiger Vertrag | ☐ 355 Kraftfahrzeug-Produkthaftung | ☐ 370 Sonstiger Betrug | ARBEITSRECHT | SOZIALE SICHERHEIT | ☐ 470 Erpresserische und korrupte |
| ☐ 195 Vertragliche Produkthaftung 196 | ☐ 360 Sonstige Personen-Sachschäden 362 Personenschäden – Ärztliche Kunstfehler | ☐ 371 Wahrheit bei der Kreditvergabe | ☐ 710 Gesetz über gerechte Arbeitsnormen | ☐ 861 HIA (1395ff) | Organisationen (Racketeer Influenced and Corrupt Organizations) |
| ☐ Franchise | | ☐ 380 Sonstiges Personal- Sachschäden- 385 Produkthaftung | ☐ 720 Beziehungen zwischen Arbeitnehmern und Arbeitgebern | ☐ 862 Schwarze Lunge (923) | ☐ 480 Verbraucherkredit |
| | | | ☐ 740 Eisenbahnarbeitergesetz 751 Gesetz über Familien- und | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Kabel/Sat-TV |
| | | | Krankheits urlaub | ☐ 864 SSID Titel XVI | ☐ 850 Wertpapiere/Rohstoffe/Börse |
| | | | ☐ 790 Sonstige arbeitsrechtliche Streitigkeiten 791 Gesetz über Einkommens- | ☐ 865 RSI (405(g)) | ☐ 890 Sonstige Rechtsakte 891 Agrargesetze |
| IMMOBILIEN | BÜRGERRECHTE | ANSUCHEN VON | sicherheit bei Arbeitnehmern im | BUNDESRECHTLICHE | ☐ 893 Umweltangelegenheiten 895 |
| ☐ 210 Enteignung von Grundstücken | ☐ 440 Sonstige Bürgerrechte 441 | Habeas Corpus: | EINWANDERUNG | ☐ 870 Steuern (US-Kläger oder Beklagter) | Gesetz |
| ☐ 220 Zwangsvollstreckung | ☐ Wahlrecht | ☐ 463 Ausländische Häftlinge 510 | ☐ 462 Einbürgerungsantrag | ☐ 871 IRS-Drittpartei | ☐ 896 Schiedsgerichtbarkeit |
| ☐ 230 Miete, Pacht und Zwangsräumung 240 | ☐ 442 Beschäftigung | ☐ Anträge auf Erlass | ☐ 465 Sonstige Einwanderungsmaßnahmen | 26 USC 7609 | ☐ 899 |
| ☐ Delikte an Grund und Boden | ☐ 443 Unterbringung/ sozialer Wohnungsbau | der Strafe | | | Verwaltungsverfahrensgesetz/Überprüf ung oder Berufung gegen eine |
| ☐ 245 Deliktische Produkthaftung 290 Alle anderen Immobilien | ☐ 445 US-Bürger mit Behinderungen – Beschäftigung | ☐ 520 Allgemeines | | | Entscheidung einer Behörde |
| | ☐ 446 US-Bürger mit Behinderungen – Sonstige | ☐ 535 Todesstrafe Andere: | | | ☐ 950 Verfassungsmäßigkeit von staatlichen Gesetzen |
| | ☐ 448 Bildung | ☐ 540 Mandamus & Sonstiges 550 | | | |
| | | ☐ 555 Haftbedingungen 560 Zivilhaftung- Haftbedingungen | | | |

## V. URSPRUNG (Nur ein »X« in einem Feld eintragen)

☒ 1 Ursprüngliches Verfahren
☐ 2 Vom bundesstaatlichen Gericht abgesetzt
☐ 3 Vom Berufungsgericht zurückverwiesen
☐ 4 Wiedereingesetzt oder wiedereröffnet
☐ 5 Von einem anderen Bezirk versetzt (Angabe)
☐ 6 Multidistriktale Rechtsstreitigkeiten – Übertragung
☐ 8 Multidistriktale Rechtsstreitigkeiten – Direkte Einreichung

## VI. KLAGEGRUND

Nennen Sie das US-Zivilgesetz, nach dem Sie die Klage einreichen (zitieren Sie keine Zuständigkeitsgesetze, es sei denn, es handelt sich um Diversität): 35 U.S.C. § 1 et seq

Kurze Beschreibung der Ursache:
Patentverletzungen

## VII. ERSUCHT IN BESCHWERDE:

☐ ANKREUZEN, WENN ES SICH UM EINE SAMMELKLAGE GEMÄSS REGEL 23, F.R.C.V.P. HANDELT

GEFORDERTE $

JA ANKREUZEN nur dann, wenn in der Beschwerde gefordert:
GESCHWORENENGERICHT GEFORDERT: ☐ Ja ☐ Nein

## VIII. VERWANDTE(R) FALL/FÄLLE WENN, WELCHE FÄLLE (Siehe Anweisungen):

RICHTER
AKTENZEICHEN

DATUM
30. Oktober 2020

UNTERSCHRIFT DES RECHTSANWÄLTES
/s/ Raymond W. Mort, III

NUR FÜR DEN GEBRAUCH DURCH DIE KANZLEI

EMPFANGSQUITTUNG #        BETRAG        ANWENDUNG VON IFP        RICHTER        MAG. RICHTER

VOR DEM BEZIRKSGERICHT DER
VEREINIGTEN STAATEN FÜR DEN
WESTLICHEN BEZIRK VON TEXAS, BEREICH
WACO

MUROLET, LLC,

als Kläger,

./.

SCHINDLER GROUP, AG,

als Beklagter.

Fall Nr. 6:20-cv-01011

Geschworenenprozess gefordert

## KLAGE WEGEN PATENTVERLETZUNG

Der Kläger, die Murolet LLC, («Murolet») erhebt durch seinen unterzeichneten

Rechtsbeistand diese Klage gegen den Beklagten, die Schindler Group AG,

(«Schindler») wegen Verletzung der US-Patente Nr. 8.162.109; 8.172.044; 8.196.711;

8.286.755; und 8.316.997 (die «Klagepatente») und behauptet Folgendes:

## ART DER KLAGE

1.      Es handelt sich um eine Klage wegen Patentverletzung nach dem

Patentrecht der Vereinigten Staaten, 35 U.S.C. §§ 1 ff.

## DIE PARTEIEN

2.      Der Kläger Murolet ist eine nach dem Recht des

Commonwealth of Pennsylvania gegründete Gesellschaft.

3.      Nach bestem Wissen und Gewissen ist der Beklagte Schindler eine

ordnungsgemäss nach schweizerischem Recht gegründete und eingetragene ausländische

Gesellschaft mit Hauptsitz in der Zugerstrasse 13, 6030 Ebikon, Schweiz.

4.      Nach bestem Wissen und Gewissen entwirft, produziert, verkauft,

importiert, vertreibt, bewirbt und/oder fördert Schindler die beschuldigten

rechtsverletzenden Produkte in den Vereinigten Staaten, im Bundesstaat Texas und in

diesem Gerichtsbezirk und bietet diese bietet zum Verkauf an.

## GERICHTSSTAND

5.      Das Gericht ist gemäss 28

U.S.C. §§ 1331 und 1338(a) für diese Klage zuständig, da sie sich aus den Patentgesetzen der

Vereinigten Staaten ergibt, 35 U.S.C. §§ 1 *ff.*

6.      Schindler unterliegt der persönlichen Zuständigkeit dieses Gerichts
gemäss

due process und/oder dem «Texas Long Arm Statute», weil der Beklagte «eine

unerlaubte Handlung ganz oder teilweise in diesem Staat begeht». *Vgl.* Tex. Civ.

Prac. & Rem. Code § 17.042.

7.      Dieses Gericht ist für Schindler persönlich zuständig, weil Schindler

(direkt und/oder über seine Tochtergesellschaften, verbundenen Unternehmen oder

Zwischenhändler) in diesem Gerichtsbezirk Verletzungshandlungen begangen hat

und weiterhin begeht, die jedenfalls gegen 35 U.S.C. § 271(a) verstossen.

committed and continues to commit acts of infringement in this judicial district in

violation of at least 35 U.S.C. § 271(a). Insbesondere verwendet, verkauft, importiert,

bewirbt und/oder fördert Schindler auf andere Weise rechtsverletzende Produkte in

Fall 6:20-cv-01011 Dokument 1 Eingereicht am 30.10.2020 Seite 3 von 37

den Vereinigten Staaten, im Bundesstaat Texas und in diesem Gerichtsbezirk und bietet diese zum Verkauf an.

8.     Nach bestem Wissen und Gewissen unterliegt Schindler der Gerichtsbarkeit des Gerichts, da Schindler ausreichende Mindestkontakte zu diesem Gerichtsstand hat, und zwar aufgrund von Geschäften, die innerhalb des Staates Texas und dieses Gerichtsbezirks getätigt werden. Insbesondere verfügt dieses Gericht über persönliche Zuständigkeit für Schindler, weil Schindler nach seinen Informationen und Überzeugungen erhebliche, kontinuierliche und systematische Geschäftskontakte in diesem Gerichtsbezirk unterhält und erhebliche Einnahmen aus Waren erzielt, die an Privatpersonen in diesem Gerichtsbezirk geliefert werden.

9.     Schindler hat absichtlich die Privilegien der Geschäftstätigkeit in diesem Gerichtsbezirk in Anspruch genommen, hat ausreichende Mindestkontakte zu diesem Gerichtsbezirk hergestellt, so dass es vernünftigerweise und fairerweise damit rechnen sollte, in diesem Gerichtsbezirk vor Gericht gestellt zu werden, hat absichtlich Aktivitäten an Einwohner dieses Gerichtsbezirks gerichtet, und zumindest ein Teil der in dieser Klage behaupteten Patentverletzungsansprüche ergeben sich aus einer oder mehreren der vorgenannten Aktivitäten oder stehen damit in Zusammenhang.

10.     Der Gerichtsstand für den Beklagten Schindler, der eine nach Schweizer Recht organisierte Gesellschaft ist, ist angemessen. 28 U.S.C. § 1391(c)(3) sieht vor, dass «ein Beklagter, der seinen Wohnsitz nicht in den Vereinigten Staaten hat, in jedem Gerichtsbezirk verklagt werden kann, und dass die Verbindung eines solchen Beklagten bei der Bestimmung des Ortes, an dem die Klage in Bezug auf die anderen

Beklagten erhoben werden kann, ausser Acht gelassen wird».

## DIE GELTEND GEMACHTEN PATENTE

### United States Patent Nr. 8.162.109

11.      Am 24. April 2012 erteilte das United States Patent and Trademark Office («USPTO», das US-amerikanische Patent- und Markenamt) dem Erfinder Masaaki Amano ordnungsgemäss und rechtskräftig das US-Patent Nr. 8.162.109 («das 109er-Patent») mit dem Titel «Elevator system which limits the number of destination call registrations to be allocated to the single car» (Aufzugssystem, das die Anzahl der aufgezeichneten Zielrufe beschränkt, die einer einzelnen Kabine zugewiesen werden).

12.      Das 109er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

13.      Murolet besitzt alle Rechte, Titel und Anteile am 109er-Patent.

14.      Murolet hat Schindler keine Lizenz für die Rechte aus dem 109er-Patent erteilt.

### United States Patent Nr. 8.172.044

15.      Am 8. Mai 2012 erteilte das United States Patent and Trademark Office («USPTO») dem Erfinder Sakurako Tokura ordnungsgemäss und rechtskräftig das US-Patent Nr. 8.172.044 («das 044er-Patent») mit dem Titel «Elevator system» (Aufzugssystem).

16.      Das 044er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

17.      Murolet besitzt alle Rechte, Titel und Anteile am 044er-Patent.

18.      Murolet hat Schindler keine Lizenz für die Rechte aus dem 044er-Patent erteilt.

## United States Patent Nr. 8.196.711

19.     Am 12. Juni 2012 erteilte das USPTO dem Erfinder Sakurako Tokura

ordnungsgemäss und rechtmässig das US-Patent Nr. 8.196.711 («das 711er-Patent»)

mit dem Titel «Elevator system» (Aufzugssystem).

20.     Das 711er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

21.     Murolet besitzt alle Rechte, Titel und Anteile am 711er-Patent.

22.     Murolet hat den Beklagten keine Lizenz für die Rechte aus dem 711er-

Patent erteilt.

## United States Patent Nr. 8.286.755

23.     Am 16. Oktober 2012 erteilte das USPTO den Erfindern Masaharu Eto, et

al. ordnungsgemäss und rechtmässig das US-Patent Nr. 8.286.755 («das 755er-

Patent») mit dem Titel «Group management controller of elevator including limit

value setting means for setting a limit value for limiting a count of car calls»

(Gruppenverwaltungssteuerung für einen Aufzug mit einer

Grenzwerteinstelleinrichtung zum Einstellen eines Grenzwertes zur Begrenzung der

Anzahl der Kabinenrufe).

24.     Das 755er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

25.     Murolet besitzt alle Rechte, Titel und Anteile am 755er-Patent.

26.     Murolet hat den Beklagten keine Lizenz für die Rechte aus dem 755er-

Patent erteilt.

## United States Patent Nr. 8.316.997

27.     Am 27. November 2012 erteilte das USPTO den Erfindern Masayuki

Mitsuda, et al. ordnungsgemäss und rechtmässig das US-Patent Nr. 8.316.997 («das

997er-Patent») mit dem Titel «Elevator group control system» (Aufzugs-Gruppensteuerungssystem).

28.    Das 997er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

29.    Murolet besitzt alle Rechte, Titel und Anteile am 997er-Patent.

30.    Murolet hat den Beklagten keine Lizenz für die Rechte aus dem 997er-Patent erteilt.

## VORBRINGEN

### Anklagepunkt I – Verletzung des US-Patents Nr. 8.162.109

31.    Murolet wiederholt und bekräftigt die Behauptungen in den vorstehenden Absätzen und nimmt sie durch Bezugnahme so auf, als wären sie hier vollständig wiedergegeben.

32.    Nach den vorliegenden Informationen entwickelt, fertigt, verkauft oder stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten Staaten her, die (wörtlich und/oder nach der Lehre von den Äquivalenten) mindestens Behauptung 1 des 109er-Patents verletzen.

