**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| MUROLET IP LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:20-cv-01011-ADA |
| | ) |
| SCHINDLER HOLDING LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**SCHINDLER HOLDING LTD.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15**

## TABLE OF CONTENTS

Page No.

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL HISTORY AND FACTUAL BACKGROUND | 3 |
| III. | LEGAL STANDARD | 5 |
| IV. | ARGUMENT | 6 |
| | A. The Court Should Dismiss Plaintiff's Second Amended Complaint For Failure To Comply With Rule 15(a)(2) | 6 |
| | B. The Court Should Grant Schindler Holding's Motion To Dismiss As Unopposed Because Plaintiff's Second Amended Complaint Has No Legal Effect | 7 |
| | C. The Second Amended Complaint Effectively Concedes That The Court Lacks Jurisdiction Over Schindler Holding | 8 |
| | D. The Court Should Prohibit Any Belated Jurisdictional Discovery | 9 |
| V. | CONCLUSION | 12 |

## TABLE OF AUTHORITIES

Page No(s).

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*,
  334 F.3d 390 (4th Cir. 2003) ................................................................................................11

*Clapper v. Am. Realty Invs., Inc.*,
  2019 WL 5865709 (N.D. Tex. Nov. 7, 2019) ...................................................................5, 6

*Decapolis Sys., LLC. v. Epic Sys. Corp.*,
  2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) .............................................................5, 6, 7

*Drake v. Navistar Int'l Corp.*,
  2014 WL 11514828 (W.D. Tex. Oct. 15, 2014) .....................................................................6

*Jenkins v. Am. Sw. Mortg. Corp.*,
  2018 WL 7198156 (W.D. Tex. Dec. 4, 2018) .........................................................................8

*U.S. ex rel. Mathews v. HealthSouth Corp.*,
  332 F.3d 293 (5th Cir. 2003) ..................................................................................................7

*McLaughlin v. McPhail*,
  707 F.2d 800 (4th Cir. 1983) ................................................................................................11

*Poe v. Babcock Int'l, PLC*,
  662 F. Supp. 4 (M.D. Pa. 1985) ............................................................................................11

*Stone Metals Am., LLC v. Eubank*,
  No. 3:20-CV-253-K, 2020 WL 6877704 (N.D. Tex. Nov. 5, 2020) ......................................11

*Vanderploeg v. Vetus Invs. LLC*,
  2018 U.S. Dist. LEXIS 159841 (S.D. Tex. 2018) ...................................................................5

*Williams v. Ditech Fin., LLC*,
  No. SA-16-CA-404-FB ...........................................................................................................8

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) ................................................................................................11

## OTHER AUTHORITIES

Fed. R. Civ. P. 15 ............................................................................................................... *passim*

Local Rule CV-7 ...................................................................................................................1, 4, 5, 8

## TABLE OF AUTHORITIES
(*cont'd*)

**Page No(s).**

Local Rule CV-15 ................................................................................................................6

Defendant Schindler Holding Ltd. ("Schindler Holding") respectfully moves this Court to dismiss Plaintiff Murolet IP LLC's ("Plaintiff") Second Amended Complaint because it was filed in violation of Fed. R. Civ. P. 15(a)(2).

## I. **INTRODUCTION**

On January 9, 2023, Plaintiff filed an amended complaint in this action without seeking leave of Court or providing any notice to Schindler Holding. (ECF No. 50 (Second Amended Complaint).) This Court should dismiss that filing for failure to comply with Fed. R. Civ. P. 15(a)(2). The entire purpose of Plaintiff's Second Amended Complaint is to avoid the first-filed action between Plaintiff and Schindler Elevator Corporation ("SEC") that is currently pending in Pennsylvania. Justice does not require permitting Plaintiff's gamesmanship.