33.    Nach den vorliegenden Informationen bietet Schindler ein Aufzugssystem mit einer Vielzahl von Aufzugskabinen an.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators/schindler-7000/_jcr_content/contentPar/downloadlist/downloadList/35_1367592516058.download.asset.35_1367592516058/schindler-7000-high-rise-solutions.pdf.

34.     Nach den vorliegenden Informationen verwenden die

Aufzugssysteme von Schindler das PORT-Zielsteuerungssystem, um eine Vielzahl

von Zielbedienfeldern in einer Vielzahl von Zieletagen für die Rufregistrierung zu

ermöglichen:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/24_1512491175537.download.asset.24_1512491175537/schindler-modernization-brochure.pdf; *Vgl. auch* https://www.schindler.com/us/internet/de/mobility-solutions/products/destination-technology/port-technology-key-features.htm.

35.     Nach den vorliegenden Informationen handelt es sich bei dem PORT-

Fall 6:20-cv-01011-Dokument 1 Eingereicht am 30.10.2020 Seite 8 von 37

Zielsteuerungssystem um ein Gruppenüberwachungsgerät für die Auswahl der Kabine, das auf die Zielortmeldung reagiert. Die PORT-Technologie von Schindler schafft eine nahtlose Verbindung zur Fahrtzielabfertigung und ermöglicht es den Fahrgästen, die gewünschte Stockwerksnummer auszuwählen, bevor sie den Aufzug betreten. Die PORT-Technologie von Schindler wählt

die Aufzugskabinen aus, die auf die Zielrufe reagieren, die sie von jeder PORT-Stele und den PORT-Wandgeräten, die sich in jedem Stockwerk befinden, erhält:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124 91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

36.    Nach    den    vorliegenden    Informationen    ist    das    PORT-Zielsteuerungssystem ein Gruppenüberwachungsgerät, das die Anzahl der Zielortanmeldungen begrenzen und organisieren kann, indem es sowohl Fahrgäste als auch Halte, die in dieselbe Richtung fahren, zu Gruppen zusammenfasst:



**The PORT Technology**

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf. *Vgl. auch* https://youtu.be/pEjVKK2V3Rw.

37.    Nach den vorliegenden Informationen handelt es sich bei dem PORT-Zielsteuerungssystem von Schindler um ein Gruppenüberwachungsgerät, das die Anzahl

Fall 6:20-cv-01011-Dokument 1 Eingereicht am 30.19.2099 Seite 10 von 37

der Zielrufmeldungen für die in gleicher Richtung bestehenden Halteetagen zählen kann, die von den verschiedenen PORT-Stelen oder PORT-Wandgeräten in den Hallenetagen des Gebäudes vorgenommen wurden. Das PORT-System gruppiert die Zielrufmeldungen für eine einzelne Kabine auf der Grundlage der erhaltenen Anfrage, wodurch die Anzahl der Halte, die die Aufzugskabine anfahren muss, reduziert wird.

38.     Nach bestem Wissen und Gewissen verletzt Schindler zumindest die Behaptungen 1 und 3 des 109er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf anbietet und verkauft.

39.     Nach den vorliegenden Informationen war Schindler das 109er-Patent mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren bekannt.

40.     Nach den vorliegenden Informationen ermutigt Schindler zumindest seit seiner Kenntnis des 109er-Patents nach der Anmeldung wissentlich seine Kunden, einen oder mehrere Ansprüche des 109er-Patents direkt zu verletzen, und tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur Verwendung der PORT-Technologie für Kunden gehört.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

41.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit seiner Kenntnis des 109er-Patents nach der Anmeldung, dass die Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung durch die Kunden führen.

42.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an, das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem Gerichtsbezirk.

43.     Nach den vorliegenden Informationen verletzen die Kunden von Schindler durch die Verwendung der Schindler-Aufzugs- und PORT-Systeme direkt mindestens die Behauptungen 1 und 3 des 109er-Patents und verstossen damit gegen

35 U.S.C. § 271(a).

44.     Nach den vorliegenden Informationen verstösst Schindler gegen 35
U.S.C. § 271(b) und hat mindestens seit seiner Kenntnis des 109er-Patents nach der
Anmeldung indirekt gegen die Behauptungen 1 und 3 des 109er-Patents verstossen
und tut dies auch weiterhin, indem das Unternehmen wissentlich und in der
ausdrücklichen Absicht, andere (insbesondere Schindlers Nutzer) zu Verstössen zu
veranlassen, und in der ausdrücklichen Absicht, die Nutzer von Schindler zu
Verstössen zu ermutigen, verstossen hat.

45.     Die unmittelbare und/oder mittelbare Rechtsverletzung durch
Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die
Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten
hat und weiterhin erleidet.

## Anklagepunkt II – Verletzung des US-Patents Nr. 8.172.044

46.     Schindler wiederholt und bekräftigt die Behauptungen in den
vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig
wiedergegeben wären.

47.     Nach bestem Wissen und Gewissen entwickelt, fertigt, verkauft oder
stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme
wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten
Staaten zur Verfügung, die (wörtlich und/oder nach der sog. «Lehre von den
Äquivalenten») mindestens Behauptung 1 des 044er-Patents verletzen.

48.    Nach den vorliegenden Informationen bietet Schindler Aufzüge an,

die mit dem PORT-Zielsteuerungssystem ausgestattet sind, das eine

Gruppenüberwachung einer Vielzahl von Aufzügen ermöglicht.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/elevators.html#button.

49.    Nach den vorliegenden Informationen fungiert das PORT-System von

Schindler als Mehrzahl von Kabinen-Rufregistrierungsgeräten (unter Verwendung von

PORT-Stelen und PORT-Wandgeräten), die von den Fahrgästen, die den

Aufzugsbereich betreten, benutzt werden, um ihre Anfrage am Gerät zu registrieren:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *Vgl. auch*
https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-
technology/port-technology.html.

50.     Nach bestem Wissen und Gewissen verfügt das PORT-

Zielsteuerungssystem über einen Speicherbereich für Gebäudedaten, in dem die

Gebäudedaten gespeichert werden.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/destination-
interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124
91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

51.     Nach den vorliegenden Informationen verfügt das PORT-
        Zielsteuerungssystem über eine

Etagenbeurteilungssektion, die beurteilt, ob eine Abfahrtsetage eine speziell zugewiesene

Etage ist oder nicht:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

52.    Nach bestem Wissen und Gewissen verfügt das PORT-System von Schindler über eine

Sektion zur Beurteilung der Verkehrslage, die den Verkehrsfluss und die

Verkehrsintensität ständig verfolgt und Fahrtenmuster und Spitzenzeiten

identifiziert, um auf die Fahrgastnachfrage zu reagieren.

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

53.    Nach bestem Wissen und Gewissen verfügt das PORT-System von

Schindler über eine Zuweisungssteuerung, die die Zuweisung der Kabine auf der

Grundlage der Ergebnisse des Bereichs zur Beurteilung der Verkehrslage vornimmt.

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

54.    Nach bestem Wissen und Gewissen verletzt Schindler direkt mindestens

Behauptung 1 des 044er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den

Schindler 7000 und das PORT-Zielwahlsystem und die entsprechende Technologie

herstellt, verwendet, zum Verkauf anbietet und verkauft.

   55. Nach den vorliegenden Informationen war Schindler das 044er-Patent

mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren

bekannt.

   56. Nach den vorliegenden Informationen ermutigt Schindler zumindest seit

seiner Kenntnis des 044er-Patents nach der Anmeldung wissentlich Kunden dazu,

einen oder mehrere Ansprüche des 044er-Patents direkt zu verletzen, und tut dies

auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die Bereitstellung

von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen für Kunden zur

Verwendung der PORT-Technologie gehört.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
  solutions/products/destination-technology/port-
  technology.html.

57.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit seiner Kenntnis des 044er-Patents nach der Anmeldung, dass die Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung durch die Kunden führen.

58.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an, das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem Gerichtsbezirk.

59.     Nach den vorliegenden Informationen verletzen die Kunden von Schindler durch die Verwendung der Aufzugssysteme und des PORT-Systems von Schindler unmittelbar mindestens Behauptung 1 des Patents '044 und verstossen damit gegen 35 U.S.C. § 271(a).

60.     Nach den vorliegenden Informationen verstösst Schindler gegen 35 U.S.C. § 271(b) und hat mindestens seit seiner Kenntnis des 044er-Patents nach der Anmeldung indirekt gegen Behauptung 1 des 044er-Patents verstossen und tut dies auch weiterhin, indem das Unternehmen wissentlich und in der ausdrücklichen Absicht, eine Verletzung durch andere (einschliesslich, aber nicht beschränkt auf Schindlers Benutzer) herbeizuführen, und in der ausdrücklichen Absicht, die Verletzung durch Schindlers Benutzer zu fördern, gegen das Patent verstossen hat.

61.     Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die

Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten

hat und weiterhin erleidet.

### Anklagepunkt III – Verletzung des US-Patents Nr. 8.196.711

62.    Schindler wiederholt und bekräftigt die Behauptungen in den

vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig

wiedergegeben wären.

63.    Nach bestem Wissen und Gewissen entwickelt, produziert, verkauft oder

stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme

wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten

Staaten zur Verfügung, die (wörtlich und/oder nach der sog «Lehre von den

Äquivalenten») mindestens Behauptung 1 des 711er-Patents verletzen.

64.    Nach bestem Wissen und Gewissen ist die PORT-Technologie von

Schindler in der Lage, eine Vielzahl von Aufzügen zu steuern.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/elevators.html#button.

65.    Nach bestem Wissen und Gewissen verwenden die Aufzugssysteme

von Schindler das PORT-System, das eine Änderung der Höchstgeschwindigkeit

oder Beschleunigung der Aufzugskabinen in Abhängigkeit von der

Kabinenbeladung oder der Fahrstrecke der Kabinen ermöglicht:



*Vgl.*
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *vgl. auch*
https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch*
https://youtu.be/pEjVKK2V3Rw.

66.     Nach bestem Wissen und Gewissen verwenden die Aufzugssysteme

von Schindler das PORT-System, das über Zieletagen-Meldegeräte verfügt, die die

Zieletagen entsprechend einem Ruf in der Rufregistriervorrichtung melden:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147
12_87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

67.     Nach bestem Wissen und Gewissen verwenden die Aufzugssysteme

von Schindler das PORT-System, das über ein Zuweisungssteuerunggerät verfügt,

das eine vorhersagende Zeitberechnungseinheit enthält:




With The PORT Technology by Schindler, the Personal Transit Management system, the travelers' only requirement is to simply communicate their identity and required destination at a PORT Terminal. The PORT Technology takes care of the rest by planning and executing a seamless journey using an optimal route designed to take the shortest possible time to complete. To achieve this, Schindler has developed unique ways of communicating with building occupants, which take the human interface to an entirely new level.

The PORT Technology can even anticipate needs before they are communicated, the ultimate skill of the experienced personal assistant. And ultimately, that's the key to the service that the PORT Technology provides. During day-to-day business and even during emergencies, the PORT Technology is there to make the complex business of moving from one location to another in a modern building hassle-free for the individual and – in doing so – extremely efficient for everyone.

*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; https://youtu.be/pEjVKK2V3Rw; https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712_87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YTU2ODY1OQ.

68.    Nach bestem Wissen und Gewissen verwendet das PORT-Zielsteuerungssystem

die geschätzte Abfertigungszeit und berechnet eine Änderung der Fahrstrecke jeder

Aufzugskabine nach der Rufzuweisung auf der Grundlage der Zieletage und berechnet die

voraussichtliche Ankunftszeit in jeder Etage und verwendet die Geschwindigkeit oder

Beschleunigung entsprechend einem berechneten Wert der Änderung der Fahrstrecke:

*Vgl.*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *vgl. auch* https://www.schindler.com/us/internet/de/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_154239
37_88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

69. Nach bestem Wissen und Gewissen verletzt Schindler zumindest

Behauptung 1 des 711er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den

Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf

anbietet und verkauft.

70. Nach bestem Wissen und Gewissen war Schindler das 711er-Patent

mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren

bekannt.

71. Nach bestem Wissen und Gewissen ermutigt Schindler zumindest seit

seiner Kenntnis des 711er-Patents nach der Anmeldung wissentlich seine Kunden,

einen oder mehrere Ansprüche des 711er-Patents direkt zu verletzen, und tut dies

auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die Bereitstellung

von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur Verwendung

der PORT-Technologie für Kunden gehört.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology.html.

72.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit

Kenntnis des Unternehmens vom 711er-Patent nach der Anmeldung, dass die

Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung

darstellen, und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung

durch die Kunden führen.

73.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an,

das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch

die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem

Gerichtsbezirk.

74.     Nach bestem Wissen und Gewissen verletzen die Kunden von Schindler

durch die Verwendung der Schindler-Aufzugs- und PORT-Systeme unmittelbar

mindestens Anspruch 1 des Patents '711 und verstossen damit gegen 35 U.S.C. §
271(a).

75.    Nach bestem Wissen und Gewissen verstösst Schindler gegen 35 U.S.C.
§ 271(b) und hat mindestens seit Kenntnis des Unternehmens vom 711er-Patent
nach der Anmeldung indirekt gegen Behauptung 1 des 711er-Patents verstossen
und tut dies auch weiterhin, indem das Unternehmen wissentlich und in der
ausdrücklichen Absicht, eine Verletzung durch andere (einschliesslich, aber nicht
beschränkt auf Schindlers Benutzer) herbeizuführen, und in der ausdrücklichen
Absicht, die Verletzung durch Schindlers Benutzer zu fördern, gegen das Patent
verstossen hat.

76.    Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler
hat Murolet geschädigt und dazu geführt, dass Murolet durch die Rechtsverletzung
von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin
erleidet.

## Anklagepunkt IV – Verletzung des US-Patents Nr. 8.286.755

77.    Schindler wiederholt und bekräftigt die Behauptungen in den
vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig
wiedergegeben wären.

78.    Nach bestem Wissen und Gewissen entwickelt, produziert, verkauft oder
stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme
wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten
Staaten bereit, die (wörtlich und/oder nach der sog. «Lehre von den Äquivalenten»)
mindestens Behauptung 1 des 755er-Patents verletzen.