Because Plaintiff filed its Second Amended Complaint in violation of Rule 15, Plaintiff's November 25, 2020, complaint is the only operative complaint. (ECF No. 11 (Amended Complaint).) On November 16, 2022, Schindler Holding filed a Motion to Dismiss the Amended Complaint in its entirety under Rule 12 for lack of personal jurisdiction and lack of subject matter jurisdiction. (ECF No. 42.) Despite filing a request with the Court indicating that Plaintiff would seek jurisdictional discovery (ECF No. 46), Plaintiff instead conducted no discovery and then filed the Second Amended Complaint. Schindler Holding's Rule 12 Motion to Dismiss is now unopposed, since Plaintiff filed no response. *See* Local Rule CV-7(d)(2). Accordingly, this Court should grant Schindler Holding's pending Rule 12 Motion and dismiss this action with prejudice.[1]

---

[1] Schindler Holding respectfully requests that this Rule 15 Motion to Dismiss be considered simultaneously with its pending Rule 12 Motion to Dismiss (ECF No. 42) and incorporates by reference the arguments contained therein. Schindler Holding also requests that any further

Moreover, Plaintiff's Second Amended Complaint is a tacit admission that this Court lacks jurisdiction over Schindler Holding. After arguing for the last two years that Schindler Holding and SEC are wholly separate entities, Plaintiff now seeks to add SEC as a defendant and alleges that it "is an agent of Schindler Holding." (ECF No. 50.) Plaintiff's intentional delay in naming SEC is inexcusable given that it has known the entire time that SEC is the only party amenable to a patent suit in the United States. (ECF No. 8.) The reason for Plaintiff's about-face is clear – it hopes to avoid a dismissal on Schindler Holding's pending Rule 12 Motion to Dismiss because it knows that the Court cannot establish personal or subject matter jurisdiction over Schindler Holding. But Plaintiff should not be permitted to shoehorn SEC into this case after over two years, just so it can try to avoid the first-filed action pending in Pennsylvania.

Finally, at a minimum, this Court should prohibit Plaintiff from now seeking jurisdictional discovery that it chose not to take. Rather than take the jurisdictional discovery from Schindler Holding that Plaintiff represented to the Court was necessary, Plaintiff instead filed a Second Amended Complaint in violation of Rule 15 with unsupported allegations in a desperate attempt to establish jurisdiction and maintain its suit in this Court.[2] But the new allegations in the Second Amended Complaint that attempt to cure the jurisdictional defects of Plaintiff's Amended Complaint are based entirely on "information and belief." Moreover, they

---

obligation it may have to respond to the Second Amended Complaint be stayed pending the resolution of this Rule 15 Motion to Dismiss.

[2] Like Plaintiff's first Amended Complaint, the Second Amended Complaint also fails to establish personal jurisdiction and subject matter jurisdiction over Schindler Holding and is therefore subject to dismissal under Fed. R. Civ. P. 12. Plaintiff's Second Amended Complaint is futile as to Schindler Holding, however, this Rule 15 Motion to Dismiss focuses only on dismissing the Second Amended Complaint for failure to comply with Rule 15. Schindler Holding's arguments concerning the allegations in the Second Amended Complaint and basis for dismissal of the Second Amended Complaint under Rule 12 will be presented later in the event that the Court decides not to grant the relief requested herein.

do not address the sworn declarations submitted by Schindler Holding's General Counsel, Petra Winkler and SEC's Vice President and General Counsel, Commercial, Litigation & FQE, Matthew Schultz. (ECF Nos. 42-4, 42-5.) Indeed, Plaintiff ignored Schindler Holding's pending Rule 12 Motion and the overwhelming evidence supporting dismissal, and instead filed a Second Amended Complaint, without leave and without ever seeking jurisdictional discovery.

Plaintiff's gamesmanship should not be rewarded. Plaintiff's time to respond to Schindler Holding's Rule 12 Motion to Dismiss has now passed without Plaintiff taking jurisdictional discovery, and the Second Amended Complaint is improper under Rule 15(a)(2). Accordingly, the Court should grant this Motion, issue an order prohibiting Plaintiff from pursuing any further jurisdictional discovery, and grant Schindler Holding's unopposed Rule 12 Motion to Dismiss. (ECF No. 42.)

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff has known for more than two years that SEC is the only entity subject to a patent suit in the United States. (ECF No. 8.) Much of Plaintiff's conduct in this action has centered around an improper strategy of seeking to avoid an earlier-filed action in another federal court between the proper parties, Plaintiff and SEC. Specifically, on November 9, 2020, SEC filed a declaratory judgment action in the Middle District of Pennsylvania seeking a declaratory judgment that the accused elevator systems do not infringe any of the asserted patents. (ECF No. 8-2 (Nash Decl.) Ex. 1 (Pennsylvania Complaint for Declaratory Judgment of Non-Infringement) at ¶¶ 14–33.) The Pennsylvania Action is the first-filed action naming Murolet IP LLC, the purported owner of the asserted patents, and SEC, the only party that could be sued for alleged patent infringement in the United States based on the Accused Elevator Systems.