79.    Nach bestem Wissen und Gewissen bietet Schindler ein Aufzugssystem

an, das das PORT-Zielsystem und die Technologie verwendet, die eine

Gruppensteuerung für eine Vielzahl von Aufzügen durchführt.



The PORT Technology

*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/elevators.html#button; *vgl. auch*
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf.

80.    Nach bestem Wissen und Gewissen verwenden die Aufzüge von

Schindler das PORT-System, das über Zieletagen-Meldegeräte verfügt, die die

Zieletagen entsprechend einem Ruf im Rufmeldegerät registrieren:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

81.    Schindlers Aufzüge verwenden das PORT-System und verfügen über ein Anzeigegerät, das anzeigt, dass einer Kabine die Mehrheit der Kabinenrufe zugewiesen wurde. Das PORT-System besteht aus Blinkern in den Türpfosten.



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch* https://youtu.be/pEjVKK2V3Rw.

82.    Nach den vorliegenden Informationen verfügt das PORT-Zielsteuerungssystem über eine Grenzwerteinstelleinrichtung, mit der für jede der mehreren Etagen ein Grenzwert zur Begrenzung der Anzahl der Kabinenrufe, die derselben Kabine zugewiesen werden können, individuell eingestellt werden kann. Das PORT-System und die zugehörige Technologie von Schindler sammelt Fahrgastinformationen, analysiert deren Anfragen und misst die Verkehrsnachfrage:



*Vgl.*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *vgl. auch* https://www.schindler.com/us/internet/de/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_154239
37_88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

83.     Nach den vorliegenden Informationen verfügt das PORT-

Zielsteuerungssystem über eine Grenzwerteinstelleinrichtung, mit der für jede

der mehreren Etagen ein Grenzwert zur Begrenzung der Anzahl der Kabinenrufe,

die derselben Kabine zugewiesen werden können, individuell eingestellt werden

kann. Die Hauptsteuerungssoftware des PORT-System von Schindler und dessen

Technologie analysiert alle den einzelnen Kabinen zugewiesenen Rufe. Ein neuer

Kabinenruf wird auf der Grundlage der Richtung der bestehenden Rufe zugewiesen:



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch*
https://www.youtube.com/watch?v=pEjVKK2V3Rw

84.    Nach bestem Wissen und Gewissen verfügt die

Hauptsteuerungssoftware des PORT-Zielsteuerungssystems über ein Mittel zur

Auswahl infrage kommender Kabinen, um den Grenzwert, der für eine Etage

festgelegt wurde, in der der neue Kabinenruf erfolgt, mit der Anzahl der Rufe der

einzelnen Kabinen zu vergleichen und dadurch die Kabine, der der neue Kabinenruf

zugewiesen werden kann, als infrage kommende Kabine zu bestimmen:



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ ; *vgl. auch*
https://www.theporttechnology.com/page/theporttechnology.html

85.    Nach bestem Wissen und Gewissen verletzt Schindler mindestens

Behauptung 1 des 755er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den

Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf

anbietet und verkauft.

86.    Nach bestem Wissen und Gewissen war Schindler das 755er-Patent

mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren

bekannt.

87.    Nach bestem Wissen und Gewissen ermutigt Schindler zumindest seit

Kenntnis des Unternehmens vom 755er-Patent nach der Anmeldung wissentlich seine

Kunden, einen oder mehrere Ansprüche des 755er-Patents direkt zu verletzen, und

tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die

Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur

Verwendung des PORT-Systems und der PORT-Technologie für Kunden gehören.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology.html.

88.   Nach bestem Wissen und Gewissen weiss Schindler zumindest seit

Kenntnis des Unternehmens vom 755er-Patent nach der Anmeldung, dass die

Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung

darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung

durch die Kunden führen.

89.   Nach bestem Wissen und Gewissen weist Schindler seine Kunden an,

das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch

die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem

Gerichtsbezirk.

90.    Nach bestem Wissen und Gewissen verletzen die Kunden von Schindler durch die Verwendung von Schindler-Aufzügen und PORT-Systemen unmittelbar mindestens Behauptung 1 des 755er-Patents und verstossen damit gegen 35 U.S.C. § 271(a).

91.    Nach bestem Wissen und Gewissen verstösst Schindler gegen 35 U.S.C. § 271(b) und hat mindestens seit Kenntnis des Unternehmens vom 755er-Patent nach der Anmeldung indirekt gegen Behauptung 1 des 755er-Patents verstossen und wird dies auch weiterhin tun, indem es wissentlich und in der ausdrücklichen Absicht, eine Verletzung durch andere (einschliesslich, aber nicht beschränkt auf Schindlers Nutzer) zu veranlassen, und in der ausdrücklichen Absicht, eine Verletzung durch Schindlers Nutzer zu fördern, handelt.

92.    Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin erleidet.

## Anklagepunkt V – Verletzung des US-Patents Nr. 8.316.997

93.    Schindler wiederholt und bekräftigt die Behauptungen in den vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig wiedergegeben wären.

94.    Nach bestem Wissen und Gewissen entwirft, produziert, verkauft oder stellt Schindler (oder die im Namen des Unternehmens handelnden Personen) Aufzugssysteme wie den Schindler 7000, der das PORT-Zielsteuerungssystem enthält,

in den Vereinigten Staaten her, die (wörtlich und/oder nach der sog. «Lehre von den Äquivalenten») mindestens Behauptung 1 des 997er-Patents verletzen.

95.    Nach bestem Wissen und Gewissen bietet Schindler das PORT-System an, bei dem es sich um ein Gruppensteuerungssystem für Aufzüge handelt, das eine



Vielzahl von Aufzügen steuert.

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

96.    Nach bestem Wissen und Gewissen verwenden die Aufzüge von Schindler die PORT-Technologie, die über Ziel-Bedienfelder (PORT-Stelen und PORT-Wandgeräte) verfügt, die von den Fahrgästen beim Betreten des Aufzugsbereichs benutzt werden, um ihre Anfrage am Gerät zu registrieren:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-

solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology.html.

97.     Nach bestem Wissen und Gewissen fungiert das PORT-

Zielsteuerungssystem als Gruppeneinstiegsgerät für die Meldung von Benutzern, die

einen Aufzug als Gruppe benutzen wollen.

**Access and individualization**

Schindler ID allows the building to be subdivided into different zones with clearly defined access restrictions. The building manager can configure the access zones directly on-site by using the system software that is accessible on a central control station. The access restrictions are defined by individual rights, authorizations and requirements.

The terminals allow the configuration of individual needs for passengers and trips that require more room in the car, for instance, when transporting baggage or goods, shopping carts, hospital beds or hotel service carts.



**PORT for hospitals**

- Improved elevator efficiency helps staff, patients and visitors move quickly and seamlessly
- The PORT system can allocate more elevator space or extend the time elevator doors remain open for the transfer of patients and equipment
- PORT helps ensure only approved staff and visitors can access secure floors
- Individual elevators can be assigned for gurney transport for discreet, direct floor-to-floor accommodation to promote patient dignity and privacy
PORT has the ability to designate elevators to separate the transport of clean and soiled equipment, supplies, food, linens or waste

*Vgl.* https://youtu.be/pEjVKK2V3Rw ; *vgl. auch* https://www.youtube.com/watch?v=7yy2lvHLqiQ ; https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

98.     Nach bestem Wissen und Gewissen verfügt das PORT-

Zielsteuerungssystem über eine Sektion zur Speicherung der Anzahl der Personen.

Das PORT-System schätzt die Anzahl der Personen, die hinter jedem Hallenruf stehen,

und gibt dem Ruf eine entsprechende Gewichtung, wobei jeder Fahrgast in der

Auswertung gleich wichtig ist. Die Schätzung der Anzahl der Personen, die hinter

einem Hallenruf stehen, wird ständig aktualisiert. Das Verwaltungssystem und die

Softwarealgorithmen können Echtzeitdaten analysieren und die Informationen im

System aktualisieren:



**How destination dispatching works**

Individual passengers, whose destinations are typically entered via a PORT device, are assigned to elevators that take them to their desired floor in the most time-efficient manner. Special features, such as longer door-open times, audible and visual cues, are available for passengers with special needs.

Identification media, such as RFID cards, can be used to pre-assign destinations or limit access to certain zones of the building. In fact, all of the features and functions of Schindler's powerful PORT Technology are available through Destination Interface.

Again, in many situations, all these benefits may be attainable without the need for a full modernization. If your building has a good basic elevator system already in place, Destination Interface is an effective solution to providing improved performance and access control with minimal impact on your tenants' time, and just as important these days ... your capital

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124_91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf

99.    Nach den vorliegenden Informationen verfügt die Software zur PORT-

Technologie von Schindler über einen Abschnitt zur Ermittlung der zugewiesenen

Kabine, der auf der Grundlage der im Abschnitt zur Speicherung der Benutzeranzahl gespeicherten Anzahl von Benutzern eine einem Kabinenruf zuzuweisende Kabine ermittelt.



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

100.    Nach bestem Wissen und Gewissen verletzt Schindler zumindest Behauptung 1 des 997er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf anbietet und verkauft.

101.    Nach bestem Wissen und Gewissen war Schindler das 997er-Patent mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren bekannt.

102.    Nach bestem Wissen und Gewissen ermutigt Schindler zumindest seit Kenntnis des Unternehmens vom 997er-Patent nach der Anmeldung wissentlich Kunden dazu, einen oder mehrere Ansprüche des 997er-Patents direkt zu verletzen, und tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die

Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur

Verwendung des PORT-Systems und der PORT-Technologie für Kunden gehören.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

103.    Nach bestem Wissen und Gewissen weiss Schindler zumindest seit

Kenntnis des Unternehmens vom 997er-Patent nach der Anmeldung, dass die

Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung

darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung

durch die Kunden führen.

104.    Nach bestem Wissen und Gewissen weist Schindler seine Kunden an,

das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch

die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem

Gerichtsbezirk.

105.    Nach bestem Wissen und Gewissen verletzen die Kunden von Schindler

durch die Verwendung der Schindler-Aufzugssysteme und der PORT-Systeme direkt
mindestens Behauptung 1 des 997er-Patents und verstossen damit gegen 35 U.S.C. §
271(a).

106.   Nach bestem Wissen und Gewissen verstösst Schindler gegen 35 U.S.C.
§ 271(b) und hat mindestens seit Kenntnis des Unternehmens vom 997er-Patent
nach der Anmeldung indirekt gegen Behauptung 1 des 997er-Patents verstossen
und wird dies auch weiterhin tun, indem das Unternehmen wissentlich und in der
ausdrücklichen Absicht, andere zur Verletzung zu veranlassen (einschliesslich, aber
nicht beschränkt auf Schindlers Nutzer), und in der ausdrücklichen Absicht, die
Verletzung durch Schindlers Nutzer zu fördern, handelt.

107.   Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler
hat Murolet geschädigt und dazu geführt, dass Murolet durch die Rechtsverletzung
von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin
erleidet.

## GESCHWORENENPROZESS GEFORDERT

108.   Gemäss Federal Rule of Civil Procedure 38(b) beantragt Murolet
hiermit eine Verhandlung durch ein Geschworenengericht für alle Fragen, die auf
diese Weise entschieden werden können.

## KLAGEANTRAG

Murolet beantragt, das Gericht möge zugunsten von Murolet und gegen
Schindler wie folgt entscheiden:

a.   es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 109er-
Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

b.  es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 044er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

c.  es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 711er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

d.  es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 755er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

e.  es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 997er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

f.  Murolet werde Schadensersatz gemäss 35 U.S.C. § 284 oder auf andere gesetzlich zulässige Weise zugesprochen, einschliesslich eines zusätzlichen Schadensersatzes für eine fortgesetzte Rechtsverletzung nach dem Urteil;

g.  Murolet werden vor- und nachgerichtliche Zinsen auf den zuerkannten Schadensersatz und die Kosten zugesprochen;

h.  eine Auferlegung der Kosten dieser Klage (einschliesslich aller Auslagen) und der Anwaltsgebühren gemäss 35 U.S.C. § 285 oder wie anderweitig gesetzlich zulässig möge stattfinden; und

i.  eine Auferlegung weiterer Kosten und weiterer Rechtsbehelfe, die das Gericht für gerecht und billig hält, möge stattfinden.

Datiert: 30. Oktober 2020                    Hochachtungsvoll eingereicht durch


                                             /s/Raymond W. Mort, III
                                             Raymond W. Mort, III
                                             Eingetragen bei der Texas
                                             State Bar, Nr. 00791308
                                             raymort@austinlaw.com

                                             THE MORT LAW FIRM, PLLC
                                             100 Congress Avenue, Suite 2000
                                             Austin, Texas 78701
                                             Tel./Fax: 512-865-7950

                                             *Of Counsel:*
                                             Ronald M. Daignault (*pro hac vice*, noch
                                             einzureichen)

                                             Chandran B. Iyer (*pro hac vice*, noch
                                             einzureichen) Jason Charkow (*pro hac vice*,
                                             noch einzureichen)
                                             rdaignault@goldbergsegalla.com
                                             ciyer@goldbergsegalla.com
                                             jcharkow@ goldbergsegalla.com
                                             GOLDBERG SEGALLA LLP
                                             711 Third Avenue, Suite 1900
                                             New York, New York 10017
                                             Telefon: (646) 292-8700

                                             Anwälte für die *Murolet LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

MUROLET, LLC,

                              Plaintiff,

        v.                                          Case No. 6:20-cv-01011

SCHINDLER GROUP, AG,                                Jury Trial Demanded

                              Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Murolet, LLC ("Murolet"), by and through its undersigned counsel, files

this Complaint against Defendant Schindler Group, AG ("Schindler") for patent

infringement of United States Patent Nos. 8,162,109; 8,172,044; 8,196,711; 8,286,755; and

8,316,997 (the "patents-in-suit") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of

the United States, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2.      Plaintiff Murolet is a corporation organized under laws of the

Commonwealth of Pennsylvania.

3.      On information and belief, Defendant Schindler is a foreign corporation duly organized and incorporated under the laws of Switzerland, with its principal place of business at Zugerstrasse 13 6030 Ebikon Switzerland.