On November 15, 2020, SEC moved as a non-party to dismiss the original Complaint in this case, or alternatively to transfer the case to the Middle District of Pennsylvania where the declaratory judgment action had been served and was pending between the proper parties. (ECF No. 8.) In response, on November 25, 2020, Plaintiff amended its original Complaint to recaption the plaintiff as Murolet IP LLC and allege that Murolet LLC is an a/k/a of Murolet IP LLC. (ECF No. 11 (Amended Complaint).) The Amended Complaint also changed the named defendant from Schindler Group AG to Schindler Holding Ltd., and falsely alleged that Schindler Group AG is an "a/k/a" of Schindler Holding. *Id.* Importantly, Plaintiff chose ***not*** to name SEC as a party in the Amended Complaint. Thus, at all times in this action until the recently (and improperly) filed Second Amended Complaint, SEC has never been named as a party. SEC's motion to dismiss the original Complaint, filed as a non-party, is fully briefed and remains pending. (ECF Nos. 8, 13, 14.)

On November 16, 2022, Schindler Holding—the entity Plaintiff actually named as a party in this action—filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and personal jurisdiction pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(2). (ECF No. 42.) On November 29, 2022, Plaintiff notified the Court that it intended to seek jurisdictional discovery in connection with the Motion to Dismiss, however, it has made no attempt to do so as of the date of this motion. (ECF No. 46). Schindler Holding's Rule 12 Motion to Dismiss remains pending before this Court and is now unopposed. *See* Local Rule CV-7(d)(2).

On January 9, 2023, effectively conceding the merits of Schindler Holding's pending Rule 12 Motion to Dismiss for lack of subject matter and personal jurisdiction, Plaintiff filed its Second Amended Complaint naming SEC as a party ***for the first time in this action***—more than ***two years*** after the original Complaint and declaratory judgment action in Pennsylvania—and

adding new factual allegations based upon "information and belief." (ECF No. 50.) Plaintiff did so without obtaining Schindler Holding's consent or leave of this Court, thus violating Rule 15. Accordingly, the Court should dismiss the Second Amended Complaint and grant Schindler Holding's now unopposed Rule 12 Motion. Doing so would allow the first-filed action between Murolet IP LLC and SEC to proceed in Pennsylvania.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 allows amendments as a matter of right within (a) 21 days after service of the pleading, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After this deadline has passed, "a party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Neither took place here.

When a plaintiff amends a complaint without consent or leave of the court, the entire complaint should be stricken. *See e.g.*, *Decapolis Sys., LLC. v. Epic Sys. Corp.*, 2021 WL 5908403, at *2 (W.D. Tex. Dec. 14, 2021); *see also Clapper v. Am. Realty Invs., Inc.*, 2019 WL 5865709, at *6 (N.D. Tex. Nov. 7, 2019). The decision whether to dismiss a pleading under Rule 15 "is within the court's discretion." *Vanderploeg v. Vetus Invs. LLC*, 2018 U.S. Dist. LEXIS 159841, at *1 (S.D. Tex. 2018). If there is no response filed to a motion within the time period prescribed by the local rules, "the court may grant the motion as unopposed." Local Rule CV-7(d)(2).

## IV. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Second Amended Complaint For Failure To Comply With Rule 15(a)(2)