4.      Upon information and belief, Schindler designs, manufactures, sells, offers for sale, imports, distributes, advertises, and/or otherwise promotes the accused infringing products in the United States, the State of Texas, and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      Schindler is subject to this Court's personal jurisdiction, in accordance with due process and/or the Texas Long Arm Statute because, in part, the Defendant "commits a tort in whole or in part in this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

7.      This Court has personal jurisdiction over Schindler because, *inter alia*, Schindler (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a). In particular, on information and belief, Schindler uses, sells, offers for sale, imports, advertises, and/or otherwise promotes infringing products in the United States, the State of Texas, and this judicial district.

8.      On information and belief, Schindler is subject to the Court's jurisdiction because Schindler has sufficient minimum contacts with this forum as a result of

2

business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over Schindler because, *inter alia*, Schindler, on information and belief, has substantial, continuous, and systematic business contacts in this judicial district, and derives substantial revenue from goods provided to individuals in this judicial district.

9.      Schindler has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

10.      Venue is proper as to Defendant Schindler, which is organized under the laws of Switzerland. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

## THE ASSERTED PATENTS

### United States Patent No. 8,162,109

11.      On April 24, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,162,109 ("the '109 patent") entitled "Elevator system which limits the number of destination call registrations to be allocated to the single car" to inventor Masaaki Amano.

3

12. The '109 patent is presumed valid under 35 U.S.C. § 282.

13. Murolet owns all rights, title, and interest in the '109 patent.

14. Murolet has not granted Schindler a license to the rights under the '109 patent.

### United States Patent No. 8,172,044

15. On May 8, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,172,044 ("the '044 patent") entitled "Elevator system" to inventor Sakurako Tokura.

16. The '044 patent is presumed valid under 35 U.S.C. § 282.

17. Murolet owns all rights, title, and interest in the '044 patent.

18. Murolet has not granted Schindler a license to the rights under the '044 patent.

### United States Patent No. 8,196,711

19. On June 12, 2012, the USPTO duly and legally issued United States Patent No. 8,196,711 ("the '711 patent") entitled "Elevator system" to inventor Sakurako Tokura.

20. The '711 patent is presumed valid under 35 U.S.C. § 282.

21. Murolet owns all rights, title, and interest in the '711 patent.

22. Murolet has not granted the Defendants a license to the rights under the '711 patent.

4

## United States Patent No. 8,286,755

23.     On October 16, 2012, the USPTO duly and legally issued United States Patent No. 8,286,755 ("the '755 patent") entitled "Group management controller of elevator including limit value setting means for setting a limit value for limiting a count of car calls" to inventors Masaharu Eto, et al.

24.     The '755 patent is presumed valid under 35 U.S.C. § 282.

25.     Murolet owns all rights, title, and interest in the '755 patent.

26.     Murolet has not granted the Defendants a license to the rights under the '755 patent.

## United States Patent No. 8,316,997

27.     On November 27, 2012, the USPTO duly and legally issued United States Patent No. 8,316,997 ("the '997 patent") entitled "Elevator group control system" to inventors Masayuki Mitsuda, et al.

28.     The '997 patent is presumed valid under 35 U.S.C. § 282.

29.     Murolet owns all rights, title, and interest in the '997 patent.

30.     Murolet has not granted the Defendants a license to the rights under the '997 patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 8,162,109

31.     Murolet repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

5

Case 6:20-cv-01011    Document 1    Filed 10/30/20    Page 6 of 36

32.    On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '109 patent.

33.    On information and belief, Schindler provides an elevator system comprising a plurality of elevator cars.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators/schindler-7000/_jcr_content/contentPar/downloadlist/downloadList/35_1367592516058.download.asset.35_1367592516058/schindler-7000-high-rise-solutions.pdf.

34.    On information and belief, Schindler's elevator systems use the PORT destination control system to provide a plurality of landing destination operating panels on a plurality of stop floors for enabling call registration:

6



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/24_151249 1175537.download.asset.24_1512491175537/schindler-modernization-brochure.pdf; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology-key-features.htm.

35.     On information and belief, the PORT destination operating system is a group supervisory control apparatus for selecting the car responding to the destination call registration. Schindler's PORT technology creates a seamless link to destination-dispatch technology, allowing passengers to select their desired floor number before entering the elevator. Schindler's PORT technology main controller, selects the elevator cars that respond to destination calls that it receives from each PORT pedestal and PORT wall-mounted devices, which are located on each landing floor:

A Schindler Destination Interface modernization

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_151249 1303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

36.     On information and belief, the PORT destination operating system is a group supervisory device that can limit and organize the number of destination call registrations by grouping both passengers and stops existing in the same direction:

8



The PORT Technology

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf. *See also* https://youtu.be/pEjVKK2V3Rw.

37.     On information and belief, Schindler's PORT destination operating system

acts a group supervisory control apparatus, which can count the number

of destination call registrations for the stop floors existing in the same direction that was

made from the several PORT pedestal or PORT wall-mounted devices on the hall floors

of the building. The PORT system groups the destination call registrations to a single

car based on the request that it receives, reducing the number of stops the elevator car

has to make.

38.     On information and belief, Schindler directly infringes at least claims 1 and 3 of the '109 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

39.     On information and belief, Schindler has been on notice of the '109 patent at least as early as the filing and service of the Complaint in this action.

40.     On information and belief, at least since its post-filing knowledge of the '109 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '109 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

10

41.     On information and belief, at least since its post-filing knowledge of the
'109 patent, Schindler knows that the acts it induced customers to take constitute patent
infringement and Schindler's encouraging acts result in direct infringement by
customers.

42.     On information and belief, Schindler instructs and continues to instruct
customers to use the PORT system including, without limitation, through Schindler's
placement of the elevator systems using the PORT technology in buildings throughout
this judicial district.

43.     On information and belief, Schindler's customers directly infringe at least
claims 1 and 3 of the '109 patent, in violation of 35 U.S.C. § 271(a), through their use of
the Schindler elevator and PORT systems.

44.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b)
and has been, at least since its post-filing knowledge of the '109 patent, indirectly
infringing and continues to indirectly infringe at least claims 1 and 3 of the '109 patent
by knowingly and specifically intending to induce infringement by others (including,
without limitation, Schindler's users) and possessing specific intent to encourage
infringement by Schindler's users.

45.     Schindler's direct and/or indirect infringement has damaged Murolet
and caused it to suffer and continue to suffer irreparable harm and damages as a result
of Schindler's infringement.

## Count II – Infringement of United States Patent No. 8,172,044

46.    Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

47.    On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '044 patent

48.    On information and belief, Schindler provides elevators equipped with the PORT destination control system that performs group supervisory control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

49.    On information and belief, Schindler's PORT system acts as car call registration devices (using PORT pedestals and PORT wall-mounted devices) which are

12

used by passengers that are entering the elevator area to register their request on the

unit:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

50. On information and belief, the PORT destination operating system has a

building specification data storage section in which building specification data is stored.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_151249 1303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

51.     On information and belief, the PORT destination operating system has

a floor judgment section that makes a judgment as to whether or not a departure floor is

a specially-assigned floor:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

52.     On information and belief, Schindler's PORT system has a

traffic condition judgment section that constantly tracks traffic flow and intensity,

identifying journey patterns and peak periods, to respond to passenger demand.

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

53.     On information and belief, Schindler's PORT system has an assignment control section that performs assignment of the car on the basis of results of the traffic condition judgment section.

*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

54.     On information and belief, Schindler directly infringes at least claim 1 of the '044 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Schindler 7000 and PORT destination selection system and technology.

55.     On information and belief, Schindler has been on notice of the '044 patent at least as early as the filing and service of the Complaint in this action.

56.     On information and belief, at least since its post-filing knowledge of the '044 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '044 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.

15



*See* https://www.schindler.com/us/internet/en/mobility-
     solutions/products/destination-technology/port-technology.html.

57.     On information and belief, at least since its post-filing knowledge of the

'044 patent, Schindler knows that the acts it induced customers to take constitute patent

infringement and Schindler's encouraging acts result in direct infringement by

customers.

58.     On information and belief, Schindler instructs and continues to instruct

customers to use the PORT system including, without limitation, through Schindler's

placement of the elevator systems using the PORT technology in buildings throughout

this judicial district.

59.     On information and belief, Schindler's customers directly infringe at least

claim 1 of the '044 patent, in violation of 35 U.S.C. § 271(a), through their use of the

Schindler elevator and PORT systems.

16

60.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '044 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '044 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

61.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

### Count III – Infringement of United States Patent No. 8,196,711

62.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

63.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '711 patent.

64.     On information and belief, Schindler's PORT technology that performs group management control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

65.     On information and belief, Schindler's elevator systems use the PORT

system allows a change in the maximum speed or acceleration of the elevator cars

according to car load or moving distance of the cars:



*See*
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *see also*
https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also*
https://youtu.be/pEjVKK2V3Rw.

18

66.     On information and belief, Schindler's elevator systems use the PORT

system which has destination floor registration units that register destination floors

according to a call into the call registration device:



*See* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

67.     On information and belief, Schindler's elevator systems use the PORT

system which has an assignment control unit which includes a prediction time

calculation unit:



With The PORT Technology by Schindler, the Personal Transit Management system, the travelers' only requirement is to simply communicate their identity and required destination at a PORT Terminal. The PORT Technology takes care of the rest by planning and executing a seamless journey using an optimal route designed to take the shortest possible time to complete. To achieve this, Schindler has developed unique ways of communicating with building occupants, which take the human interface to an entirely new level.

The PORT Technology can even anticipate needs before they are communicated, the ultimate skill of the experienced personal assistant. And ultimately, that's the key to the service that the PORT Technology provides. During day-to-day business and even during emergencies, the PORT Technology is there to make the complex business of moving from one location to another in a modern building hassle-free for the individual and – in doing so – extremely efficient for everyone.

19

*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ;
https://youtu.be/pEjVKK2V3Rw;
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf;
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ.

68.   On information and belief, the PORT destination operating system

uses estimated time of dispatch and calculates a change of the moving distance of each

elevator car after the call assignment based on the destination floor and calculates each

floors arrival prediction time and uses speed or acceleration according to a calculated

value of the change of the moving distance:



*See*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *see also* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

69. On information and belief, Schindler directly infringes at least claim 1 of the '711 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Schindler 7000 and PORT destination selection technology.

70. On information and belief, Schindler has been on notice of the '711 patent at least as early as the filing and service of the Complaint in this action.

71. On information and belief, at least since its post-filing knowledge of the '711 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '711 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT technology.



See https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

72.     On information and belief, at least since its post-filing knowledge of the '711 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

73.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

74.     On information and belief, Schindler's customers directly infringe at least claim 1 of the '711 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

75.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '711 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '711 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

76.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

## Count IV – Infringement of United States Patent No. 8,286,755

77.    Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

78.    On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '755 patent.

79.    On information and belief, Schindler provides an elevator system using the PORT destination system and technology that performs group management control of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-

technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937 88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf.

80.     On information and belief, Schindler's elevators use the PORT system

which has destination floor registration units that register destination floors according

to a call into the call registration device:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

81.     On information and belief, Schindler's elevator use the PORT system

and have a display device that displays the car that has been assigned the plurality of

car calls. The PORT system consists of inside car door jamb indicators.



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also* https://youtu.be/pEjVKK2V3Rw.

24

82. On information and belief, the PORT destination operating system has a limit value setting means for individually setting, for each of the plurality of floors, a limit value for limiting a count of the plurality of car calls that can be assigned to the same car. The Schindler PORT system and technology collects passenger information, analyzes their requests, gauges traffic demand:

When a request for service is made to even a comparatively small elevator group of, say 4 elevators serving 15 floors, there are over 7 trillion possible ways of serving that call while fully considering all the other calls currently in the system. In order to find the best one we need to consider them all, and do it in a fraction of a second so we can respond to the user. A seemingly impossible task which is why no-one has ever attempted it.

Except Schindler.
We found the secret 10 years ago and have been refining it ever since.
It's reached a whole new level in The PORT Technology.

> The PORT Technology is how Schindler does Traffic Management.
> The PORT Technology has the most advanced elevator control ever conceived.
> The PORT Technology will find the 1 in 7 trillion ride that's right for each user.

Just to put this in perspective, it's like finding one star out of 27 galaxies, every time a call is put into the system. Tough mathematics indeed and producing it has taken Schindler over 30 years of research effort. But it's worth it because every passenger using a PORT-based system knows that the ride they are having is the very best that can be provided by the elevators available in the prevailing traffic. And that means that at all times you can be assured that your elevator system is running at its pinnacle of performance.

*See*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *see also* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937
88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

83. On information and belief, the PORT destination operating system has a limit value setting means for individually setting, for each of the plurality of floors, a limit value for limiting a count of the plurality of car calls that can be assigned to the same car. The Schindler PORT system and technology main controller software

analyzes all the calls assigned to each car. The new car call is assigned based on the

direction of the existing calls:



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also*
https://www.youtube.com/watch?v=pEjVKK2V3Rw

84.    On information and belief, the PORT destination operating system main

controller software has a candidate car selecting means for comparing the limit value

set to a floor where the new car call is made and the call count of the each car, to

thereby select, as a candidate car, the car to which the new car call can be assigned from

among the car:



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ ; *see also*
https://www.theporttechnology.com/page/theporttechnology.html

85.    On information and belief, Schindler directly infringes at least claim 1 of

the '755 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell,

and selling the Schindler 7000 and PORT destination selection technology.

86.     On information and belief, Schindler has been on notice of the '755 patent at least as early as the filing and service of the Complaint in this action.

87.     On information and belief, at least since its post-filing knowledge of the '755 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '755 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT system and technology.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

88.     On information and belief, at least since its post-filing knowledge of the '755 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

27

89.     On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

90.     On information and belief, Schindler's customers directly infringe at least claim 1 of the '755 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevators and PORT systems.

91.     On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '755 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '755 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

92.     Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

### Count V – Infringement of United States Patent No. 8,316,997

93.     Schindler repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

94.     On information and belief, Schindler (or those acting on its behalf) designs, manufactures, offers for sale, sells, or makes available elevator systems such as the Schindler 7000, containing the PORT destination control system in the United States

that infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '997 patent

95.    On information and belief, Schindler provides the PORT system, which is an elevator group control system that controls of a plurality of elevators.