Apparently recognizing the merit of Schindler Holding's Rule 12(b) motion, Plaintiff failed to respond or seek discovery, and instead seeks to moot that motion by filing a Second Amended Complaint. But both the Federal Rules of Civil Procedure and Local Rules provide that an amended complaint may be filed as a matter of right in response to a 12(b) motion *only* within 21 days of the filing of the motion. *See* Fed. R. Civ. P. 15(a)(1)(B); Local Rule CV-15(a). Schindler Holding filed its motion to dismiss under Rule 12(b)(1) and 12(b)(2) on November 16, 2022. (ECF No. 42.) Accordingly, Plaintiff's opportunity to amend its pleadings as a matter of right expired on December 7, 2022, twenty-one (21) days after service of Schindler Holding's motion. *See* Fed. R. Civ. P. 15(a). Moreover, Plaintiff never sought Schindler Holding's consent or leave of Court prior to filing its Second Amended Complaint on January 9, 2023. Thus, Plaintiff's Second Amended Complaint should be stricken for failure to comply with Rule 15(a)(2). *See e.g.*, *Decapolis Sys.*, 2021 WL 5908403, at *2; *Clapper v. Am. Realty Invs., Inc.*, 2019 WL 5865709, at *6; *Drake v. Navistar Int'l Corp.*, 2014 WL 11514828, at *3 (W.D. Tex. Oct. 15, 2014), *report and recommendation adopted*, No. W-14-CV-139, 2014 WL 11514829 (W.D. Tex. Nov. 17, 2014), *aff'd*, 611 F. App'x 235 (5th Cir. 2015) (striking amended complaint filed in violation of Rule 15(a)(2)).

To the extent Plaintiff contends that leave to amend is not necessary in view of the Court's December 27, 2022, Scheduling Order in this case or the Court's Standing Order Governing Proceedings (OGP) for Patent Cases, Plaintiff is mistaken. Although both orders state that "[a] motion for leave is not required unless the amendment adds patents or patent claims," it does not permit the filing of an amended complaint in response to a jurisdictional

challenge under Rule 12(b). The Order specifically mentions that amendments filed in response to 12(c) motions are covered, but is silent with regards to amendments filed in response to a 12(b) motion. (ECF No. 49 at 3.) Nothing in this Court's Scheduling Order or its OGP authorizes circumventing Rule 15 in an attempt to moot a pending Rule 12(b) motion. *See Decapolis Sys.*, 2021 WL 5908403, at *2 (striking amended complaint, which added allegations relating to venue, for failure to comply with Rule 15 despite standing order that allowed amended pleadings without leave of court).

The procedural context of Plaintiff's attempted amendment further underscores why the amendment should not be allowed. The Second Amended Complaint attempts to add a new party (SEC) for the first time more than two years into this lawsuit, and more than two years after SEC filed an earlier declaratory judgment action against Plaintiff. In essence, the Second Amended Complaint seeks an end-run around the "first to file" rule—the Pennsylvania action is indisputably the first-filed federal action between SEC and Plaintiff, so Plaintiff is attempting to shoehorn SEC as a party into this lawsuit more than two years after the fact. This is not a situation where "justice . . . requires" allowing the amendment. Fed. R. Civ. P. 15(a)(2). Quite the opposite—justice requires discouraging the sort of procedural gamesmanship and avoidance of the first-to-file rule that Plaintiff is attempting to circumvent. Accordingly, the Court should dismiss Plaintiff's Second Amended Complaint for failure to comply with Rule 15.

**B.      The Court Should Grant Schindler Holding's Motion To Dismiss As Unopposed Because Plaintiff's Second Amended Complaint Has No Legal Effect**

When a complaint is amended without obtaining the court's leave or the consent of the opposing party, it is considered to have no "legal effect." *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain

leave results in an amended complaint having no legal effect."). Here, Plaintiff chose to file its Second Amended Complaint rather than respond to Schindler Holding's pending Rule 12 Motion to Dismiss. Moreover, Plaintiff delayed a resolution of Schindler Holding's pending Rule 12 motion by requesting jurisdictional discovery that it never sought. Because the Second Amended Complaint has no "legal effect," Plaintiff has not properly responded to Schindler Holding's motion. As a result, the Court should grant the motion as unopposed in accordance with Local Rule CV-7(d)(2) ("[i]f there is no response filed within the time period prescribed…, the court may grant the motion as unopposed"); *see also Jenkins v. Am. Sw. Mortg. Corp.*, 2018 WL 7198156, at *4 (W.D. Tex. Dec. 4, 2018), *report and recommendation adopted*, No. CV SA-18-CA-460-FB, 2019 WL 413566 (W.D. Tex. Jan. 17, 2019) (recommending that motions to dismiss be granted as unopposed where plaintiff had not responded); *Williams v. Ditech Fin., LLC*, No. SA-16-CA-404-FB (HJB, 2016 U.S. Dist. LEXIS 198021, at *6 (W.D. Tex. Sep. 30, 2016) (same).