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

96.    On information and belief, Schindler's elevators use the PORT technology which provides destination operating panels (PORT pedestal and PORT wall-mounted devices) which are used by passengers that are entering the elevator area to register their request on the unit:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-

technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *See also*
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-technology.html.

97.    On information and belief, the PORT destination operating system acts as

a group boarding device for registering users that will use an elevator as a group.

**Access and individualization**

Schindler ID allows the building to be subdivided
into different zones with clearly defined access
restrictions. The building manager can configure
the access zones directly on-site by using the
system software that is accessible on a central
control station. The access restrictions are
defined by individual rights, authorizations and
requirements.



The terminals allow the configuration of individual
needs for passengers and trips that require more
room in the car, for instance, when transporting
baggage or goods, shopping carts, hospital beds
or hotel service carts.

**PORT for hospitals**

– Improved elevator efficiency helps staff, patients and visitors
  move quickly and seamlessly
– The PORT system can allocate more elevator space or
  extend the time elevator doors remain open for the transfer
  of patients and equipment
– PORT helps ensure only approved staff and visitors can
  access secure floors
– Individual elevators can be assigned for gurney transport
  for discreet, direct floor-to-floor accommodation to promote
  patient dignity and privacy
– PORT has the ability to designate elevators to separate the
  transport of clean and soiled equipment, supplies, food,
  linens or waste

*See* https://youtu.be/pEjVKK2V3Rw ; *see also*
https://www.youtube.com/watch?v=7yy2lvHLqiQ ;
https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

30

98.    On information and belief, the PORT destination operating system has a head count storage section. The PORT system estimates the number of people behind each hall call and gives the call an appropriate weighting and each passenger is equally important in the evaluation.  The estimate of the number of people behind a hall call is continually updated. The management system and the software algorithms can analyze real-time data and update the information in the system:



*See* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *See also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124 91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf

99.    On information and belief, Schindler's PORT technology software has an assigned car determination section, which determines a car to be assigned to a hall car call on the basis of the number of users stored in the user head-count storage section.



*See* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *see also* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

100.    On information and belief, Schindler directly infringes at least claim 1 of the '997 patent and is in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and selling the Schindler 7000 and PORT destination selection technology.

101.    On information and belief, Schindler has been on notice of the '997 patent at least as early as the filing and service of the Complaint in this action.

102.    On information and belief, at least since its post-filing knowledge of the '997 patent, Schindler knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '997 patent, including by Schindler's actions that include, without limitation, providing operation materials, user guides, and instructions, to customers on how to use the PORT system and technology.

32



See https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

103.    On information and belief, at least since its post-filing knowledge of the '997 patent, Schindler knows that the acts it induced customers to take constitute patent infringement and Schindler's encouraging acts result in direct infringement by customers.

104.    On information and belief, Schindler instructs and continues to instruct customers to use the PORT system including, without limitation, through Schindler's placement of the elevator systems using the PORT technology in buildings throughout this judicial district.

105.    On information and belief, Schindler's customers directly infringe at least claim 1 of the '997 patent, in violation of 35 U.S.C. § 271(a), through their use of the Schindler elevator and PORT systems.

106.   On information and belief, Schindler is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '997 patent, indirectly infringing and continues to indirectly infringe at least claim 1 of the '997 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Schindler's users) and possessing specific intent to encourage infringement by Schindler's users.

107.   Schindler's direct and/or indirect infringement has damaged Murolet and caused it to suffer and continue to suffer irreparable harm and damages as a result of Schindler's infringement.

## JURY DEMANDED

108.   Pursuant to Federal Rule of Civil Procedure 38(b), Murolet hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Murolet respectfully requests this Court to enter judgment in Murolet's favor and against Schindler as follows:

a. finding that Schindler has infringed one or more claims of the '109 patent under 35 U.S.C. §§ 271(a) and/or (b);

b. finding that Schindler has infringed one or more claims of the '044 patent under 35 U.S.C. §§ 271(a) and/or (b);

c. finding that Schindler has infringed one or more claims of the '711 patent under 35 U.S.C. §§ 271(a) and/or (b);

34

d.  finding that Schindler has infringed one or more claims of the '755 patent under
35 U.S.C. §§ 271(a) and/or (b);

e.  finding that Schindler has infringed one or more claims of the '997 patent under
35 U.S.C. §§ 271(a) and/or (b);

f.  awarding Murolet damages under 35 U.S.C. § 284, or otherwise permitted by
law, including supplemental damages for any continued post-verdict
infringement;

g.  awarding Murolet pre-judgment and post-judgment interest on the damages
award and costs;

h.  awarding cost of this action (including all disbursements) and attorney fees
pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

i.  awarding such other costs and further relief that the Court determines to be just
and equitable.

Dated: October 30, 2020

Respectfully submitted,

/s/Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

Of Counsel:
Ronald M. Daignault (*pro hac vice* to be filed)

Chandran B. Iyer (*pro hac vice* to be filed)
Jason Charkow (*pro hac vice* to be filed)
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
jcharkow@ goldbergsegalla.com
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700

Attorneys for *Murolet LLC*

AO 440 (Rev. 06/12) Vorladung in einer Zivilklage

# BEZIRKSGERICHT DER VEREINIGTEN STAATEN
## WESTLICHER BEZIRK VON TEXAS

**MUROLET, LLC,**
*Kläger*

./.                                    Zivilklage-Nr. **6:20-CV-01011-ADA**

**SCHINDLER GROUP, AG,**
*Beklagter*

### VORLADUNG IN EINER ZIVILKLAGE

AN: **Schindler Holding Ltd.**
   **a/k/a Schindler Group, AG**
   **Seestrasse 55**
   **6052 Hergiswil, NW**
   **Switzerland**

Es wurde eine Klage gegen Sie eingereicht.

Innert 21 Tagen ab Zustellung dieser Vorladung an Sie (der Tag, an dem Sie sie erhalten haben, wird nicht mitgezählt) - oder innert 60 Tagen, wenn Sie die Vereinigten Staaten oder eine US-Behörde oder ein Büro oder ein Angestellter der Vereinigten Staaten sind, wie in Fed. R. Civ. P. 12 (a)(2) oder (3) geregelt – müssen Sie dem Kläger eine Antwort auf die beigefügte Klage oder einen Antrag gemäss Regel 12 der «Federal Rules of Civil Procedure» (Bundesweite Regeln im Zivilprozess) zustellen. Die Antwort oder der Antrag muss dem Kläger oder dem Anwalt des Klägers zugestellt werden, dessen Name und Anschrift lautet:

> **Zachary H. Ellis**
> **Daignault Iyer LLP**
> **8618 Westwood Center Drive**
> **Suite 150**
> **Vienna, VA 22182**

Reagieren Sie nicht, wird gegen Sie ein Versäumnisurteil über die in der Klage geforderten Ansprüche erlassen. Sie müssen Ihre Antwort oder Ihren Antrag auch bei Gericht einreichen.



**PHILIP J. DEVLIN**
GERICHTSDIENERIN
**s/SHINITA VELASQUEZ**
STELLVERTRETENDER GERICHTSDIENER

**AUSGESTELLT AM 21.07.2022 UM 12:57:06 UHR**

AO 440 (Rev. 06/12) Vorladung in einer Zivilklage (Seite 2)

Zivilklage-Nr. 6:20-CV-01011-ADA

## NACHWEIS DER ZUSTELLUNG
***(Dieser Abschnitt sollte nicht bei Gericht eingereicht werden, es sei denn, dies ist gemäss Fed. R. Civ. P. 4(1) erforderlich)***

Diese Vorladung für *(Name der Person und Titel, falls vorhanden)*_____
ist bei mir am *(Datum)* eingegangen_____.

☐  Ich habe der Person die Vorladung persönlich zugestellt am Ort *(Ort)*_____
_____am *(date)*_____; oder

☐  Ich habe die Vorladung am Wohnsitz oder gewöhnlichen Aufenthaltsort der Person bei *(Name)*___
_____, einer dort wohnhafte Person geeigneten Alters und
Einsichtsfähigkeit, am *(Datum)* hinterlegt_____, und eine Kopie an die letzte bekannte Anschrift
der Person geschickt; oder

☐  Ich habe die Vorladung an *(Name der Einzelperson)* zugestellt_____, die
gesetzlich befugt ist, Zustellungen im Namen von *(Name der Organisation)* entgegenzunehmen___
_____
_____und zwar am *(Datum)*_____; oder

☐  Ich habe die Vorladung unvollstreckt zurückgeschickt, weil_____;

☐  oder Sonstiges (angeben):_____
_____
_____

Mein Honorar beträgt USD __für Reisen und USD _____für Dienstleistungen, also insgesamt USD

_____. Ich erkläre unter Strafandrohung, dass diese Angaben der Wahrheit

entsprechen.

Datum: _____                    _____
                                                            *Unterschrift des Zustellenden*


                                                    _____
                                                            *Gedruckter Name und Titel*


                                                    _____
                                                            *Adresse des Zustellenden*

Zusätzliche Informationen zu versuchter Zustellung usw:
_____
_____

JS 44 (Rev. 06/17)

# ZUSAMMENFASSUNG

Die Zusammenfassung der Klageschrift (Formblatt JS 44) und die darin enthaltenen Informationen ersetzen oder ergänzen nicht die Einreichung und Zustellung von Schriftsätzen oder anderen Unterlagen, die gesetzlich vorgeschrieben sind, es sei denn, dies ist in den örtlichen Gerichtsvorschriften vorgesehen. Dieses ist das »Judicial Conference of the United States«, der Justizkonferenz der Vereinigten Staaten, im September 1974 genehmigt Formblatt ist erforderlich, damit durch die Gerichtsschreiber eine Erstellung der Zivilprozessakte erfolgt. *(SIEHE ANLEITUNGEN AUF DER NÄCHSTEN SEITE DIESES FORMBLATTES)*

| I. (a) KLÄGER | BEKLAGTE |
|---|---|
| Murolet, LLC | Schindler Group, AG |
| **(b)** Bezirk, in dem der erstgenannte Kläger gemeldet ist<br><br>*(AUSSER IN FÄLLEN, IN DENEN DIE VEREINIGTEN STAATEN ALS KLÄGER AUFTRETEN)* | Bezirk, in dem der erstgenannte Beklagte gemeldet ist<br>*(NUR IN FÄLLEN, IN DENEN DIE VEREINIGTEN STAATEN ALS KLÄGER AUFTRETEN)*<br>HINWEIS: IN FÄLLEN DER ENTEIGNUNG VON GRUNDSTÜCKEN DIE LAGE DES BETREFFENDEN GRUNDSTÜCKS. |
| **(c)** Anwälte *(Name, Anschrift und Telefonnummer der Kanzlei)*<br>The Mort Law Firm, PLLC<br>100 Congress Ave, Suite 2000, Austin, TX 78701<br>(512) 865-7950 | Anwälte *(soweit bekannt)* |

## II. GRUNDLAGE DES GERICHTSSTANDES *(nur ein Kästchen mit einem »X« versehen)*

- ☐ 1 U.S. Regierung Kläger *AUFTRETEND)*
- ☐ 2 U.S. Regierung Beklagter
- ☒ 3 Bundesfrage *(US-REGIERUNG NICHT ALS PARTEI)*
- ☐ 4 Diversität *(Angabe der Staatsangehörigkeit der Parteien in Punkt III)*

## III. STAATSANGEHÖRIGKEIT DER HAUPTPARTEIEN *(Kreuzen sie ein Kästchen für den Kläger an (nur bei Diversitätssachen) und ein Kästchen für den Beklagten)*

| | KLG. | BEKL. | | KLG. | BEKL. |
|---|---|---|---|---|---|
| Bürger dieses Bundesstaates | ☐ 1 | | 1 Eingetragen *oder* Hauptort der Geschäftstätigkeit in diesem Bundesstaat | ☐ 4 | ☐ 4 |
| Bürger eines anderen Bundesstaates Eingetragen und Hauptort | | 5 | 2 Hier klicken für: Codebeschreibungen zur Art der Klage. | 2 | 2 |