C. **The Second Amended Complaint Effectively Concedes That The Court Lacks Jurisdiction Over Schindler Holding**

For more than two years, Plaintiff has known that the entity that makes, uses, sells, and offers to sell the accused products in the United Sates is SEC—not Schindler Holding or non-existent entity Schindler Group AG. (ECF No. 8; ECF No. 14.) Yet Plaintiff has continued to pursue its patent case against Schindler Holding rather than SEC to avoid litigating this case in Pennsylvania, which is the first-filed case between the proper parties. Plaintiff's strategy prejudices Schindler Holding and wastes this Court's resources.

On November 16, 2022, Schindler Holding's Rule 12 Motion to Dismiss put Plaintiff on notice that the claims against Schindler Holding were not legally cognizable due to a lack of subject matter and personal jurisdiction. (ECF No. 42.) Rather than withdraw those claims or

attempt to respond on the merits, Plaintiff instead chose to file a Second Amended Complaint in violation of Rule 15 seeking, finally, after two years, to name SEC as a defendant. (ECF No. 50.) But Plaintiff's belated addition of SEC as a party and its new allegations that SEC is an agent of Schindler Holding (ECF No. 50 at ¶ 14) and acts as a "joint enterprise" with Schindler Holding (*id.* at ¶ 7) are completely contrary to the arguments Plaintiff has made for the last two years; both in this Court and in the Middle District of Pennsylvania.[3] Plaintiff only seeks to add SEC as a party now because Plaintiff knows that it cannot maintain jurisdiction over Schindler Holding in view of the pending Rule 12 Motion to Dismiss. The Court should discourage such gamesmanship. Plaintiff should not be permitted to avoid the merits of that motion by adding SEC in an amended complaint filed without leave of the Court.[4]

### D. The Court Should Prohibit Any Belated Jurisdictional Discovery

After Schindler Holding filed its Motion to Dismiss, Plaintiff notified the Court that it intended to pursue jurisdictional discovery. (ECF No. 46.) Eight weeks after that motion was

---

[3] Plaintiff has specifically argued that Schindler Holding and SEC are ***wholly separate*** entities. *See* ECF No. 19 (Murolet IP LLC's Opposition to Non-Party SEC's Motion to Disqualify) at 6 (arguing that "both SHL and SEC respect their corporate formalities and operate as separate entities"); *see also id.* at 7-8 (arguing there is no operational integration between Schindler Holding and SEC, that each have their own management teams and legal departments and that Schindler Holding and SEC are "separate operational entities"); *see also* ECF 42-3 (Murolet Reply Brief in Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and the First to File Rule) at 2-3 (arguing to the Pennsylvania court that "SEC, however, is a Delaware corporation and is headquartered in New Jersey, with its own corporate structure and formalities. It has its own separate management, legal personnel, and its own business activities." (internal citations omitted.) Plaintiff further argued that "nowhere does SEC contend that SEC and Schindler Holding are one and the same company." *Id.* at 3. Accordingly, Plaintiff cannot now claim that Schindler Holding and SEC are a "joint enterprise" for purposes of personal jurisdiction.

[4] Even if Plaintiff had obtained the Court's leave before filing the Second Amended Complaint (and it did not), Plaintiff's Second Amended Complaint would not be afforded the filing date of the original Complaint because Plaintiff seeks to add a new party without satisfying the requirements of Rule 15(c)(1)(C).

filed, Plaintiff has taken no discovery. Instead, Plaintiff filed a Second Amended Complaint in a last-ditch attempt to avoid dismissal. But the "new" allegations set forth in the Second Amended Complaint are wholly unsupported and directly contrary to the declarations of Matthew Schultz and Petra Winkler, submitted in support of Schindler Holding's Rule 12 Motion to Dismiss.