## IV. ART DER KLAGE *(Nur ein Kästchen mit »X« versehen)*

| VERTRAGLICH | DELIKTIS | | EINZIEHUNG/BESTRAFUNG | INSOLVENZ | SONSTIGE GESETZE |
|---|---|---|---|---|---|
| ☐ 110 Versicherung<br>☐ 120 Marine<br>☐ 130 Miller-Gesetz<br>☐ 140 Übertragenes Instrument 150<br>☐ Rückforderung von Überzahlungen und Vollstreckung des Urteils 151<br>☐ Medicare-Gesetz<br>☐ 152 Rückforderung notleidender Studentendarlehen (ausgenommen Veteranen)<br>☐ 153 Rückforderung von zu viel gezahlten Veteranenleistungen<br>☐ 160 Aktionärsklage<br>☐ 190 Sonstiger Vertrag<br>☐ 195 Vertragliche Produkthaftung 196<br>☐ Franchise | **PERSONENSCHÄDEN**<br>☐ 310 Flugzeug<br>☐ Flugzeugprodukte Produkthaftung 367<br>☐ 320 Körperverletzung, Verleumdung und Verleumdung<br>☐ 330 Bundes-Arbeitgeber<br>☐ 340 Marine<br>☐ 345 Marineprodukt-Haftung<br>☐ 350 Kraftfahrzeug<br>☐ 355 Kraftfahrzeug-Produkthaftung<br>☐ 360 Sonstige Personen-Sachschäden 362 Personenschäden – Ärztliche Kunstfehler | **PERSONENSCHÄDEN**<br>☐ 365 Personenschäden 315<br>☐ 690 Sonstiges<br><br>Gesundheitsfürsorge/<br>Pharmazie<br>Personenschäden<br>Produkthaftung Haftung<br>☐ 368 Asbest Produkt aus Personenschäden Haftung<br><br>**PERSÖNLICHES EIGENTUM**<br>☐ 370 Sonstiger Betrug<br>☐ 371 Wahrheit bei der Kreditvergabe<br>☐ 380 Sonstiges Personal Sachschäden- 385 Produkthaftung | ☐ 625 Drogenbezogene Beschlagnahme von Eigentum 21 USC 881<br>☐ 690 Sonstiges<br><br>**ARBEITSRECHT**<br>☐ 710 Gesetz über gerechte Arbeitsnormen<br>☐ 720 Beziehungen zwischen Arbeitnehmern und Arbeitgebern<br>☐ 740 Eisenbahnarbeitsgesetz 751 Gesetz über Familien- und Krankheits<br>☐ 790 Sonstige arbeitsrechtliche Streitigkeiten 791 Gesetz über Einkommens- | ☐ 422 Rechtsbehelf 28 USC 158<br>☐ 423 Rücknahme 28 USC 157<br><br>**EIGENTUMSRECHTE**<br>☐ 820 Urheberrechte<br>☒ 830 Patent<br>☐ 835 Patent– abgekürzter Antrag auf Zulassung eines neuen Arzneimittels<br>☐ 840 Abschnitt<br><br>**SOZIALE SICHERHEIT**<br>☐ 861 HIA (1395f)<br>☐ 862 Schwarze Lunge (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Titel XVI<br>☐ 865 RSI (405(g))<br><br>**BUNDESRECHTLICHE**<br>☐ 870 Steuern (US-Kläger oder Beklagter)<br>☐ 871 IRS-Dritpartei 26 USC 7609 | ☐ 375 Gesetz über falsche Behauptungen 376 Qui Tam (31 USC 3729(a))<br>☐ 400 Staatliche Neuaufteilung<br>☐ 410 Kartellrecht<br>☐ 430 Banken und Bankwesen 450<br>☐ Handel<br>☐ 460 Abschiebung<br>☐ 470 Erpresserische und korrupte Organisationen (Racketeer Influenced and Corrupt Organizations)<br>☐ 480 Verbraucherkredit<br>☐ 490 Kabel/Sat-TV<br>☐ 850 Wertpapiere/Rohstoffe/Börse<br>☐ 890 Sonstige Rechtssätze 891 Agrargesetze<br>☐ 893 Umweltangelegenheiten 895<br>☐ Informationsfreiheit Gesetz<br>☐ 896 Schiedsgerichtsbarkeit<br>☐ 899 Verwaltungsverfahrensgesetz/Überprüfung oder Einspruch gegen eine Entscheidung einer Behörde<br>☐ 950 Verfassungsmäßigkeit von staatlichen Gesetzen |
| **IMMOBILIEN** | **BÜRGERRECHTE** | **ANSUCHEN VON** | **EINWANDERUNG** | | |
| ☐ 210 Freizügigung von Grundstücken<br>☐ 220 Zwangsvollstreckung<br>☐ 230 Miet, Pacht und Zwangsräumung 240<br>☐ Delikte an Grund und Boden<br>☐ 245 Deliktische Produkthaftung 290 Alle<br>☐ anderen Immobilien | ☐ 440 Sonstige Bürgerrechte 441<br>☐ Wahlrecht<br>☐ 442 Beschäftigung<br>☐ 443 Unterbringung/ sozialer Wohnraubau<br>☐ 445 US-Bürger mit Behinderungen – Beschäftigung<br>☐ 446 US-Bürger mit Behinderungen – Sonstige<br>☐ 448 Bildung | **Habeas Corpus:**<br>☐ 463 Ausländische Häftlinge 510<br>☐ Anträge auf Erlass der Strafe<br>☐ 530 Allgemeines<br>☐ 535 Todesstrafe<br>**Anderes:**<br>☐ 540 Mandamus & Sonstige 550<br>☐ Bürgerrechte<br>☐ 555 Haftbedingungen 560<br>☐ Zivilhäftling – Haftbedingungen | ☐ 462 Einbürgerungsantrag<br>☐ 465 Sonstige Einwanderungsmaßnahmen | | |

## V. URSPRUNG *(Nur ein »X« in einem Feld eintragen)*

- ☒ 1 Ursprüngliches Verfahren
- ☐ 2 Vom bundesstaatlichen Gericht abgesetzt
- ☐ 3 Vom Berufungsgericht zurückverwiesen
- ☐ 4 Wiedereingesetzt oder wiedereröffnet
- ☐ 5 Von einem anderen Bezirk versetzt (Angabe)
- ☐ 6 Multidistrikt Rechtsstreitigkeiten – Übertragung
- ☐ 8 Multidistrikt Rechtsstreitigkeiten – Direkte Einreichung

## VI. KLAGEGRUND

Nennen Sie das US-Zivilgesetz, nach dem Sie die Klage einreichen *(zitieren Sie keine Zuständigkeitsgesetze, es sei denn, es handelt sich um Diversität)*: 35 U.S.C. § 1 et seq.

Kurze Beschreibung der Ursache:
Patentverletzungen

## VII. ERSUCHT IN BESCHWERDE:

☐ ANKREUZEN, WENN ES SICH UM EINE SAMMELKLAGE GEMÄSS REGEL 23, F.R.C.v.P. HANDELT

GEFORDERTE $

JA ANKREUZEN nur dann, wenn in der Beschwerde gefordert:
GESCHWORENENGERICHT GEFORDERT: ☐ Ja ☐ N

## VIII. VERWANDTE(R) FALL/FÄLLE WENN, WELCHE FÄLLE

*(Siehe Anweisungen):* RICHTER _____ AKTENZEICHEN _____

| DATUM | UNTERSCHRIFT DES RECHTSANWÄLTES |
|---|---|
| 30. Oktober 2020 | /s/ Raymond W. Mort, III |

**NUR FÜR DEN GEBRAUCH DURCH DIE KANZLEI**

| EMPFANGSQUITTUNG # | BETRAG | ANWENDUNG VON IFP | RICHTER | MAG. RICHTER |
|---|---|---|---|---|
| | | | | |

VOR DEM BEZIRKSGERICHT DER
VEREINIGTEN STAATEN FÜR DEN
WESTLICHEN BEZIRK VON TEXAS, BEREICH
WACO

| | |
|---|---|
| MUROLET, LLC, | |
| als Kläger, | Fall Nr. 6:20-cv-01011 |
| ./. | |
| SCHINDLER GROUP, AG, | Geschworenenprozess gefordert |
| als Beklagter. | |

## KLAGE WEGEN PATENTVERLETZUNG

Der Kläger, die Murolet LLC, («Murolet») erhebt durch seinen unterzeichneten Rechtsbeistand diese Klage gegen den Beklagten, die Schindler Group AG, («Schindler») wegen Verletzung der US-Patente Nr. 8.162.109; 8.172.044; 8.196.711; 8.286.755; und 8.316.997 (die «Klagepatente») und behauptet Folgendes:

## ART DER KLAGE

1.      Es handelt sich um eine Klage wegen Patentverletzung nach dem Patentrecht der Vereinigten Staaten, 35 U.S.C. §§ 1 *ff*.

## DIE PARTEIEN

2.      Der Kläger Murolet ist eine nach dem Recht des Commonwealth of Pennsylvania gegründete Gesellschaft.

3.      Nach bestem Wissen und Gewissen ist der Beklagte Schindler eine

ordnungsgemäss nach schweizerischem Recht gegründete und eingetragene ausländische

Gesellschaft mit Hauptsitz in der Zugerstrasse 13, 6030 Ebikon, Schweiz.

4.      Nach bestem Wissen und Gewissen entwirft, produziert, verkauft,

importiert, vertreibt, bewirbt und/oder fördert Schindler die beschuldigten

rechtsverletzenden Produkte in den Vereinigten Staaten, im Bundesstaat Texas und in

diesem Gerichtsbezirk und bietet diese bietet zum Verkauf an.

## GERICHTSSTAND

5.      Das Gericht ist gemäss 28

U.S.C. §§ 1331 und 1338(a) für diese Klage zuständig, da sie sich aus den Patentgesetzen der

Vereinigten Staaten ergibt, 35 U.S.C. §§ 1 *ff.*

6.      Schindler unterliegt der persönlichen Zuständigkeit dieses Gerichts
gemäss

due process und/oder dem «Texas Long Arm Statute», weil der Beklagte «eine

unerlaubte Handlung ganz oder teilweise in diesem Staat begeht». *Vgl.* Tex. Civ.

Prac. & Rem. Code § 17.042.

7.      Dieses Gericht ist für Schindler persönlich zuständig, weil Schindler

(direkt und/oder über seine Tochtergesellschaften, verbundenen Unternehmen oder

Zwischenhändler) in diesem Gerichtsbezirk Verletzungshandlungen begangen hat

und weiterhin begeht, die jedenfalls gegen 35 U.S.C. § 271(a) verstossen.

committed and continues to commit acts of infringement in this judicial district in

violation of at least 35 U.S.C. § 271(a). Insbesondere verwendet, verkauft, importiert,

bewirbt und/oder fördert Schindler auf andere Weise rechtsverletzende Produkte in

den Vereinigten Staaten, im Bundesstaat Texas und in diesem Gerichtsbezirk und bietet diese zum Verkauf an.

8.     Nach bestem Wissen und Gewissen unterliegt Schindler der Gerichtsbarkeit des Gerichts, da Schindler ausreichende Mindestkontakte zu diesem Gerichtsstand hat, und zwar aufgrund von Geschäften, die innerhalb des Staates Texas und dieses Gerichtsbezirks getätigt werden. Insbesondere verfügt dieses Gericht über persönliche Zuständigkeit für Schindler, weil Schindler nach seinen Informationen und Überzeugungen erhebliche, kontinuierliche und systematische Geschäftskontakte in diesem Gerichtsbezirk unterhält und erhebliche Einnahmen aus Waren erzielt, die an Privatpersonen in diesem Gerichtsbezirk geliefert werden.

9.     Schindler hat absichtlich die Privilegien der Geschäftstätigkeit in diesem Gerichtsbezirk in Anspruch genommen, hat ausreichende Mindestkontakte zu diesem Gerichtsbezirk hergestellt, so dass es vernünftigerweise und fairerweise damit rechnen sollte, in diesem Gerichtsbezirk vor Gericht gestellt zu werden, hat absichtlich Aktivitäten an Einwohner dieses Gerichtsbezirks gerichtet, und zumindest ein Teil der in dieser Klage behaupteten Patentverletzungsansprüche ergeben sich aus einer oder mehreren der vorgenannten Aktivitäten oder stehen damit in Zusammenhang.

10.     Der Gerichtsstand für den Beklagten Schindler, der eine nach Schweizer Recht organisierte Gesellschaft ist, ist angemessen. 28 U.S.C. § 1391(c)(3) sieht vor, dass «ein Beklagter, der seinen Wohnsitz nicht in den Vereinigten Staaten hat, in jedem Gerichtsbezirk verklagt werden kann, und dass die Verbindung eines solchen Beklagten bei der Bestimmung des Ortes, an dem die Klage in Bezug auf die anderen

Beklagten erhoben werden kann, ausser Acht gelassen wird».

## DIE GELTEND GEMACHTEN PATENTE

### United States Patent Nr. 8.162.109

11.    Am 24. April 2012 erteilte das United States Patent and Trademark
Office («USPTO», das US-amerikanische Patent- und Markenamt) dem Erfinder
Masaaki Amano ordnungsgemäss und rechtskräftig das US-Patent Nr. 8.162.109
(«das 109er-Patent») mit dem Titel «Elevator system which limits the number of
destination call registrations to be allocated to the single car» (Aufzugssystem, das
die Anzahl der aufgezeichneten Zielrufe beschränkt, die einer einzelnen Kabine
zugewiesen werden).

12.    Das 109er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

13.    Murolet besitzt alle Rechte, Titel und Anteile am 109er-Patent.

14.    Murolet hat Schindler keine Lizenz für die Rechte aus dem 109er-Patent
erteilt.

### United States Patent Nr. 8.172.044

15.    Am 8. Mai 2012 erteilte das United States Patent and Trademark
Office («USPTO») dem Erfinder Sakurako Tokura ordnungsgemäss und
rechtskräftig das US-Patent Nr. 8.172.044 («das 044er-Patent») mit dem Titel
«Elevator system» (Aufzugssystem).

16.    Das 044er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

17.    Murolet besitzt alle Rechte, Titel und Anteile am 044er-Patent.

18.    Murolet hat Schindler keine Lizenz für die Rechte aus dem 044er-Patent
erteilt.

## United States Patent Nr. 8.196.711

19.     Am 12. Juni 2012 erteilte das USPTO dem Erfinder Sakurako Tokura

ordnungsgemäss und rechtmässig das US-Patent Nr. 8.196.711 («das 711er-Patent»)

mit dem Titel «Elevator system» (Aufzugssystem).

20.     Das 711er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

21.     Murolet besitzt alle Rechte, Titel und Anteile am 711er-Patent.

22.     Murolet hat den Beklagten keine Lizenz für die Rechte aus dem 711er-

Patent erteilt.

## United States Patent Nr. 8.286.755

23.     Am 16. Oktober 2012 erteilte das USPTO den Erfindern Masaharu Eto, et

al. ordnungsgemäss und rechtmässig das US-Patent Nr. 8.286.755 («das 755er-

Patent») mit dem Titel «Group management controller of elevator including limit

value setting means for setting a limit value for limiting a count of car calls»

(Gruppenverwaltungssteuerung für einen Aufzug mit einer

Grenzwerteinstelleinrichtung zum Einstellen eines Grenzwertes zur Begrenzung der

Anzahl der Kabinenrufe).

24.     Das 755er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

25.     Murolet besitzt alle Rechte, Titel und Anteile am 755er-Patent.

26.     Murolet hat den Beklagten keine Lizenz für die Rechte aus dem 755er-

Patent erteilt.

## United States Patent Nr. 8.316.997

27.     Am 27. November 2012 erteilte das USPTO den Erfindern Masayuki

Mitsuda, et al. ordnungsgemäss und rechtmässig das US-Patent Nr. 8.316.997 («das

997er-Patent») mit dem Titel «Elevator group control system» (Aufzugs-Gruppensteuerungssystem).

28.    Das 997er-Patent wird gemäss 35 U.S.C. § 282 als gültig angesehen.

29.    Murolet besitzt alle Rechte, Titel und Anteile am 997er-Patent.

30.    Murolet hat den Beklagten keine Lizenz für die Rechte aus dem 997er-Patent erteilt.

## VORBRINGEN

### Anklagepunkt I – Verletzung des US-Patents Nr. 8.162.109

31.    Murolet wiederholt und bekräftigt die Behauptungen in den vorstehenden Absätzen und nimmt sie durch Bezugnahme so auf, als wären sie hier vollständig wiedergegeben.