For example, Plaintiff alleges "upon information and belief" without evidentiary support, that Schindler Holding manufactures and sells the accused products in the United States (ECF No. 50 at ¶ 10) despite the sworn statement of Schindler Holding's General Counsel's under penalty of perjury that:

> **9.    Schindler Holding Ltd. does not conduct any business in the United States or any other country…**
>
> **10.   Schindler Holding Ltd. does not make, use, sell or offer to sell or import any products anywhere in the world, including the United States.**

*Compare* ECF No. 50 ¶ 10 *with* ECF No. 42-5 ¶¶ 9-10 (emphasis added). Plaintiff also alleges "upon information and belief" and without evidentiary support that Schindler Holding and SEC "have the same Board of Directors" and "report revenue in a consolidated manner." (ECF No. 50 ¶¶ 12-13). Plaintiff's only "evidence" in support of its new allegations are URL links to non-party Schindler Management Ltd.'s website and one 2021 Group Review document. (ECF No. 50 ¶¶ 8-13). Neither the website nor the Group Review document even mentions SEC.

Moreover, the Group Review document directly contradicts Plaintiff's allegation that Schindler Holding shares an address with the Schindler PORT Innovation Lab at Zugerstrasse 13 6030 Ebikon Switzerland. (ECF No. 50 at ¶¶ 8-9.) The Group Review clearly states the address for Schindler Holding at Seestrasse 55, 6052 Hergiswil Switzerland. *See* https://group.schindler.com/content/dam/website/group/docs/investors/ 2021/2021-schindler-fy-group-review-en.pdf/_jcr_content/renditions/original./2021-schindler-fy-group-review-en.pdf at 84. The URL links and the 2021 Group Review document simply do not support Plaintiff's new

allegations. Moreover, as explained above, these new allegations are directly refuted by the sworn statements of Mr. Schultz and Ms. Winkler. *See* ECF No. 42-4; ECF No. 42-5.

Plaintiff failed to pursue jurisdictional discovery in accordance with the Court's Scheduling Order, despite representing to the Court in its November 29, 2022 notice that it intended to take jurisdictional discovery so that it could obtain the benefit of an enlarged response deadline on the Motion to Dismiss. *See* ECF No. 46. Plaintiff should not be permitted to restart that discovery period with its unsupported allegations. "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *see also Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."); *Stone Metals Am., LLC v. Eubank*, No. 3:20-CV-253-K, 2020 WL 6877704, at *4 (N.D. Tex. Nov. 5, 2020), *report and recommendation adopted*, No. 3:20-CV-253-K, 2020 WL 6873602 (N.D. Tex. Nov. 23, 2020).

In view of the specific denials contained in the Schultz and Winkler declarations, Plaintiff's threadbare, unsupported, and speculative allegations do not justify further jurisdictional discovery. *See e.g.*, *McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir. 1983) (holding that district court did not abuse its discretion in denying jurisdictional discovery when, "[a]gainst the defendants' affidavits," plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacts with the [forum] state"); *Poe v. Babcock Int'l, PLC*, 662 F. Supp. 4, 7 (M.D. Pa. 1985) ("Plaintiff has failed to produce any evidence that Acco is a mere 'alter ego' of the other defendants and, therefore, has not met his burden. Since plaintiff has

met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the [jurisdiction] matter must be denied.").

Plaintiff's time to respond to Schindler Holding's Rule 12 Motion to Dismiss has passed. Plaintiff chose to file a Second Amended Complaint in violation of Rule 15 rather than seek jurisdictional discovery and respond to the Motion on the merits. Accordingly, the Court should order that Plaintiff be prohibited from pursuing any further jurisdictional discovery.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Schindler Holding respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint for failure to comply with Rule 15(a)(2), prohibit Plaintiff from pursing any further jurisdiction discovery and grant Schindler Holding's Rule 12 Motion to Dismiss as unopposed.

DATED: January 23, 2023            Respectfully submitted,

By: */s/ Jon W. Gurka*
    Jon W. Gurka (*pro hac vice*)
    jon.gurka@knobbe.com
    KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
    Irvine, CA 92614
    Tel: (949) 760-0404
    Fax: (949) 760-9502

    Travis R. Wimberly (TX Bar No. 24075292)
    twimberly@pirkeybarber.com
    PIRKEY BARBER PLLC
    1801 East 6th Street, Suite 300
    Austin, TX 78702
    Tel: (512) 322-5200
    Fax: (512) 322-5201

    ***Counsel for Schindler Holding Ltd.***

-13-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above document has been served upon all counsel of record via the Court's ECF system on January 23, 2023.

>                            */s/ Jon W. Gurka*
>                            Jon W. Gurka

56961652