32.    Nach den vorliegenden Informationen entwickelt, fertigt, verkauft oder stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten Staaten her, die (wörtlich und/oder nach der Lehre von den Äquivalenten) mindestens Behauptung 1 des 109er-Patents verletzen.

33.    Nach den vorliegenden Informationen bietet Schindler ein Aufzugssystem mit einer Vielzahl von Aufzugskabinen an.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators/schindler-7000/_jcr_content/contentPar/downloadlist/downloadList/35_1367592516058.download.asset.35_1367592516058/schindler-7000-high-rise-solutions.pdf.

34.    Nach den vorliegenden Informationen verwenden die

Aufzugssysteme von Schindler das PORT-Zielsteuerungssystem, um eine Vielzahl

von Zielbedienfeldern in einer Vielzahl von Zieletagen für die Rufregistrierung zu

ermöglichen:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/24_151249 1175537.download.asset.24_1512491175537/schindler-modernization-brochure.pdf; *Vgl. auch* https://www.schindler.com/us/internet/de/mobility-solutions/products/destination-technology/port-technology-key-features.htm.

35.    Nach den vorliegenden Informationen handelt es sich bei dem PORT-


Zielsteuerungssystem um ein Gruppenüberwachungsgerät für die Auswahl der Kabine,

das auf die Zielortmeldung reagiert. Die PORT-Technologie von Schindler schafft eine

nahtlose Verbindung zur Fahrtzielabfertigung und ermöglicht es den Fahrgästen, die

gewünschte Stockwerksnummer auszuwählen, bevor sie den Aufzug betreten. Die PORT-

Technologie von Schindler wählt

die Aufzugskabinen aus, die auf die Zielrufe reagieren, die sie von jeder PORT-

Stele und den PORT-Wandgeräten, die sich in jedem Stockwerk befinden, erhält:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/destination-
interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124
91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

36. Nach den vorliegenden Informationen ist das PORT-Zielsteuerungssystem ein Gruppenüberwachungsgerät, das die Anzahl der Zielortanmeldungen begrenzen und organisieren kann, indem es sowohl Fahrgäste als auch Halte, die in dieselbe Richtung fahren, zu Gruppen zusammenfasst:



The PORT Technology

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12_87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf. *Vgl. auch* https://youtu.be/pEjVKK2V3Rw.

37. Nach den vorliegenden Informationen handelt es sich bei dem PORT-Zielsteuerungssystem von Schindler um ein Gruppenüberwachungsgerät, das die Anzahl

der Zielrufmeldungen für die in gleicher Richtung bestehenden Halteetagen zählen kann, die von den verschiedenen PORT-Stelen oder PORT-Wandgeräten in den Hallenetagen des Gebäudes vorgenommen wurden. Das PORT-System gruppiert die Zielrufmeldungen für eine einzelne Kabine auf der Grundlage der erhaltenen Anfrage, wodurch die Anzahl der Halte, die die Aufzugskabine anfahren muss, reduziert wird.

38.    Nach bestem Wissen und Gewissen verletzt Schindler zumindest die Behaptungen 1 und 3 des 109er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf anbietet und verkauft.

39.    Nach den vorliegenden Informationen war Schindler das 109er-Patent mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren bekannt.

40.    Nach den vorliegenden Informationen ermutigt Schindler zumindest seit seiner Kenntnis des 109er-Patents nach der Anmeldung wissentlich seine Kunden, einen oder mehrere Ansprüche des 109er-Patents direkt zu verletzen, und tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur Verwendung der PORT-Technologie für Kunden gehört.



*Vgl.* [https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html](https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html).

41.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit seiner Kenntnis des 109er-Patents nach der Anmeldung, dass die Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung durch die Kunden führen.

42.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an, das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem Gerichtsbezirk.

43.     Nach den vorliegenden Informationen verletzen die Kunden von Schindler durch die Verwendung der Schindler-Aufzugs- und PORT-Systeme direkt mindestens die Behauptungen 1 und 3 des 109er-Patents und verstossen damit gegen

35 U.S.C. § 271(a).

44.     Nach den vorliegenden Informationen verstösst Schindler gegen 35

U.S.C. § 271(b) und hat mindestens seit seiner Kenntnis des 109er-Patents nach der

Anmeldung indirekt gegen die Behauptungen 1 und 3 des 109er-Patents verstossen

und tut dies auch weiterhin, indem das Unternehmen wissentlich und in der

ausdrücklichen Absicht, andere (insbesondere Schindlers Nutzer) zu Verstössen zu

veranlassen, und in der ausdrücklichen Absicht, die Nutzer von Schindler zu

Verstössen zu ermutigen, verstossen hat.

45.     Die unmittelbare und/oder mittelbare Rechtsverletzung durch

Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die

Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten

hat und weiterhin erleidet.

### Anklagepunkt II – Verletzung des US-Patents Nr. 8.172.044

46.     Schindler wiederholt und bekräftigt die Behauptungen in den

vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig

wiedergegeben wären.

47.     Nach bestem Wissen und Gewissen entwickelt, fertigt, verkauft oder

stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme

wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten

Staaten zur Verfügung, die (wörtlich und/oder nach der sog. «Lehre von den

Äquivalenten») mindestens Behauptung 1 des 044er-Patents verletzen.

48.    Nach den vorliegenden Informationen bietet Schindler Aufzüge an,

die mit dem PORT-Zielsteuerungssystem ausgestattet sind, das eine

Gruppenüberwachung einer Vielzahl von Aufzügen ermöglicht.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

49.    Nach den vorliegenden Informationen fungiert das PORT-System von

Schindler als Mehrzahl von Kabinen-Rufregistrierungsgeräten (unter Verwendung von

PORT-Stelen und PORT-Wandgeräten), die von den Fahrgästen, die den

Aufzugsbereich betreten, benutzt werden, um ihre Anfrage am Gerät zu registrieren:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology.html.

50.    Nach bestem Wissen und Gewissen verfügt das PORT-

Zielsteuerungssystem über einen Speicherbereich für Gebäudedaten, in dem die

Gebäudedaten gespeichert werden.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/destination-
interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_15124
91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf.

51.    Nach den vorliegenden Informationen verfügt das PORT-
       Zielsteuerungssystem über eine

Etagenbeurteilungssektion, die beurteilt, ob eine Abfahrtsetage eine speziell zugewiesene

Etage ist oder nicht:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

52.     Nach bestem Wissen und Gewissen verfügt das PORT-System von Schindler über eine

Sektion zur Beurteilung der Verkehrslage, die den Verkehrsfluss und die

Verkehrsintensität ständig verfolgt und Fahrtenmuster und Spitzenzeiten

identifiziert, um auf die Fahrgastnachfrage zu reagieren.

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

53.     Nach bestem Wissen und Gewissen verfügt das PORT-System von

Schindler über eine Zuweisungssteuerung, die die Zuweisung der Kabine auf der

Grundlage der Ergebnisse des Bereichs zur Beurteilung der Verkehrslage vornimmt.

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_1471287019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

54.     Nach bestem Wissen und Gewissen verletzt Schindler direkt mindestens

Behauptung 1 des 044er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den Schindler 7000 und das PORT-Zielwahlsystem und die entsprechende Technologie herstellt, verwendet, zum Verkauf anbietet und verkauft.

55.      Nach den vorliegenden Informationen war Schindler das 044er-Patent mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren bekannt.

56.      Nach den vorliegenden Informationen ermutigt Schindler zumindest seit seiner Kenntnis des 044er-Patents nach der Anmeldung wissentlich Kunden dazu, einen oder mehrere Ansprüche des 044er-Patents direkt zu verletzen, und tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen für Kunden zur Verwendung der PORT-Technologie gehört.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology.html.

57.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit seiner Kenntnis des 044er-Patents nach der Anmeldung, dass die Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung durch die Kunden führen.

58.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an, das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem Gerichtsbezirk.

59.     Nach den vorliegenden Informationen verletzen die Kunden von Schindler durch die Verwendung der Aufzugssysteme und des PORT-Systems von Schindler unmittelbar mindestens Behauptung 1 des Patents '044 und verstossen damit gegen 35 U.S.C. § 271(a).

60.     Nach den vorliegenden Informationen verstösst Schindler gegen 35 U.S.C. § 271(b) und hat mindestens seit seiner Kenntnis des 044er-Patents nach der Anmeldung indirekt gegen Behauptung 1 des 044er-Patents verstossen und tut dies auch weiterhin, indem das Unternehmen wissentlich und in der ausdrücklichen Absicht, eine Verletzung durch andere (einschliesslich, aber nicht beschränkt auf Schindlers Benutzer) herbeizuführen, und in der ausdrücklichen Absicht, die Verletzung durch Schindlers Benutzer zu fördern, gegen das Patent verstossen hat.

61.     Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die

Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin erleidet.

## Anklagepunkt III – Verletzung des US-Patents Nr. 8.196.711

62.    Schindler wiederholt und bekräftigt die Behauptungen in den vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig wiedergegeben wären.

63.    Nach bestem Wissen und Gewissen entwickelt, produziert, verkauft oder stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten Staaten zur Verfügung, die (wörtlich und/oder nach der sog «Lehre von den Äquivalenten») mindestens Behauptung 1 des 711er-Patents verletzen.

64.    Nach bestem Wissen und Gewissen ist die PORT-Technologie von Schindler in der Lage, eine Vielzahl von Aufzügen zu steuern.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

65.    Nach bestem Wissen und Gewissen verwenden die Aufzugssysteme von Schindler das PORT-System, das eine Änderung der Höchstgeschwindigkeit

oder Beschleunigung der Aufzugskabinen in Abhängigkeit von der

Kabinenbeladung oder der Fahrstrecke der Kabinen ermöglicht:



*Vgl.*
technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712
87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *vgl. auch*
https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch*
https://youtu.be/pEjVKK2V3Rw. 

    66.    Nach bestem Wissen und Gewissen verwenden die Aufzugssysteme

von Schindler das PORT-System, das über Zieletagen-Meldegeräte verfügt, die die

Zieletagen entsprechend einem Ruf in der Rufregistriervorrichtung melden:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_147
12 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

    67.    Nach bestem Wissen und Gewissen verwenden die Aufzugssysteme

von Schindler das PORT-System, das über ein Zuweisungssteuerunggerät verfügt,

das eine vorhersagende Zeitberechnungseinheit enthält:



Vgl. https://www.youtube.com/watch?v=7yy2lvHLqiQ;
https://youtu.be/pEjVKK2V3Rw;
https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf;
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT U2ODY1OQ.

68.    Nach bestem Wissen und Gewissen verwendet das PORT-Zielsteuerungssystem

die geschätzte Abfertigungszeit und berechnet eine Änderung der Fahrstrecke jeder

Aufzugskabine nach der Rufzuweisung auf der Grundlage der Zieletage und berechnet die

voraussichtliche Ankunftszeit in jeder Etage und verwendet die Geschwindigkeit oder

Beschleunigung entsprechend einem berechneten Wert der Änderung der Fahrstrecke:

*Vgl.*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *vgl. auch* https://www.schindler.com/us/internet/de/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_154239
37_88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

69.     Nach bestem Wissen und Gewissen verletzt Schindler zumindest

Behauptung 1 des 711er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den

Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf

anbietet und verkauft.

70.     Nach bestem Wissen und Gewissen war Schindler das 711er-Patent

mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren

bekannt.

71.     Nach bestem Wissen und Gewissen ermutigt Schindler zumindest seit

seiner Kenntnis des 711er-Patents nach der Anmeldung wissentlich seine Kunden,

einen oder mehrere Ansprüche des 711er-Patents direkt zu verletzen, und tut dies

auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die Bereitstellung

von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur Verwendung

der PORT-Technologie für Kunden gehört.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
solutions/products/destination-technology/port-
technology.html.

72.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit

Kenntnis des Unternehmens vom 711er-Patent nach der Anmeldung, dass die

Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung

darstellen, und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung

durch die Kunden führen.

73.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an,

das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch

die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem

Gerichtsbezirk.

74.     Nach bestem Wissen und Gewissen verletzen die Kunden von Schindler

durch die Verwendung der Schindler-Aufzugs- und PORT-Systeme unmittelbar

mindestens Anspruch 1 des Patents '711 und verstossen damit gegen 35 U.S.C. § 271(a).

75. Nach bestem Wissen und Gewissen verstösst Schindler gegen 35 U.S.C. § 271(b) und hat mindestens seit Kenntnis des Unternehmens vom 711er-Patent nach der Anmeldung indirekt gegen Behauptung 1 des 711er-Patents verstossen und tut dies auch weiterhin, indem das Unternehmen wissentlich und in der ausdrücklichen Absicht, eine Verletzung durch andere (einschliesslich, aber nicht beschränkt auf Schindlers Benutzer) herbeizuführen, und in der ausdrücklichen Absicht, die Verletzung durch Schindlers Benutzer zu fördern, gegen das Patent verstossen hat.

76. Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin erleidet.

### Anklagepunkt IV – Verletzung des US-Patents Nr. 8.286.755

77. Schindler wiederholt und bekräftigt die Behauptungen in den vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig wiedergegeben wären.

78. Nach bestem Wissen und Gewissen entwickelt, produziert, verkauft oder stellt Schindler (oder die in seinem Namen handelnden Personen) Aufzugssysteme wie den Schindler 7000 mit dem PORT-Zielsteuerungssystem in den Vereinigten Staaten bereit, die (wörtlich und/oder nach der sog. «Lehre von den Äquivalenten») mindestens Behauptung 1 des 755er-Patents verletzen.

79.    Nach bestem Wissen und Gewissen bietet Schindler ein Aufzugssystem

an, das das PORT-Zielsystem und die Technologie verwendet, die eine

Gruppensteuerung für eine Vielzahl von Aufzügen durchführt.



The PORT Technology

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button; *vgl. auch* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_15423937 88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf.

80.    Nach bestem Wissen und Gewissen verwenden die Aufzüge von

Schindler das PORT-System, das über Zieletagen-Meldegeräte verfügt, die die

Zieletagen entsprechend einem Ruf im Rufmeldegerät registrieren:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712_87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

81. Schindlers Aufzüge verwenden das PORT-System und verfügen über ein Anzeigegerät, das anzeigt, dass einer Kabine die Mehrheit der Kabinenrufe zugewiesen wurde. Das PORT-System besteht aus Blinkern in den Türpfosten.



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch* https://youtu.be/pEjVKK2V3Rw.

82. Nach den vorliegenden Informationen verfügt das PORT-Zielsteuerungssystem über eine Grenzwerteinstelleinrichtung, mit der für jede der mehreren Etagen ein Grenzwert zur Begrenzung der Anzahl der Kabinenrufe, die derselben Kabine zugewiesen werden können, individuell eingestellt werden kann. Das PORT-System und die zugehörige Technologie von Schindler sammelt Fahrgastinformationen, analysiert deren Anfragen und misst die Verkehrsnachfrage:



*Vgl.*
https://issuu.com/schindlerid/docs/port_indoor_mobility_solutions_en?fr=sNDI5YT
U2ODY1OQ; *vgl. auch* https://www.schindler.com/us/internet/de/mobility-
solutions/products/destination-technology/port-
technology/_jcr_content/contentPar/downloadlistcontent/downloadList/88_154239
37_88024.download.asset.88_1542393788024/port-capital-bank-plaza.pdf
https://www.theporttechnology.com/page/systemoperation.html

83.    Nach den vorliegenden Informationen verfügt das PORT-

Zielsteuerungssystem über eine Grenzwerteinstelleinrichtung, mit der für jede

der mehreren Etagen ein Grenzwert zur Begrenzung der Anzahl der Kabinenrufe,

die derselben Kabine zugewiesen werden können, individuell eingestellt werden

kann. Die Hauptsteuerungssoftware des PORT-System von Schindler und dessen

Technologie analysiert alle den einzelnen Kabinen zugewiesenen Rufe. Ein neuer

Kabinenruf wird auf der Grundlage der Richtung der bestehenden Rufe zugewiesen:



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch* https://www.youtube.com/watch?v=pEjVKK2V3Rw

84.     Nach bestem Wissen und Gewissen verfügt die

Hauptsteuerungssoftware des PORT-Zielsteuerungssystems über ein Mittel zur

Auswahl infrage kommender Kabinen, um den Grenzwert, der für eine Etage

festgelegt wurde, in der der neue Kabinenruf erfolgt, mit der Anzahl der Rufe der

einzelnen Kabinen zu vergleichen und dadurch die Kabine, der der neue Kabinenruf

zugewiesen werden kann, als infrage kommende Kabine zu bestimmen:



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ ; *vgl. auch* https://www.theporttechnology.com/page/theporttechnology.html

85.     Nach bestem Wissen und Gewissen verletzt Schindler mindestens

Behauptung 1 des 755er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den

Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf

anbietet und verkauft.

86.     Nach bestem Wissen und Gewissen war Schindler das 755er-Patent

mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren

bekannt.

87.     Nach bestem Wissen und Gewissen ermutigt Schindler zumindest seit

Kenntnis des Unternehmens vom 755er-Patent nach der Anmeldung wissentlich seine

Kunden, einen oder mehrere Ansprüche des 755er-Patents direkt zu verletzen, und

tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die

Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur

Verwendung des PORT-Systems und der PORT-Technologie für Kunden gehören.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
    solutions/products/destination-technology/port-
    technology.html.

88.     Nach bestem Wissen und Gewissen weiss Schindler zumindest seit

Kenntnis des Unternehmens vom 755er-Patent nach der Anmeldung, dass die

Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung

darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung

durch die Kunden führen.

89.     Nach bestem Wissen und Gewissen weist Schindler seine Kunden an,

das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch

die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem

Gerichtsbezirk.

90.     Nach bestem Wissen und Gewissen verletzen die Kunden von Schindler durch die Verwendung von Schindler-Aufzügen und PORT-Systemen unmittelbar mindestens Behauptung 1 des 755er-Patents und verstossen damit gegen 35 U.S.C. § 271(a).

91.     Nach bestem Wissen und Gewissen verstösst Schindler gegen 35 U.S.C. § 271(b) und hat mindestens seit Kenntnis des Unternehmens vom 755er-Patent nach der Anmeldung indirekt gegen Behauptung 1 des 755er-Patents verstossen und wird dies auch weiterhin tun, indem es wissentlich und in der ausdrücklichen Absicht, eine Verletzung durch andere (einschliesslich, aber nicht beschränkt auf Schindlers Nutzer) zu veranlassen, und in der ausdrücklichen Absicht, eine Verletzung durch Schindlers Nutzer zu fördern, handelt.

92.     Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin erleidet.

## Anklagepunkt V – Verletzung des US-Patents Nr. 8.316.997

93.     Schindler wiederholt und bekräftigt die Behauptungen in den vorstehenden Absätzen und nimmt sie durch Verweis auf, als ob sie hier vollständig wiedergegeben wären.

94.     Nach bestem Wissen und Gewissen entwirft, produziert, verkauft oder stellt Schindler (oder die im Namen des Unternehmens handelnden Personen) Aufzugssysteme wie den Schindler 7000, der das PORT-Zielsteuerungssystem enthält,

in den Vereinigten Staaten her, die (wörtlich und/oder nach der sog. «Lehre von den Äquivalenten») mindestens Behauptung 1 des 997er-Patents verletzen.

95.    Nach bestem Wissen und Gewissen bietet Schindler das PORT-System an, bei dem es sich um ein Gruppensteuerungssystem für Aufzüge handelt, das eine



Vielzahl von Aufzügen steuert.

*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/elevators.html#button.

96.    Nach bestem Wissen und Gewissen verwenden die Aufzüge von Schindler die PORT-Technologie, die über Ziel-Bedienfelder (PORT-Stelen und PORT-Wandgeräte) verfügt, die von den Fahrgästen beim Betreten des Aufzugsbereichs benutzt werden, um ihre Anfrage am Gerät zu registrieren:



*Vgl.*
https://www.schindler.com/us/internet/en/mobility-

solutions/products/destination-technology/port-technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology.html.

97.    Nach bestem Wissen und Gewissen fungiert das PORT-

Zielsteuerungssystem als Gruppeneinstiegsgerät für die Meldung von Benutzern, die

einen Aufzug als Gruppe benutzen wollen.

**Access and individualization**

Schindler ID allows the building to be subdivided into different zones with clearly defined access restrictions. The building manager can configure the access zones directly on-site by using the system software that is accessible on a central control station. The access restrictions are defined by individual rights, authorizations and requirements.

The terminals allow the configuration of individual needs for passengers and trips that require more room in the car, for instance, when transporting baggage or goods, shopping carts, hospital beds or hotel service carts.



**PORT for hospitals**

- Improved elevator efficiency helps staff, patients and visitors move quickly and seamlessly
- The PORT system can allocate more elevator space or extend the time elevator doors remain open for the transfer of patients and equipment
- PORT helps ensure only approved staff and visitors can access secure floors
- Individual elevators can be assigned for gurney transport for discreet, direct floor-to-floor accommodation to promote patient dignity and privacy
- PORT has the ability to designate elevators to separate the transport of clean and soiled equipment, supplies, food, linens or waste

*Vgl.* https://youtu.be/pEjVKK2V3Rw ; *vgl. auch* https://www.youtube.com/watch?v=7yy2lvHLqjQ ; https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology/ jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf

98.    Nach bestem Wissen und Gewissen verfügt das PORT-

Zielsteuerungssystem über eine Sektion zur Speicherung der Anzahl der Personen.

Das PORT-System schätzt die Anzahl der Personen, die hinter jedem Hallenruf stehen,

und gibt dem Ruf eine entsprechende Gewichtung, wobei jeder Fahrgast in der

Auswertung gleich wichtig ist. Die Schätzung der Anzahl der Personen, die hinter

einem Hallenruf stehen, wird ständig aktualisiert. Das Verwaltungssystem und die

Softwarealgorithmen können Echtzeitdaten analysieren und die Informationen im

System aktualisieren:



*Vgl.* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface.html; *Vgl. auch* https://www.schindler.com/us/internet/en/mobility- solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_14712 87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf; https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/destination-interface/_jcr_content/contentPar/downloadlist_2135092012/downloadList/25_151 24_91303700.download.asset.25_1512491303700/schindler-destination-interface.pdf

99.    Nach den vorliegenden Informationen verfügt die Software zur PORT-

Technologie von Schindler über einen Abschnitt zur Ermittlung der zugewiesenen

Kabine, der auf der Grundlage der im Abschnitt zur Speicherung der Benutzeranzahl gespeicherten Anzahl von Benutzern eine einem Kabinenruf zuzuweisende Kabine ermittelt.



*Vgl.* https://www.youtube.com/watch?v=7yy2lvHLqiQ; *vgl. auch* https://www.schindler.com/us/internet/en/mobility-solutions/products/destination-technology/port-technology/_jcr_content/contentPar/downloadlist_464827542/downloadList/8_147 12_87019098.download.asset.8_1471287019098/schindler-port-brochure.pdf.

100.    Nach bestem Wissen und Gewissen verletzt Schindler zumindest Behauptung 1 des 997er-Patents und verstösst gegen 35 U.S.C. § 271(a), indem es den Schindler 7000 und die PORT-Zielwahltechnologie herstellt, verwendet, zum Verkauf anbietet und verkauft.

101.    Nach bestem Wissen und Gewissen war Schindler das 997er-Patent mindestens seit der Einreichung und Zustellung der Klage in diesem Verfahren bekannt.

102.    Nach bestem Wissen und Gewissen ermutigt Schindler zumindest seit Kenntnis des Unternehmens vom 997er-Patent nach der Anmeldung wissentlich Kunden dazu, einen oder mehrere Ansprüche des 997er-Patents direkt zu verletzen, und tut dies auch weiterhin, etwa durch Schindlers Handlungen, zu denen u. a. die

Bereitstellung von Betriebsmaterialien, Benutzerhandbüchern und Anweisungen zur

Verwendung des PORT-Systems und der PORT-Technologie für Kunden gehören.



*Vgl.* https://www.schindler.com/us/internet/en/mobility-
    solutions/products/destination-technology/port-
    technology.html.

103.    Nach bestem Wissen und Gewissen weiss Schindler zumindest seit

Kenntnis des Unternehmens vom 997er-Patent nach der Anmeldung, dass die

Handlungen, zu denen es seine Kunden veranlasst hat, eine Patentverletzung

darstellen und dass Schindlers ermutigende Handlungen zu einer direkten Verletzung

durch die Kunden führen.

104.    Nach bestem Wissen und Gewissen weist Schindler seine Kunden an,

das PORT-System zu verwenden, und tut dies auch weiterhin, unter anderem durch

die Platzierung von Aufzugssystemen mit PORT-Technologie in Gebäuden in diesem

Gerichtsbezirk.

105.    Nach bestem Wissen und Gewissen verletzen die Kunden von Schindler

durch die Verwendung der Schindler-Aufzugssysteme und der PORT-Systeme direkt mindestens Behauptung 1 des 997er-Patents und verstossen damit gegen 35 U.S.C. § 271(a).

106.  Nach bestem Wissen und Gewissen verstösst Schindler gegen 35 U.S.C. § 271(b) und hat mindestens seit Kenntnis des Unternehmens vom 997er-Patent nach der Anmeldung indirekt gegen Behauptung 1 des 997er-Patents verstossen und wird dies auch weiterhin tun, indem das Unternehmen wissentlich und in der ausdrücklichen Absicht, andere zur Verletzung zu veranlassen (einschliesslich, aber nicht beschränkt auf Schindlers Nutzer), und in der ausdrücklichen Absicht, die Verletzung durch Schindlers Nutzer zu fördern, handelt.

107.  Die unmittelbare und/oder mittelbare Rechtsverletzung durch Schindler hat Murolet geschädigt und dazu geführt, dass Murolet durch die Rechtsverletzung von Schindler einen nicht wieder gutzumachenden Schaden erlitten hat und weiterhin erleidet.

## GESCHWORENENPROZESS GEFORDERT

108.  Gemäss Federal Rule of Civil Procedure 38(b) beantragt Murolet hiermit eine Verhandlung durch ein Geschworenengericht für alle Fragen, die auf diese Weise entschieden werden können.

## KLAGEANTRAG

Murolet beantragt, das Gericht möge zugunsten von Murolet und gegen Schindler wie folgt entscheiden:

a.  es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 109er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

Fall 6:20-cv-01011 Dokument 1 Eingereicht am 30.10.2020 Seite 36 von 37

b. es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 044er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

c. es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 711er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

d. es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 755er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

e. es sei festgestellt, dass Schindler einen oder mehrere Ansprüche des 997er-Patents gemäss 35 U.S.C. §§ 271(a) und/oder (b) verletzt hat;

f. Murolet werde Schadensersatz gemäss 35 U.S.C. § 284 oder auf andere gesetzlich zulässige Weise zugesprochen, einschliesslich eines zusätzlichen Schadensersatzes für eine fortgesetzte Rechtsverletzung nach dem Urteil;

g. Murolet werden vor- und nachgerichtliche Zinsen auf den zuerkannten Schadensersatz und die Kosten zugesprochen;

h. eine Auferlegung der Kosten dieser Klage (einschliesslich aller Auslagen) und der Anwaltsgebühren gemäss 35 U.S.C. § 285 oder wie anderweitig gesetzlich zulässig möge stattfinden; und

i. eine Auferlegung weiterer Kosten und weiterer Rechtsbehelfe, die das Gericht für gerecht und billig hält, möge stattfinden.

Datiert: 30. Oktober 2020

Hochachtungsvoll eingereicht durch

/s/Raymond W. Mort, III
Raymond W. Mort, III
Eingetragen bei der Texas
State Bar, Nr. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel./Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault (*pro hac vice*, noch einzureichen)

Chandran B. Iyer (*pro hac vice*, noch einzureichen) Jason Charkow (*pro hac vice*, noch einzureichen)
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
jcharkow@ goldbergsegalla.com
GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telefon: (646) 292-8700

Anwälte für die *Murolet LLC*